IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD P., by and for **R.P.**, and DENISE L., by and for **K.L.**,

Plaintiffs

v.

**SCHOOL DISTRICT OF THE CITY OF ERIE, PENNSYLVANIA;**
**JANET WOODS,** Individually and in her Capacity as Principal of Strong Vincent High School;
and **LINDA L. CAPPABIANCA,** Individually and in her Capacity as Assistant Principal of
Strong Vincent High School,

Defendants

Civil Action No. 03-390 Erie

**APPENDIX TO DEFENDANTS' AMENDED MOTION FOR PARTIAL SUMMARY
JUDGMENT**

James T. Marnen
PA I.D. No. 15858
KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
120 West 10th Street
Erie, PA 16501
General Tel:   814-459-2800
Direct Dial Tel: 814-459-9886, ext. 203
Fax:   814-453-4530
E-mail: jmarnen@kmgslaw.com

Attorney for Defendants,
TheSchool District of the City of Erie,
Pennsylvania, Janet M. Woods and Linda L.
Cappabianca

Pennsylvania;

# TABLE OF CONTENTS

**Document**                                                                                          **Page No.**

Civil Docket Report ................................................................................................A1

Complaint        ................................................................................................A9

Motion for Judgment on the Pleadings ....................................................A32

Transcript of 1-12-05 Hearing ................................................................A37

Amended Complaint ................................................................................A61

5-5-05 Deposition of Matthew R. Bogardus..........................................A83

4-4-05 Deposition of Linda L. Cappabianca...........................................A96

4-29-05 Deposition of Linda L. Cappabianca.......................................A120

5-5-05 Deposition of Robert R. Iddings ................................................A138

6-23-05 Deposition of Robert R. Iddings ..............................................A149

3-21-05 Deposition of Denise L. ...........................................................A166

3-21-05 Deposition of K.L....................................................................A191

4-29-05 Deposition of K.L. ..................................................................A242

3-18-05 Deposition of Charlise Moore ..................................................A249

3-23-05 Deposition of R.P. ...................................................................A266

4-6-05 Deposition of Richard P. ...........................................................A303

4-27-05 Deposition of Richard P. .........................................................A332

3-18-05 Deposition of Vikki Scully.......................................................A346

4-11-05 Deposition of Janet M. Woods................................................A360

Exhibits at Depositions ..........................................................................A396

    Cappabianca Exhibit 2:  ESD Discipline Record-B.C................................A396

Cappabianca Exhibit 3:  ESD Discipline Records-C.B.. ...............................................A399

Cappabianca Exhibit 4:  Untitled Document re C.B. ....................................................A489

Cappabianca Exhibit 5:  1-8-02 Invitation to Participate in the
    IEP Team Meeting re C.B. ...................................................................A490

Cappabianca Exhibit 6:  11-13-01 Notice of Recommended Educational
    Placement – C.B. ................................................................................A492

Cappabianca Exhibit 7:  10-13-01 Individualized Education Program
    re C.B. ..............................................................................................A494

Cappabianca Exhibit 8:  PASS Attendance Record – C.B. ...........................................A507

Cappabianca Exhibit 9:  ESD Discipline Record – K.L. ..............................................A508

Cappabianca Exhibit 10:  ESD Discipline Record – K.L. ............................................A509

Cappabianca Exhibit 11:  PASS Sign-In Sheets ..........................................................A510

Cappabianca Exhibit 12:  SAP Records re R.P. ...........................................................A549

Cappabianca Exhibit 13:  Attendance Accounting Sheet – R.P. ..................................A578

Moore Exhibit 1:  Sarah Reed Placement – R.P. .........................................................A579

Moore Exhibit 2:  Sarah Reed Placement – K.L. .........................................................A587

Moore Exhibit 3:  1-11-02 Discipline Note re R.P. ......................................................A599

Moore Exhibit 4:  1-11-02  Discipline Note re K.L. .....................................................A600

Moore Exhibit 5:  Notes of Charlise Moore ................................................................A601

Moore Exhibit 6:  1-17-02 Consent to Alternative Education of Denise L. .................A602

Moore Exhibit 7:  1-15-02 Memo from Marlene Chrisman to Jo Barker re
    K.L. ..................................................................................................A603

Moore Exhibit 8:  1-15-02 Memo from Marlene Chrisman to Jo Barker re
    R.P. ..................................................................................................A604

Scully Exhibit 1:  6-7-02 IEP Revision/Review re K.L. ...............................................A605

Woods Exhibit 1:  1-10-01 Memo re SVHS Investigation ...........................................A607

Woods Exhibit 2:  ESD Discipline Records – C.B. ......................................................A609

Woods Exhibit 3:  Sarah Reed Placement – K.L. ......................................................A662

Woods Exhibit 4:  Sarah Reed Placement – R.P. .....................................................A670

Defendant's Exhibit A:  ESD Academic Records – K.L. ............................................A676

Defendant's Exhibit B:  ESD School Calendar, 2001-2002..........................................A685

Defendant's Exhibit C:  ESD 2001-2002 Discipline Policy,
      Middle and High School ...................................................................A696

Defendant's Exhibit D:  Amended Complaint ............................................................A766

Defendant's Exhibit E:  ESD Academic Records – R.P. .............................................A788

Defendant's Exhibit F:  8-5-02 Student Assignment Information re
      R.P.................................................................................................A801

Defendant's Exhibit G:  1-21-03 Letter from Andromeda House re R.P.....................A802

Defendant's Exhibit H:  2-11-03 Individualized Education Program re
      R.P.................................................................................................A804

Defendant's Exhibit I:  10-14-03 Memorandum from Cornell Abraxas re
      R.P.................................................................................................A814

Defendant's Exhibit J:  Erie Police Department Investigation Report..........................A815

Defendant's Exhibit K:  Statement of Richard P.........................................................A831

Defendant's Exhibit L:  Supplement to Erie Police Department
      Investigation Report.......................................................................A840

Defendant's Exhibit M:  1-11-02 Statement of A.F. .....................................................A844

Defendant's Exhibit N:  1-10-01 Typewritten Statement of
      Linda L. Cappabianca ...................................................................A846

Defendant's Exhibit O:  Affidavit of Robin Johnson ...................................................A848

Defendant's Exhibit P:  9-19-03 CII Medication Management Progress Note re
      R.P.................................................................................................A850

A000000001

## U.S. District Court
### Western District of Pennsylvania (Erie)
### CIVIL DOCKET FOR CASE #: 1:03-cv-00390-SJM

P., et al v. SCHOOL DISTRICT OF T, et al
Assigned to: Judge Sean J. McLaughlin
Demand: $0
Cause: 42:1983 Civil Rights Act

Date Filed: 11/24/2003
Jury Demand: Both
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

**Plaintiff**

**RICHARD P.**
*by and for*

represented by **Edward A. Olds**
1007 Mount Royal Boulevard
Pittsburgh, PA 15223
(412) 492-8975
Fax: 412-492-8978
Email: edolds@earthlink.net
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**R█████ P.**

represented by **Edward A. Olds**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**DENISE L.**
*by and for*

represented by **Edward A. Olds**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**K██████ L.**

represented by **Edward A. Olds**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**SCHOOL DISTRICT OF THE CITY OF ERIE, PENNSYLVANIA**

represented by **James T. Marnen**
Knox McLaughlin Gornall & Sennett, P.C.
120 West Tenth Street
Erie, PA 16501-1461
(814) 459-2800
Fax: (814) 453-4530
Email: jmarnen@kmgslaw.com

CM/ECF - pawd - Docket Report                                              Page 2 of 8
Case 1:03-cv-00390-SJM    Document 57    Filed 08/18/2005    Page 6 of 38
A000000002

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**JANET WOODS**                    represented by   **James T. Marnen**
*individually and in her capacity as*                (See above for address)
*Principal of Strong Vincent High*                   *LEAD ATTORNEY*
*School*                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**LINDA L. CAPPABIANCA**           represented by   **James T. Marnen**
*individually and in her capacity as*                (See above for address)
*Assistant Principal of Strong Vincent*              *LEAD ATTORNEY*
*high School*                                        *ATTORNEY TO BE NOTICED*

V.

**Respondent**

**CITY OF ERIE**                   represented by   **Kenneth A. Zak**
                                                     City Solicitor's Office
                                                     626 State Street
                                                     Room 505, Municipal Building
                                                     Erie, PA 16501
                                                     814-870-1237
                                                     Email: kzak@ci.erie.pa.us
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Respondent**

**CITY OF ERIE BUREAU OF**         represented by   **Kenneth A. Zak**
**POLICE**                                           (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

**Movant**

**MICHELLE HETRICK**               represented by   **Daniel J. Rodgers**
                                                     Erie County Court Solicitor
                                                     140 West 6th Street
                                                     Room #201
                                                     Erie, PA 16501
                                                     (814) 451-6385
                                                     *TERMINATED: 02/01/2005*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Heather L. Purcell**
                                                     Office of Juvenile Probation
                                                     Erie County Court of Common Pleas
                                                     140 West Sixth Street

CM/ECF - pawd - Docket Report                                                    Page 3 of 8
Case 1:03-cv-00390-SJM     Document 57     Filed 08/18/2005     Page 7 of 38
A000000003

Erie, PA 16501-1030
(814) 451-6317
Email: hpurcell@eriecountygov.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Movant**

**ERIE COUNTY JUVENILE**            represented by   **Daniel J. Rodgers**
**PROBATION DEPARTMENT**                             (See above for address)
                                                     *TERMINATED: 02/01/2005*
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Heather L. Purcell**
                                                     (See above for address)
                                                     *LEAD ATTORNEY*
                                                     *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/24/2003 | 1 | COMPLAINT ; jury demand Filing Fee $ 150.00 Receipt # 1033-Pgh (sdp) (Entered: 11/26/2003) |
| 01/05/2004 | 2 | NOTICE of Attorney Appearance for SCHOOL DISTRICT OF T, JANET WOODS, LINDA L. CAPPABIANCA by James T. Marnen (mad) (Entered: 01/05/2004) |
| 01/12/2004 | 3 | WAIVER OF SERVICE Returned Executed as to SCHOOL DISTRICT OF T, JANET WOODS, LINDA L. CAPPABIANCA on 1/2/04 Answer due on 3/2/04 for LINDA L. CAPPABIANCA, for JANET WOODS, for SCHOOL DISTRICT OF T (mad) (Entered: 01/12/2004) |
| 02/11/2004 | 4 | PRELIMINARY SCHEDULING ORDER, set Case Management Conference for 10:00 4/8/04 signed by Judge Sean J. McLaughlin on 2/11/04 ) CM all parties of record. (mad) (Entered: 02/11/2004) |
| 02/13/2004 | 5 | ANSWER to Complaint by SCHOOL DISTRICT OF T, JANET WOODS, LINDA L. CAPPABIANCA (Attorney James T. Marnen ); jury demand (mad) (Entered: 02/13/2004) |
| 03/29/2004 | 6 | PROPOSED DISCOVERY PLAN pursuant to Rule 26(f) by RICHARD P., RACHEL P., DENISE L., K██████L., SCHOOL DISTRICT OF T, JANET WOODS, LINDA L. CAPPABIANCA (mad) (Entered: 03/29/2004) |
| 04/08/2004 | 7 | MOTION by MICHELLE HETRICK, ERIE COUNTY JUVENILE for Protective Order with Proposed Order. (mad) (Entered: 04/08/2004) |
| 04/08/2004 |   | ORDER upon motion granting [7-1] motion for Protective Order ( signed by Judge Sean J. McLaughlin on 4/8/04 ) CM all parties of record. (mad) (Entered: 04/08/2004) |

A000000004

| 04/08/2004 | 8 | Case Management Conference held 4/8/04 @ 10:00 a.m. before Judge Sean J. McLaughlin [ Reporter: Ron Bench ] Case Management Order to be entered. (mad) (Entered: 04/08/2004) |
|---|---|---|
| 04/13/2004 | 9 | CASE MANAGEMENT ORDER setting Discovery cutoff on 10/8/04 ; Pretrial Statements for Plaintiffs due 12/8/04 ; Pretrial Statements for Defendants due 12/28/04 ; Motion Filing deadline due 10/28/04 ; Response to motions due 11/18/04 ; ( signed by Judge Sean J. McLaughlin on 4/8/04 ) CM all parties of record. (mad) (Entered: 04/13/2004) |
| 04/13/2004 | | CASE DESIGNATED to Track 1. (mad) (Entered: 04/13/2004) |
| 05/07/2004 | 10 | MOTION by RICHARD P., R▮▮▮ P., D▮▮▮ L., K▮▮▮ L. to Compel Erie County Court of Common Pleas Office of Juvenile Probation to comply with outstanding subpoena with Proposed Order. (mad) (Entered: 05/11/2004) |
| 05/12/2004 | 11 | ORDER, that the deft and the Responden, Erie County Court of Common Pleas Office of Juvenile Probaion, file a set Brief deadline to 6/2/04 ( signed by Judge Sean J. McLaughlin on 5/12/04 ) CM all parties of record. (mad) (Entered: 05/13/2004) |
| 05/17/2004 | 12 | RESPONSE by ERIE COUNTY JUVENILE in opposition to [10-1] motion to Compel Erie County Court of Common Pleas Office of Juvenile Probation to comply with outstanding subpoena by K▮▮▮ L., DENISE L., R▮▮▮ P., RICHARD P. (mad) (Entered: 05/17/2004) |
| 05/18/2004 | 13 | NOTICE that an Oral Argument Hearing on Motion re: [10-1] motion to Compel Erie County Court of Common Pleas Office of Juvenile Probation to comply with outstanding subpoena by K▮▮▮ L., DENISE L., R▮▮▮ P., RICHARD P. set for 2:00 6/1/04 before McLaughlin, J. (mad) Modified on 05/18/2004 (Entered: 05/18/2004) |
| 05/27/2004 | 14 | BRIEF by MICHELLE HETRICK, ERIE COUNTY JUVENILE in support of Response in Opposition to Pltfs' Motion to compel Erie County Court of Common Pleas Office of Juvenile Probation to comply with outstanding subpoena (FRCP 37) (mad) (Entered: 05/27/2004) |
| 06/01/2004 | 15 | Hearing on Motion held on 6/1/04 at 2:00 p.m. re: [7-1] motion for Protective Order by ERIE COUNTY JUVENILE, MICHELLE HETRICK [ Reporter: Ron Bench] Motion is under advisement. Hearing on Motion to Compel scheduled 6/21/04 at 1:30 p.m. Court will send out notice once we receive copies of addresses. (nk) (Entered: 06/02/2004) |
| 06/10/2004 | 16 | MOTION by RICHARD P., R▮▮▮ P., DENISE L., K▮▮▮ L. to Compel attendance at a deposition and to provide access to documents with Proposed Order. (mad) (Entered: 06/14/2004) |
| 06/14/2004 | 17 | NOTICE of Attorney Appearance for CITY OF ERIE, CITY OF ERIE POLICE by Kenneth a. Zak, Esq., AAIARnr Xiry Aolixiroe (mad) (Entered: 06/14/2004) |
| 06/16/2004 | | Change CITY OF ERIE AND CITY OF ERIE BUREAU OF POLICE |

A000000005

| | | |
|---|---|---|
| | | from movants to respondents per CRD of McLaughlin, J. (mad) Modified on 06/16/2004 (Entered: 06/16/2004) |
| 06/18/2004 | 18 | BRIEF by SCHOOL DISTRICT OF T, JANET WOODS, LINDA L. CAPPABIANCA in support of [16-1] motion to Compel attendance at a deposition and to provide access to documents by K█████ L., DENISE L., R█████ P., RICHARD P. (mad) (Entered: 06/22/2004) |
| 07/15/2004 | 19 | RESPONSE by CITY OF ERIE POLICE to [16-1] motion to Compel attendance at a deposition and to provide access to documents by K█████ L., DENISE L., R█████ P., RICHARD P. (mad) (Entered: 07/16/2004) |
| 07/23/2004 | 20 | MOTION by RICHARD P., R█████ P., DENISE L., K█████ L. to Compel production of documents with Proposed Order. (mad) (Entered: 07/23/2004) |
| 07/30/2004 | 21 | ORDER, Response to Motion set to 8/10/04 for [20-1] motion to Compel production of documents , Motion Hearing set for 1:30 9/16/04 for [20-1] motion to Compel production of documents, set for 1:30 9/16/04 for [16-1] motion to Compel attendance at a deposition and to provide access to documents, set for 1:30 9/16/04 for [10-1] motion to Compel Erie County Court of Common Pleas Office of Juvenile Probation to comply with outstanding subpoena , The following individuals are hereby ordered to be present at this hearing: C████ B█████, Son of charles Bibbs, Sr. and Victoria Bibbs; B███ M. C█████ dauthter of Woodrow and Darlene Campbell; A█████ K███ ( signed by Judge Sean J. McLaughlin on 7/30/04 ) CM all parties of record. (nk) (Entered: 07/30/2004) |
| 08/02/2004 | 22 | BRIEF by SCHOOL DISTRICT OF T, JANET WOODS, LINDA L. CAPPABIANCA in opposition to [20-1] motion to Compel production of documents by K█████ L., DENISE L., R█████ P., RICHARD P. (mad) (Entered: 08/02/2004) |
| 09/07/2004 | 23 | MOTION by SCHOOL DISTRICT OF T, JANET WOODS, LINDA L. CAPPABIANCA to prtly rescind court order with Proposed Order. (mad) (Entered: 09/07/2004) |
| 09/08/2004 | | ORDER upon motion granting [23-1] motion to partly rescind court order 7/30/04 to the extent that it relates to the following individual: A█████ K███, █████████ LaGrange, NC 28551-7691. ( signed by Judge Sean J. McLaughlin on 9/8/04 ) CM all parties of record. (mad) (Entered: 09/09/2004) |
| 09/16/2004 | 24 | Hearing on Motion held 9/16/04 @ 1:30 p.m. re: GRANTED IN PART AND DENIED IN PART [20-1] motion to Compel production of documents by K█████, DENISE L., R█████P., RICHARD P., GRANTED IN PART AND DENIED PART [10-1] motion to Compel Erie County Court of Common Pleas Office of Juvenile Probation to comply with outstanding subpoena by K█████ L., DENISE L., R█████ P., RICHARD P., GRANTED IN PART AND DENIED IN PART [16-1] motion to Compel attendance at a deposition and to provide |

| | | |
|---|---|---|
| | | access to documents by K⬛⬛⬛ L., DENISE L., R⬛⬛⬛ P., RICHARD P. [ Reporter: Rom Bench. All for reasons set forth on the record. Exhibit and Witness List attached. (mad) Modified on 09/23/2004 (Entered: 09/20/2004) |
| 09/21/2004 | 25 | TRANSCRIPT Hearing on motions to compel (Court Orders) for date of 9/16/04 before McLaughlin, J. Court Reporter: Ronald J. Bench. (mad) (Entered: 09/21/2004) |
| 09/29/2004 | 26 | JOINT MOTION by RICHARD P., R⬛⬛⬛ P., DENISE L., K⬛⬛⬛ L., SCHOOL DISTRICT OF T, JANET WOODS, LINDA L. CAPPABIANCA, MICHELLE HETRICK, ERIE COUNTY JUVENILE, CITY OF ERIE, CITY OF ERIE POLICE to Extend Time , to delay the preparation of expert reports on damages with Proposed Order. (sdp) (Entered: 09/29/2004) |
| 09/30/2004 | | ORDER upon motion granting [26-1] joint motion to Extend Time, granting [26-2] joint motion to delay the preparation of expert reports on damages, reset Discovery deadline to 2/5/05 , reset Plaintiffs Pretrial Statements deadline for 4/5/05 , reset Defendants Pretrial Statements deadline for 4/28/05 , reset Motion Filing deadline to 2/25/05 , Brief in Oppositions due 3-17-05 ( signed by Judge Sean J. McLaughlin on 9/30/04 ) CM all parties of record. (sdp) (Entered: 09/30/2004) |
| 10/28/2004 | 27 | MOTION by RICHARD P., R⬛⬛⬛ P., DENISE L., K⬛⬛⬛ L. for Reconsideration of Order which sua sponte dismissed claim with Proposed Order. (mad) (Entered: 11/01/2004) |
| 11/08/2004 | 28 | ORDER, that the defts file a set Reply Brief deadline to 11/22/04 ( signed by Judge Sean J. McLaughlin on 11/8/04 ) CM all parties of record. (mad) (Entered: 11/08/2004) |
| 11/22/2004 | 29 | MOTION by SCHOOL DISTRICT OF T, JANET WOODS, LINDA L. CAPPABIANCA for judgment on the pleadings with Proposed Order. (mad) (Entered: 11/22/2004) |
| 11/22/2004 | 30 | BRIEF by SCHOOL DISTRICT OF T, JANET WOODS, LINDA L. CAPPABIANCA in support of [29-1] motion for judgment on the pleadings by LINDA L. CAPPABIANCA, JANET WOODS, SCHOOL DISTRICT OF T (mad) (Entered: 11/22/2004) |
| 11/29/2004 | 31 | ORDER, Response to Motion set to 12/16/04 for [29-1] motion for judgment on the pleadings; The matter will be taken up without hearing or argument unless this Court deems it necessary ( signed by Judge Sean J. McLaughlin on 11/28/04 ) CM all parties of record. (nk) (Entered: 11/29/2004) |
| 12/16/2004 | 32 | Hearing on Motion re: [29-1] motion for judgment on the pleadings by LINDA L. CAPPABIANCA, JANET WOODS, SCHOOL DISTRICT OF T set for 1:30 1/12/05 before McLaughlin, J. (mad) (Entered: 12/16/2004) |
| 12/21/2004 | 33 | BRIEF IN RESPONSE by RICHARD P., R⬛⬛⬛ P., DENISE L., |

A000000007

| | | |
|---|---|---|
| | | KRISTINA L. to Motion for Judgment on the Pleadings (mad) (Entered: 12/27/2004) |
| 01/12/2005 | 34 | Hearing on Motion held 1/12/05 @ 1:30 p.m. befoe McLaughlin, J. re: [29-1] GRANTED for reasons set foth on the record---- motion for judgment on the pleadings by LINDA L. CAPPABIANCA, JANET WOODS, SCHOOL DISTRICT OF T, [27-1] DENIED for reasons set forth on the record------ motion for Reconsideration of Order which sua sponte dismissed claim by K██████ L., DENISE L., R████████P., RICHARD P. [ Reporter: Janis Ferguson] (mad) (Entered: 01/12/2005) |
| 01/21/2005 | 35 | JOINT MOTION by RICHARD P., R███████P., DENISE L., ████████ L., SCHOOL DISTRICT OF T, JANET WOODS, LINDA L. CAPPABIANCA, CITY OF ERIE, CITY OF ERIE POLICE to Extend Time discovery with Proposed Order. (mad) (Entered: 01/21/2005) |
| 01/21/2005 | 36 | TRANSCRIPT Hearing before McLaughlin, J. for date of 1/12/05. Court Reporter: Janis L. Ferguson. (mad) (Entered: 01/21/2005) |
| 01/27/2005 | 37 | NOTICE OF Status Conference set for 3:30 2/2/05 before McLaughlin, J. (mad) (Entered: 01/27/2005) |
| 01/31/2005 | 38 | MOTION by ERIE COUNTY JUVENILE for Daniel J. Rodgers to Withdraw as Attorney with Proposed Order. (mad) (Entered: 02/01/2005) |
| 01/31/2005 | 39 | NOTICE of Attorney Appearance for ERIE COUNTY JUVENILE by Heather L. Purcell (mad) (Entered: 02/01/2005) |
| 02/01/2005 | | ORDER upon motion granting [38-1] motion for Daniel J. Rodgers to Withdraw as Attorney (Terminated attorney Daniel J. Rodgers for ERIE COUNTY JUVENILE ( signed by Judge Sean J. McLaughlin on 2/1/05 ) CM all parties of record. (mad) (Entered: 02/02/2005) |
| 02/02/2005 | 40 | Status Conference held 2/2/05 @ 3:30 p.m. before Judge Sean J. McLaughlin [ Reporter: Ron Bench ] GRANTED #35 as set forth below. deadline to be set. No order issued. (mad) (Entered: 02/02/2005) |
| 02/02/2005 | | Deadline updated; set Pretrial Order Deadlines: Discovery cutoff on 5/8/05 ; Pretrial Statements for Plaintiffs due 5/28/05 ; Pretrial Statements for Defendants due 6/18/05 ; Motion Filing deadline due 5/28/05 ; Response to motions due 6/18/05 ; (mad) (Entered: 02/02/2005) |
| 03/04/2005 | 41 | MOTION by RICHARD P., R██████ P., DENISE L., K██████L. to Amend complaint with Proposed Order. (sdp) (Entered: 03/07/2005) |
| 03/09/2005 | 42 | CONSENT TO PLTFS' AMENDMENT OF COMPLAINT. (sdp) (Entered: 03/10/2005) |
| 03/11/2005 | | ORDER upon motion granting [41-1] motion to Amend complaint ( signed by Judge Sean J. McLaughlin on 3/11/05 ) CM all parties of record. (sdp) (Entered: 03/14/2005) |
| 03/11/2005 | 43 | AMENDED COMPLAINT by RICHARD P., R███████ P., DENISE L., |

| | | |
|---|---|---|
| | | K⬛⬛⬛ L. (Answer due 3/25/05 for LINDA L. CAPPABIANCA, for JANET WOODS, for SCHOOL DISTRICT OF T ) amending [1-1] complaint (sdp) (Entered: 03/14/2005) |
| 03/14/2005 | | ORDER upon motion granting [46-1] joint motion to Extend Time, reset Pretrial Order Deadlines: Discovery cutoff on 6/30/05 ; Pretrial Statements for Plaintiffs due 8/1/05 ; Pretrial Statements for Defendants due 8/29/05 ; Motion Filing deadline due 8/11/05 ; Response to motions due 8/31/05 ; No further extensions will be permitted. ( signed by Judge Sean J. McLaughlin on 4/13/05 ) CM all parties of record. (mad) (Entered: 04/18/2005) |
| 03/22/2005 | 44 | ANSWER by SCHOOL DISTRICT OF T, JANET WOODS, LINDA L. CAPPABIANCA (Attorney James T. Marnen ) to amended complaint; jury demand (mad) (Entered: 03/22/2005) |
| 03/25/2005 | 45 | AMENDED ANSWER to Complaint by SCHOOL DISTRICT OF T, JANET WOODS, LINDA L. CAPPABIANCA : amends [44-1] complaint answer by LINDA L. CAPPABIANCA, JANET WOODS, SCHOOL DISTRICT OF T; jury demand (mad) (Entered: 03/25/2005) |
| 04/13/2005 | 46 | JOINT MOTION by RICHARD P., R⬛⬛ P., DENISE L., K⬛⬛ L., SCHOOL DISTRICT OF T, JANET WOODS, LINDA L. CAPPABIANCA, MICHELLE HETRICK, ERIE COUNTY JUVENILE, CITY OF ERIE, CITY OF ERIE POLICE to Extend Time with Proposed Order. (nk) (Entered: 04/13/2005) |
| 06/06/2005 | 47 | MOTION by RICHARD P., R⬛⬛ P., DENISE L., K⬛⬛ L., SCHOOL DISTRICT OF T, JANET WOODS, LINDA L. CAPPABIANCA, MICHELLE HETRICK, ERIE COUNTY JUVENILE, CITY OF ERIE, CITY OF ERIE POLICE to Compel Production of Videotape with Proposed Order. (nk) (Entered: 06/06/2005) |
| 06/08/2005 | | ORDER upon motion granting [47-1] motion to Compel Production of Videotape ( signed by Judge Sean J. McLaughlin on 6/8/05 ) CM all parties of record. (mad) (Entered: 06/08/2005) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 07/27/2005 07:46:07 | | |
| PACER Login: | km0060 | Client Code: | 0001217.0024 |
| Description: | Docket Report | Search Criteria: | 1:03-cv-00390-SJM |
| Billable Pages: | 5 | Cost: | 0.40 |

A000000009



IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD P. by and for
R████ P. AND DENISE L. by
and for K████████ L.,            )  No. 03-390         ERIE
                                 )
          Plaintiffs,            )
                                 )
     v.                          )  Jury Trial Demanded
                                 )
SCHOOL DISTRICT OF THE CITY      )
OF ERIE, PENNSYLVANIA; JANET     )
WOODS, individually and in       )
her capacity as Principal of     )
Strong Vincent High School;      )
LINDA L. CAPPABIANCA,            )
individually and in her          )
capacity as Assistant            )
Principal of Strong Vincent      )
High School,                     )
                                 )
          Defendants.            )

## COMPLAINT

## Preliminary Statement

1. The Plaintiffs bring this action under Title IX of the
Education Amendments of 1972, §901(a), *as amended*, 20 U.S.C. §1681,
*et sequitur*; 42 U.S.C. §1983; and Article I, §26 and §28 of the
Pennsylvania Constitution. Plaintiffs, who are female minors, were
victimized by severe and outrageous sexual harassment in the fall
and winter of 2001 while they were students at Strong Vincent High
School, located in Erie, Pennsylvania. The harassment culminated
in their being victims of a violent and criminal sexual assault

perpetrated by older students. Before and after the assault, Plaintiffs reported the peer to peer sexual harassment. The individual Defendants recklessly and intentionally violated state and federal law and did nothing to ensure that Plaintiffs would not be victims of sexual harassment. In fact, the individual Defendants eventually exacerbated the situation, by treating the Plaintiffs, who were 12 years old at the time, as if they were sexually promiscuous and willing participants in the violent sexual assault. Once the Plaintiffs' victimization became known throughout the school community, the Plaintiffs were treated to threats, taunts and teasing, and the Defendants did nothing to curtail this continued harassment, either. The boys who raped the Plaintiffs were not even removed from the school, and continued to be assigned to classes to which the Plaintiffs were assigned. Plaintiffs were unable to continue participating in the educational programs offered by the Erie School District and suffered profound mental, emotional and educational injury as a result of the events which are the subject of this action.

## Jurisdiction

2. This court has jurisdiction by virtue of 28 U.S.C. §1331 as the claims raised by Plaintiffs arise under federal law. Plaintiffs also request this court assume supplemental jurisdiction over their state law claims by virtue of 28 U.S.C. §1367.

## Parties

3.  Richard P., the father of R██████ P., brings this action on her behalf.  R██████ P. is a resident of the Western District of Pennsylvania.  She is currently fifteen years old.  Her date of birth is ██████████ 1988.  Denise L., the mother of  Kristina L., brings this action on behalf of K██████ L.  K██████ L. is a resident of the Western District of Pennsylvania, and her birth date is ███████ 1989.  She is currently fourteen years old.

4.  The Defendants are: the School District of the City of Erie, Pennsylvania ("Erie School District"), which is a public and governmental entity charged with providing public education to residents of the city of Erie; Janet Woods, who was Principal of the Strong Vincent High School at the time of the events giving rise to these actions; and Linda Cappabianca, who was Vice Principal of the school at the time of the events giving rise to this action.

5.  The Erie School District, Cappabianca, and Woods acted under color of state law with respect to the actions which are the subject of this Complaint.  Cappabianca and Woods were policymakers for the Erie School District insofar as they were the highest administrators assigned to Strong Vincent.  Cappabianca and Woods

were also the administrators with the power and authority to curtail the sexual harassment from which the Plaintiffs suffered.


### Statement of the Facts

### General Statement Applicable to Both Plaintiffs

6.  Plaintiffs were twelve-year-old girls in 2001.  R████ P. and K███████ L. enrolled at the Erie School District's Strong Vincent High School at the beginning of 2001 as seventh graders. They each had resided outside the Erie School District the year before.  Both R████ P. and K██████ L. were special education students whose education was governed by an Individualized Education Program (IEP).


7.  Strong Vincent High School tolerated a high level of offensive sexual conduct among its students.


8.  Enrolled as a seventh grader, the Plaintiff K████████ L. was sexually harassed by older students in the school throughout the fall of 2001. She reported the incidents to the Defendant Cappabianca who ignored K████████ concerns.  Cappabianca took no steps to stop the harassment directed at K████████

4

9. Eventually, the unchecked sexual harassment culminated in a violent sexual assault on each of the Plaintiffs on November 27, 2001. The assault was carried out by the older students who had been harassing K██████ L.

10. Defendant Cappabianca was the school administrator responsible for discipline. K█████ L. and R█████ P. immediately reported the assaults. However, Cappabianca ignored the report of the violent sexual assault, as she had ignored the earlier reports of harassment. She failed to report the assaults to appropriate criminal or child welfare authorities. She also failed or refused to initiate school disciplinary policies and procedures that would have required an investigation and discipline of the offending students. She even failed to remove the sexual predators from the Plaintiffs' classes. The perpetrators of the assault were allowed to remain not only in the school but in the Plaintiffs' very classes, without any controls on their conduct or contacts with the Plaintiffs.

11. After the rapes, K█████ L. and R█████ P. became the victims of vicious taunting by male students, which were accompanied by additional threatened sexual assaults.

5

12. Knowing that the assault had occurred, Vice Principal Cappabianca and Principal Janet Woods in turn victimized the Plaintiffs by suggesting, or insinuating, that they were at fault for the sexual assault.

13. On at least two occasions in December 2001, R███ P. only narrowly avoided further sexual assaults in the school building by the same group of aggressors. The Erie School District's failure to take remedial steps encouraged other students to join in the harassment of the Plaintiffs.

14. Eventually, criminal charges were filed against the individuals who perpetrated and organized the sexual assault. The males who had assaulted R███ P. and K███ L. were convicted of delinquency in juvenile court proceedings and the female who had organized the activity was convicted, as well. Upon information and belief, the School District was aware that one of the boys who was involved with assaulting Plaintiffs had a prior history of sexual molestation of young girls.

15. Each of the Plaintiffs was severely psychologically damaged by the conduct not only of the aggressors but of school officials as well. The girls were forced to withdraw from Strong Vincent and were placed in residential treatment centers for

6

disturbed juveniles. Their educational progress has been significantly and, in all likelihood, permanently disrupted.

## **Particularized Facts Applicable to the Plaintiffs**

### **K▓▓▓▓ L. v All Defendants**

16.    K▓▓▓ L. is currently 14 years old. Her date of birth is ▓▓▓▓ 1989. K▓▓▓▓ moved to Erie, Pennsylvania, from Meadville, Pennsylvania, as she was beginning seventh grade. K▓▓▓▓ was enrolled in Strong Vincent High School in Erie at the beginning of the 2001-2002 school year. Because of language problems and borderline normal intelligence, she was placed in the Learning Support program.

17.    Almost immediately upon enrollment, K▓▓▓▓ then 12 years old, a petite, pretty, and slow-learning girl, became the prey for a group of predatory older students who bullied her. At first they called her stupid and retarded, then escalated by saying sexually aggressive things to her. K▓▓▓▓ followed school instructions by reporting the harassment to Assistant Principal Linda L. Cappabianca as well as to various teachers. K▓▓▓▓ was told to "suck it up" and ignore her harassers. K▓▓▓▓ mother also talked to the Defendant Cappabianca, to no avail.

7

18.  K█████ continued to bring the increasingly frightening behavior to the attention of teachers and administrators, but her complaints were routinely disregarded.  For example, K██████ told the Principal, Mrs. Woods, the Assistant Principal, Ms. Cappabianca, and a teacher, Ms. Scully, that an older student, Charles B., had threatened to take her into the bathroom and force her to perform oral sex on him.  When K██████ became increasingly emotional about the harassment, the response of the teachers and administrators was to criticize her for complaining.

19.  The students who were harassing K█████ -- C█████ B., A█████ K., and B███ C. -- were also in K██████ classes.  K█████ became so frightened of the group that one day she hid in the restroom rather than encounter the students in her class.  For this action, Ms. Cappabianca punished K██████ by placing her on after school detention ("P.A.S.S." (Program for After-School Suspension)) for one week.  This punishment required K█████ to remain after school until 6:30 p.m.

20.  On Tuesday, November 27, 2001, K██████ was serving the first day of her "P.A.S.S." discipline.  For some reason, K██████ was released early from detention, with no notification given to her mother.  Even though the school was responsible for the "P.A.S.S." students until 6:30 p.m., there were no teachers or

administrators posted outside the school to protect a student such as K█████ who was released early.

21.    While waiting for her mother, K██████ was grabbed by C████ B. He pulled her into a corner behind the laundromat that was across the street from the school. He forced her head back and violently compelled her to engage in forced oral sex.

22.    K██████ got away from C████ B. and ran into the laundromat. Ordinarily there was an attendant at the laundromat and K█████ felt safe waiting there. Unfortunately, on that day there was no attendant. Instead, B███ C., another student who had been harassing K█████ was there. She hit K██████ in the head with an object and threatened to hurt K█████ if she told anyone about what C████ B. had done. Again, K██████ ran away, this time to an area outside the school. When K███████ mother found her, K█████ was still hiding. She did not tell her mother what had happened.

23.    The day after the attack, K██████ told one of her teachers and Ms. Cappabianca about the attack. Ms. Cappabianca's response was that K█████ should not have engaged in this activity, that it was something done by people in love. Ms. Cappabianca failed to follow mandatory procedures for reporting

9

abuse of a minor to appropriate juvenile authorities. She failed to initiate school discipline policy regarding assaults and sexual harassment. The perpetrators of the violent sexual assault were not removed from the school, the police and child welfare workers were not contacted, and no effort was made to separate K██████ from C██████ B. and B████ C. K███████ was forced to sit in the classroom with her assailants on a daily basis.

24. When it became clear that school officials and teachers would not help her, and that C█████ B. and B████ C. would be free to continue to victimize her, K██████ became very withdrawn and severely depressed. On January 4, 2002, she intentionally burned herself and was admitted to Millcreek Community Hospital. She finally told her mother, Denise L., about the rape and advised her of the knowledge of Ms. Cappabianca and her teachers. The next day Denise L. went to the school and confronted school officials with this information. Ms. Cappabianca and another school official admitted to knowing about the rape and told Mrs. Long that they were "dealing" with it.

25. The school counselor came to a meeting at the hospital and said K█████ was being removed from Strong Vincent because other students were harassing her because of the rape. K██████ was then removed from the school and placed at Sarah A. Reed

10

Children's Center, ostensibly for her safety.  Following that
placement she was enrolled in a different Erie public school.  Her
behavior became increasingly violent and suicidal and she is now in
a residential treatment center, as a result of the conduct
complained of herein.  K████ was driven from the Erie School
District by the sexual harassment from which she suffered and can
no longer attend public school in the Erie School District.


### <u>R████ P. v All Defendants</u>

26.  R████ P. also was enrolled as a seventh grader in Strong
Vincent High School in September of 2001.  She and her family had
recently moved to Erie from Arizona.


27.  R████ P.  had become friends with K████ L., and on
November 27, 2001, when Denise L. could not find K████ because
K████ had been released early and assaulted by other students,
R████ P. became involved in looking for K████ L.  R████ P.
stumbled upon the students who had sexually assaulted K████ L.,
and became  the second  victim of a violent predatory sexual
assault that night.  The assault of R████ P. included forced oral
sex undertaken by two males, C████ B. and A████ K.  The sexual
assault also occurred near the laundromat, across the street from
Strong Vincent High School.  The incident also involved a physical

11

assault by the same female student, B███ C. Rachel did not confide in her parents concerning the assault.

28. Within days of the sexual assault, R███ P. also advised Assistant Principal Cappabianca as well as a substitute teacher of the incident. She reported to Cappabianca that two males had forced her to engage in oral sex against her will, and that a female student had attacked her and threatened to attack her for resisting the sexual assault.

29. R█████ began seeking Cappabianca's protection as she became the target of taunts and threats from other students who learned that she had been sexually assaulted. When R████ complained that students were taunting her, threatening her and harassing her over the incident, Cappabianca called R███ P. a "filthy little girl" and told R████ P. that she was aware of what Rachel P. was doing.

30. Cappabianca, although empowered to discipline the students who assaulted R████ P. and who were harassing her on an ongoing basis, did nothing. Cappabianca, however, imposed an after-school detention on R████ P., apparently for reporting the sexual attack which had victimized her.

12

31.   Several days later, Cappabianca telephoned Richard P. in R████ P.'s presence and referred to R████ P. as a "dirty little girl" and stated that R████ had a "foul mouth" and advised Richard P. to punish or discipline his daughter.  She told Richard P. that R████ P. was engaging in oral sex, without providing any other information to illuminate R████ plight.  She gave him no information about the rape.

32.   Knowledge of the fact that R████ P. and K████ L. were victims of rape quickly spread throughout the school.  The fact that R████ P., a 12-year-old, had been sexually assaulted became known to most, if not all, of the students and upon information and belief to most, if not all, of the faculty.  R████ P. was shunned by female students and sexually harassed by male students. Throughout the month of December 2001, students at the Strong Vincent High School ridiculed, taunted and teased R████ P., and repeatedly suggested, in lascivious and threatening fashion, that Rachel P. engage in oral sex.  Male students would accost her demanding sex.

33.   R████ P. continued to seek the help or protection of Ms. Cappabianca on repeated occasions in December 2001.  She advised Ms. Cappabianca of the unbearable harassment she was experiencing. Ms. Cappabianca took no steps to end the harassment.  Instead,

13

Cappabianca once again referred to Rachel P. as a "filthy little girl who needs to grow up."

34.    On at least two occasions in December, R████ P. was cornered by groups of students in the school and threatened with an impending sexual assault. On one occasion, R███ P. was forced into a stairwell where she was surrounded by students, while a young male began threatening an imminent sexual assault. As a teacher walked by the stairwell, R████seized the serendipitous opportunity to escape from the students. When she tried to explain what had happened to the teacher, Ms. Cappabianca, who was in the vicinity, intervened and told R███ to go to class. On another occasion, a group of students cornered R███ P. in a hallway. The students were sexually threatening and taunting R███ in the plain view of Defendant Cappabianca. Cappabianca yanked R███ P. from the students' presence but did nothing to discipline the students who were harassing R███ P.

35.    Cappabianca was aware of the rape incidents, by virtue of having been told by both R███ P. and K████ L. After K████ L. attempted to injure herself in early January 2002, Cappabianca scheduled a meeting with Richard P. and R███ P. At that meeting, Principal Woods used graphic vulgar language to describe R█ conduct. The discussion occurred in the presence of R███ P. and

14

her father.  Woods and other administrators advised Richard P. that the School District officials had been aware of the sexual assault but had done nothing about it.  A counselor informed Richard P. that oral sex was as common among students as shaking hands.  At this time, Woods told Richard P. that R████ P. had to be removed from the school for her safety.  The boys who assaulted her were allowed to remain in the school.

36.  After this meeting, Richard P. confronted Cappabianca who acknowledged and admitted that she was aware of the assault but had done nothing to report it.

37.  R████ P. was assigned to Sarah Reed in January 2002, which is a school for troubled children.  Following R████ P.'s reassignment from Strong Vincent, Richard P. learned that Defendant Cappabianca was advising other parents to keep their children away from R████ P. because of her purported sexual activity.

38.  During the course of the next several months, R████ P. suffered severe and significant emotional distress, depression, anxiety, self-hatred, and self-loathing, and threatened suicide. She was involved in violent incidents with her parents and committed to a psychiatric hospital on several occasions.

39. In the fall of 2002, R█████ P. was once again assigned to Strong Vincent High School. On her first day there, she was subject to taunting, teasing and ridicule by the students and a police officer was called to escort her out of the school when she violently reacted to the sexual harassment. R█████ P. has been excluded from the educational program offered by the Erie School District because of the sexual harassment which she endured.

<u>Causes of Action</u>

<u>Count I.</u>

R█████ P. and K█████ L. v Erie School District,
<u>Claim Under Title IX</u>

40. Title IX of the Education Act provides, with certain exceptions, that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance." 20 U.S.C. §1681(a).

41. The Erie School District receives federal financial assistance.

42. The Erie School District had elaborate disciplinary policies that related to sexual harassment and assaults, among other disciplinary issues. However, the policies did not spell out

16

how a victim was to report the assault or harassment. K█████ and
R█████ followed the sparse directions given to students regarding
reporting of problems, telling the Assistant Principal assigned to
seventh graders, Ms. Cappabianca.     There apparently was no
effective investigative procedure in place because Erie School
District officials did not undertake an investigation upon learning
of the sexual harassment or the assaults.

43.    The Erie School District had actual knowledge of the
circumstances of the rape and subsequent treatment of R█████ P. and
K█████ L. by teachers.  Cappabianca and Woods were aware that
K█████ L. and R█████ P. were victims of sexual harassment and the
violent sexual assault.  Knowledge of the rape and the sexual
taunting and teasing faced by R█████ P. and K█████ L. on a daily
basis had spread among the teachers, guidance counselors, and
students.   In the face of that knowledge, the administrators,
teachers and counselors who had the ability to alter the situation,
were deliberately indifferent to the harassment directed at R█████
P. and K█████ L.  Consequently, the perpetrators were emboldened
by the discovery that their activities would not be curtailed or
punished.   In effect, school officials became sponsors of the
perpetrators' behavior.  The misconduct in this case occurred on
school property, during school time, and, in K█████ case,
immediately after school.   The Defendants retained substantial

17

control over the conduct of the students who perpetrated the sexual harassment and assault.

44.    Rather than taking steps to immediately terminate the harassment and discrimination and devise ways that K█████ L. and R████ P. would not be deprived of their right to education and their ability to enjoy a free and public education in an environment appropriate for them, the School District in fact turned the tables and treated R████ P. and K██████ L. as if they were the sexual predators instead of the victims of a violent, degrading, and painful sexual assault, and the unbearable experience of taunting, shunning and sexual harassment that followed the assault.

45.    R████ P. and K██████ L. have been excluded from the educational programs offered by the Erie School District because the sexual harassment  inflicted on them was so severe that they could not continue to bear the day-to-day trauma of being in school.

### Count II.

**█████ P. and K███████ L. vs.**
**Linda L. Cappabianca and the Erie School District**
**42 U.S.C. §1983 – Equal Protection – 14th Amendment**

46.    At all times relevant, the Defendants acted under color of state law.

18

47. Upon learning of the sexual assault upon K█████ L. and R████ P., the Defendant Cappabianca, who was a policymaker for the Erie School District, discriminated and created a hostile educational environment for K█████ L. and R████ P. Cappabianca used epithets, slurs, and degrading comments to describe the girls and the violent sexual assault to which they had been subjected.

48. Cappabianca referred to R████ P. in vulgar terms and stated she was a "dirty little girl" in her presence and in the presence of her father.

49. Cappabianca and Woods completely ignored and were deliberately and recklessly indifferent to their duties under state law to report acts of sexual assault. On one occasion, Cappabianca observed students circle R████ P. in the hallway of the school, and took no disciplinary action against the offending students.

50. The conduct of Cappabianca and Woods created a sexually hostile educational environment for K█████ L. and R████ P. In essence, Woods, Cappabianca, and the Erie School District, by and through its other teachers, discriminated against K█████ L. and R████ P., based upon their gender, depriving them of equal protection of the law. The conduct of Cappabianca and Woods is

19

attributable to the Erie School District, since Cappabianca and Woods are policymakers.

51.   The conduct of Cappabianca and Woods involved severe, persistent, and outrageous treatment of K███████ L. and R██████ P., based upon their gender and violates their rights to equal protection of the law in violation of 42 U.S.C. §1983.

### Count III.

R█████ P. and K███████ L. vs.
Linda L. Cappabianca and the Erie School District
42 U.S.C. §1983 – Due Process – 14th Amendment
State Created Danger

52.   Plaintiffs were injured by a state created danger in that the harm that they suffered was foreseeable and fairly direct in connection with the reports that they had made to the Defendants of sexual harassment.   The Erie School District acted in willful disregard of the Plaintiffs' safety by failing to end the harassment, and also by releasing K███████ L. early on the date of her sexual assault.   K███████ L. and R██████ P. were students and, therefore, occupied a special relationship with the Erie School District.   Finally, the Defendants used their authority by ignoring complaints of sexual harassment and by releasing K███████ L. early from the after school detention, and, thereby created the opportunity that otherwise would not have existed for the violent sexual assault and harassment inflicted upon Plaintiffs.

20

53.   This conduct violated the Plaintiffs' due process rights and is enforceable by virtue of 42 U.S.C. §1983.


**Count IV.**

R██████ P. and K███████ P. vs.
**Cappabianca and Woods**
**Article I, §§26 and 28 Pennsylvania Constitution –**
**Prohibition Against Discrimination Based on Gender**


54.   Article I, §26 of the Pennsylvania Constitution outlaws discrimination by the Commonwealth or any political subdivision thereof.


55.   Article I, §28 of the Pennsylvania Constitution outlaws discrimination based on sex or gender.


56.   By virtue of having placed the Plaintiffs in harm's way, and by failing to protective the Plaintiffs from sexual assault, the Defendants abridged the Plaintiffs' rights under Article I, §§26 and 28 of the Pennsylvania Constitution.


**Injuries**


57.   K██████ L. was subject to a violent sexual assault in spite of her repeated reports and efforts to secure relief from the sexually hostile educational environment to which she was

21

subjected. K█████ L. and R████ P. were subject to a persistent, intense and severe period of ostracism, taunting, teasing, threatened physical assault and other conduct at the hands of their peers, which centered on their being victims of the sexual assault. This harassment caused both R████ P. and K███████ L. to suffer severe emotional distress and mental illness. Each was hospitalized on numerous occasions. K███████ L. attempted suicide and inflicted injuries upon herself. R█████ P. became withdrawn, violent, and spiraled into a period of self-loathing and engaged in self-destructive conduct. Each was denied educational opportunity and, in essence, deprived of the right to an education because of the conduct of the Defendants. The girls had to be separated from their families in order to receive residential therapeutic treatment.

<u>Relief</u>

58.    R█████ P. and K███████ L. request this court assume jurisdiction over this case and enter judgment in their favor against the Defendants in an amount which compensates them for the injuries they have sustained. They also seek punitive damages against the individual Defendants and counsel fees, costs of this action, and such other relief as is just and appropriate.

22

Respectfully submitted,

Edward A. Olds, Esquire
Pa. I.D. No. 23601
Carolyn Spicer Russ
Pa. I.D. No. 36232
Richard S. Matesic
Pa. I.D. No. 72211
1007 Mount Royal Boulevard
Pittsburgh, PA 15223
(412) 492-8975

23

A000000032

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD P., by and for R████ P., and )
DENISE L., by and for K████ L.,             )
                                                            )
                Plaintiffs                             )
                                                            )
        v.                                                  )   Civil Action No. 03 – 390 Erie
                                                            )
SCHOOL DISTRICT OF THE CITY OF     )
ERIE, PENNSYLVANIA; JANET              )
WOODS, Individually and in her Capacity )
as Principal of Strong Vincent High       )
School; and LINDA L. CAPPABIANCA,  )
Individually and in her Capacity as        )
Assistant Principal of Strong Vincent High )
School,                                                )
                                                            )
                Defendants                            )

RECEIVED

NOV 2 2 2004

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

**MOTION FOR JUDGMENT ON THE PLEADINGS**

Defendants The School District of the City of Erie, Pennsylvania; Janet Woods;

and Linda L. Cappabianca, respectfully submit the following Motion for Judgment on the

Pleadings, pursuant to Fed.R.Civ.P. 12(c):

1.        Plaintiffs have alleged, *inter alia*, that they were improperly denied

educational opportunities as a result of defendants' purported failure to prevent and/or curtail

sexual harassment allegedly perpetrated against plaintiffs by other students.  Consequently,

plaintiffs have alleged that defendants violated Title IX of the Education Amendments of 1972,

20 U.S.C. § 1681 ("Title IX"), the Due Process Clause of the Fourteenth Amendment to the

United States Constitution, the Equal Protection Clause of the Fourteenth Amendment to the

United States Constitution and the Equal Rights Amendment to the Pennsylvania Constitution.

2.        On September 16, 2004, the Court dismissed plaintiffs' claims under the

Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States

Constitution. Specifically, the Court concluded that plaintiffs' complaint failed to state a claim upon which relief could be granted under the Due Process Clause. The Court concluded also that because plaintiffs sought relief under Title IX, and because Title IX provides a sufficiently comprehensive statutory enforcement scheme, plaintiffs' claims under the Equal Protection Clause were subsumed into the Title IX claims.

3.      Subsequently, on October 30, 2004, plaintiffs filed a motion entitled Plaintiffs' Motion to Reconsider Order Which *Sua Sponte* Dismissed Claim. Specifically, plaintiffs requested that the Court reconsider its dismissal of plaintiffs' Section 1983 claims. That motion currently is pending before the Court.

4.      It is defendants' position that the Court did not dispose of any claims on September 16, 2004. Rather, the court issued a ruling on the propriety of certain of plaintiffs' document requests served on defendants.

5.      Notwithstanding plaintiffs' motion to reconsider order which *sua sponte* dismissed claim, defendants are entitled to judgment on the pleadings with respect to:

   a.      plaintiffs' claim under the Equal Protection Clause
           of the Fourteenth Amendment to the United States
           Constitution (Count II) as to all Defendants; and

   b.      plaintiffs' claim under the Due Process Clause of
           the Fourteenth Amendment to the United States
           Constitution (Count III) as to all Defendants.

5.      The bases and supporting case law for this motion are set forth fully in Defendants' Brief in Support of Motion for Judgment on the Pleadings and in Opposition to Plaintiffs' Motion to Reconsider Order Which *Sua Sponte* Dismissed Claim, filed herewith.

WHEREFORE, defendants respectfully request that the Court grant their motion for judgment on the pleadings, dismissing Counts II and III of plaintiff's complaint.

Respectfully submitted,

James T. Marnen
PA I.D. No. 15858
Craig W. Snethen
PA I.D. No. 86050
KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
120 West 10th Street
Erie, PA 16501-1461
Gen. Tel: 814-459-2800
Direct Dial Tel: 814-459-9886, ext. 203
Fax: 814-453-4530
E-mail: jmarnen@kmgslaw.com

Attorney for Defendants,
The School District of the City of Erie,
Pennsylvania; Janet Woods; and
Linda L. Cappabianca

# 582390

3