IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard P., by and for **R.P.**, and Denise L., by and for **K.L.**, | ) ) ) |
| Plaintiffs | ) ) |
| v. | ) ) |
| **SCHOOL DISTRICT OF THE CITY OF ERIE, PENNSYLVANIA; JANET WOODS**, Individually and in her Capacity as Principal of Strong Vincent High School; and **LINDA L. CAPPABIANCA**, Individually and in her Capacity as Assistant Principal of Strong Vincent High School, | ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 03-390 Erie |
| Defendants | ) **JURY TRIAL DEMANDED** |

## DEFENDANTS' PRETRIAL STATEMENT

Defendants The School District of the City of Erie, Pennsylvania, Janet M. Woods, and Linda L. Cappabianca, respectfully submit the following Defendants' Pretrial Statement.

### Facts

During the 2001-2002 school year R.P. and K.L. attended Strong Vincent High School ("Strong Vincent"), a school established, equipped, furnished and maintained by defendant The School District of the City of Erie, Pennsylvania ("ESD"). During that school year Strong Vincent housed a middle school (grades seven and eight) and a high school (grades nine through twelve). R.P. and K.L. were in the seventh grade in 2001-2002; R.P. became 13 years old during the fall of 2001, while K.L. was 12 years old during the entirety of that school year. Defendant Janet M. Woods was the Principal of Strong Vincent during the 2001-2002 school year and defendant Linda

L. Cappabianca was the Assistant Principal of the middle school that year. There were about 200 students in the middle school in 2001-2002.

The 2001-2002 ESD school year began on August 27, 2001 and ended on June 7, 2002. Thanksgiving vacation commenced on Thursday, November 22, 2001, and lasted through Monday, November 26, 2001. The last day of school before Christmas vacation was Friday, December 21, 2001, and school began again at the end of that vacation on Wednesday, January 2, 2002. On the evening of Wednesday, December 19, 2001, after 6:30 p.m. during the hours of darkness and off ESD-owned property in and behind a laundromat located across the street from Strong Vincent, R.P. and K.L. were coerced by an eighth-grade female student, B.C., to fellate an eighth-grade male student, C.B., and R.P. was coerced by B.C. to fellate a twelfth-grade male student, A.K. The two victims and three assailants were special education students at Strong Vincent.

Eight Strong Vincent students were present at the scene of the assaults on the evening of December 19, 2001: R.P., K.L., B.C., C.B., A.K. and three others: A.F., a male student, and C.A. and Y.H., two female students. On December 19 A.F. and A.K. attended the Strong Vincent Program, for After School Suspension ("PASS") from 3:30 p.m. to 6:30 p.m.. While R.P., K.L. and C.B. were assigned attendance at PASS that afternoon, they failed without school permission to attend. B.C., C.A. and Y.H. were not assigned to PASS that afternoon.

At no time before the December 19 sexual assaults were any teachers or administrators at Strong Vincent made aware of any verbal or physical sexual or nonsexual harassment of R.P. or K.L. at Strong Vincent. Early in the morning of Wednesday, January 9, 2002, R.P. angrily and loudly verbally lashed out at another student in a class at Strong Vincent taught by a special education teacher, Vikki Scully, which included the use of an obscenity. Ms. Scully referred R.P. to Ms. Cappabianca, whose responsibilities included the discipline of middle school students.

2

Ms. Cappabianca questioned R.P. about the incident in Ms. Scully's class and R.P. informed her that she had retaliated in response to verbal harassment concerning the December 19, 2001 sexual assaults and that the harassment experienced in Ms. Scully's class that morning was part of a pattern of harassment she had experienced while in school following the December 19 assaults. This disclosure was the first knowledge that any ESD administrator, teacher or other employee had of the December 19 sexual assaults on R.P. and K.L and of subsequent harassment. Ms. Cappabianca immediately escorted R.P. to Ms. Woods's office, where R.P. explained in detail the events of December 19 and the harassment she had since experienced at the hands of fellow students at Strong Vincent.

On December 20, 2001 Ms. Cappabianca overheard students talking in a Strong Vincent hallway in a way that suggested that K.L. and C.B. may have had sexual contact of some sort on December 19, although the information overheard was very vague - Ms. Cappabianca did not know whether it was "kissing or anything more." At the end of the school day Ms. Cappabianca approached K.L. and told her she had heard "things of a sexual nature" about C.B. and her, asking her if they were true. K.L. said they were true. Ms. Cappabianca did not press her for details, telling K.L. that activity of that kind was for adults who love and care for each other. Thereafter on December 20 she questioned C.B. about the subject, and he denied having any sexual contact with K.L, after which, also on December 20, Ms. Cappabianca discussed the matter with Ms. Woods and they decided to watch the situation. It was Ms. Cappabianca's practice to inform parents of information of this nature, but she cannot recall whether she did so here. At no time prior to January 9, 2001 did anyone inform Ms. Woods or Ms. Cappabianca of a sexual assault upon K.L. or of any sexual activity on the part of R.P.

From and including Wednesday, January 9, 2002, through Friday, January 11, 2002, Ms. Woods and Ms. Cappabianca interviewed seven of the eight students who were present at the scene of the assaults on the evening of December 19 and discussed the situation with parents of all eight students. K.L. was not interviewed because she was a patient at Millcreek Community Hospital ("MCH") in Erie, Pennsylvania from Friday, January 4, 2002, at 10:14 p.m., until the morning of Friday, January 11, 2002. Ms. Woods and Ms. Cappabianca contacted the City of Erie Police Department ("EPD") on January 10, 2002 and EPD detectives commenced their investigation on the morning of January 11, 2002 at 8:30 a.m. at Strong Vincent. The information provided EPD by Ms. Woods and Ms. Cappabianca included R.P.'s complaints about B.C. harassing her since December 19 and the incidents that occurred at the water fountain and in the stairwell in Strong Vincent, and at the laundromat, on January 7, 2002. At no time from and including January 9, 2002 through January 11, 2002 did Ms. Woods or Ms. Cappabianca have any meeting or other communications with Robin J. ("Robin") or her daughter, T.N.; at no time did Ms. Cappabianca make any comments to Robin or T.N. concerning R.P.

K.L. and her adolescent sister, K.G., resided with their mother, Denise L. ("Denise"). On the evening of January 4, while K.L., K.G. and Denise were at home, K.G. told Denise that she had been informed by other students that K.L. had performed oral sex on a male Strong Vincent student; this was the first information Denise received regarding the events of December 19, 2001. This disclosure caused K.L. to intentionally injure herself on a hot frying pan, requiring treatment of her physical injuries in the emergency department of MCH that evening, also leading to her psychiatric admission to MCH on the morning of January 5, where she remained until her discharge on the morning of January 11. During that admission, for the first time, K.L. informed Denise of the December 19 sexual assaults. On January 7, 2002 Denise contacted Ms. Cappabianca and informed

her of K.L.'s hospitalization, requesting that school work be provided for K.L., but she did not that day discuss with Ms. Cappabianca the events of December 19 or any subsequent harassment.

R.P.'s mother and father, with whom she resided, did not learn of the December 19 sexual assaults on R.P. until her father, Richard P. ("Richard"), met with Ms. Woods and the Strong Vincent Mental Health Counselor, Christian Ruhl, on the morning of January 10, 2002 at Strong Vincent, which meeting was scheduled by Ms. Woods to inform Richard of the situation. During that meeting, also attended by R.P., Ms. Woods informed Richard of the sexual assaults, which information was confirmed by R.P.

C.B. informally withdrew from Strong Vincent on January 10, 2002 and, thereafter, began attending a private school in the Erie, Pennsylvania area, First Assembly Christian Academy. On January 21, 2002 C.B. formally withdrew from ESD, never to return. On February 1, 2002 he was arrested and charged with the commission of various crimes in connection with the December 19, 2001 sexual assaults on R.P. and K.L. and on September 3, 2002 he was adjudicated delinquent. Since that time the juvenile justice system has placed him at various adolescent rehabilitation facilities, where he has also attended school.

On January 25, 2002 B.C. was placed in the ESD alternative education program at Perseus House in Erie, Pennsylvania but, before her placement took effect, she was arrested on January 29, 2002 and was taken to Edmund L. Thomas Center in Erie, never to return to Strong Vincent. On February 4, 2002 she was charged with the commission of various crimes in connection with the December 19 sexual assaults and, on February 11, 2002, she was adjudicated delinquent. Thereafter the juvenile justice system placed her at various adolescent rehabilitation facilities, where she has resided and received her education.

On February 1, 2002 A.K. was arrested and on February 4, 2002 he was charged with the commission of crimes in relation to one of the December 19 sexual assaults of R.P.  On February 26, 2002 he was placed in the ESD alternative education program at Perseus House in Erie, Pennsylvania, where he remained until he graduated from high school in June 2002.  On March 28, 2002 A.K. was adjudicated delinquent, placed on probation and permitted by the court to reside with his mother.

On January 10, 2002 Richard told Ms. Woods that he wanted R.P. to be transferred out of Strong Vincent.  On January 11, 2002 representatives of MCH, including K.L.'s treating psychiatrist during the January 2002 psychiatric hospitalization, Dennis P. Borczon, M.D., recommended to Denise that K.L. be transferred to Sarah Reed Children's Center ("Sarah Reed") and Denise accepted that recommendation.  On January 9 or 10, 2002 Ms. Woods consulted with administrators in the central administrative offices of ESD with respect to the educational placement of R.P. and K.L. and it was determined that placement at Sarah Reed would be best for both girls for two reasons:  (1) they would be removed from Strong Vincent where recurrent harassment with respect to the sexual assaults was likely and (2) they would receive needed emotional support services at Sarah Reed the nature and extent of  which could not be matched at any school within ESD.

On the morning of January 10, 2002 R.P. left Strong Vincent following the meeting with Ms. Woods and Mr. Ruhl and remained out of school the remainder of that week.  K.L. did not return to Strong Vincent on January 11 following her discharge from MCH that morning.  On January 11, 2002 the Individualized Education Programs ("IEPs") of R.P. and K.L. were revised to place them at home from Monday, January 14, 2002 through Monday, January 22, 2002, pending an evaluation by Sarah Reed staff members of their needs and the ability of Sarah Reed to meet those needs.

On January 21, 2002 Sarah Reed conducted intake with respect to R.P. and K.L. and they were placed at Sarah Reed on January 22, 2002 (R.P.) and January 23, 2002 (K.L.), respectively. Their IEPs were revised with the consent of their parents to allow the Sarah Reed placements and, without that consent, Sarah Reed would not have accepted the placements. Both girls remained at Sarah Reed the remainder of the 2001-2002 school year. R.P. returned to Strong Vincent in the fall of the 2002-2003 school year, remaining there a week, transferring back to Sarah Reed, never to return to Strong Vincent. K.L. remained at Sarah Reed from the time she was placed there until the end of the 2004-2005 school year, after which Denise and her family moved their residence from Erie, Pennsylvania to San Diego, California.

**Witnesses**

1. C.B.
   Erie, PA

2. Pamela A. Barber
   Erie, PA

3. Robert J. Blakely
   Erie, PA

4. Matthew R. Bogardus
   Erie, PA

5. Dennis R. Borczon, M.D.
   Erie, PA

6. B.C.
   Erie, PA

7. Linda L. Cappabianca
   Erie, PA

8. Tina Christiansen
   Erie, PA

9. A.F.

Erie, PA

10. Jodie Gray
Erie, PA

11. Stanley D. Green, Jr.
Erie, PA

12. Robert R. Iddings
Erie, PA

13. Robin J.
North East, PA

14. Denise L.
San Diego, CA

15. K.L.
San Diego, CA

16. Walter R. Love
Erie, PA

17. Constance L. Manus
Erie, PA

18. Charlise Moore
Erie, PA

19. R.P.
North East, PA

20. Richard P.
North East, PA

21. Shelley P.
North East, PA

22. Audrey Pecoraro
Erie, PA

23. James Perfetto
Erie, PA

24. Mary Popadak
Erie, PA

25. Christian A. Ruhl
    Buffalo, NY

26. Frank Scozzie
    Erie, PA

27. Vikki Scully
    Erie, PA

28. Ronald W. Slupski
    Erie, PA

29. Mary Ann Tempestini
    Erie, PA

30. Janet M. Woods
    Edinboro, PA

**Exhibits**

1. ESD calendar regarding the 2001-2002 school year.

2. ESD Middle and High School Discipline Policy 2001-2002.

3. ESD Guidelines for the Collection of Information, Maintenance of Records, and Dissemination of Pupil Information as revised in September 1995.

4. January 2001 ESD Revised Policies and Procedures for Reporting Child and Student Abuse.

5. EPD original and supplemental reports relating to its investigation of the December 19, 2001 sexual assaults.

6. January 10, 2002 statement of Linda L. Cappabianca regarding the investigation of the December 19, 2001 sexual assaults by Janet M. Woods and Linda L. Cappabianca.

7. January 11, 2002 statement of A.F. regarding the December 19, 2001 sexual assaults.

8. January 11, 2002 videotaped statement of R.P. concerning the December 19, 2001 sexual assaults.

9. Court of Common Pleas of Erie County, Pennsylvania and County of Erie, Pennsylvania Department of Juvenile Probation records relating to the prosecution of B.C., C.B. and A.K. regarding the December 19, 2001 sexual assaults.

10. Statement of Richard P. relating to R.P.'s attendance at Strong Vincent during the 2001-2002 school year and related events.

11. Records of Millcreek Community Hospital regarding the treatment of K.L. from and including January 4, 2002 through January 11, 2002.

12. ESD special education records relating to the placement at home and at Sarah Reed of R.P. and K.L. in January 2002.

13. Records of Sarah Reed regarding services provided to R.P. and K.L. on and after January 22, 2002.

14. ESD attendance records relating to R.P., K.L., B.C., C.B., A.K. and A.F. during the 2001-2002 school year.

15. ESD discipline records relating to R.P., K.L., B.C., C.B. and A.K. during the 2001-2002 school year.

16. PASS attendance records regarding R.P., K.L., B.C., C.B., A.K. and A.F. during the 2001-2002 school year.

17. Strong Vincent PASS Sign-In Sheets regarding August 2001 through December 2001.

18. Strong Vincent SAP Daily Report Forms of Christian Ruhl concerning R.P. during December 2001 through January 2002.

19. Strong Vincent SAP Records regarding R.P. during the 2001-2002 school year.

20. Journal of R.P.

21. Academic records and test scores relating to R.P. and K.L. from and including kindergarten through grade 8.

22. ESD records regarding T.N.: (a) November 7, 2001 Checklist – Placement Request, (b) November 7, 2001 Student Assignment Information, (c) January 15, 2002 Checklist – Placement Request and (d) January 16, 2002 Student Assignment Information.

23. March 10, 2004 affidavit of Robin J.

## Legal Issues

1. Whether the Pennsylvania Child Protective Services Law, 23 Pa.C.S.A. §6301, *et seq.*, requires school administrators to report sexual activity between students to any child protective services agency or police agency.

2. Whether B.C. and C.B. were subject to disciplinary action by ESD with respect to their participation in the sexual assaults of December 19, 2001, since the assaults did not occur on property owned by ESD, at any ESD-sponsored activity, or on any public conveyance providing transportation to an ESD school or an ESD-sponsored activity, and B.C. and C.B. were not going to or returning from school at the time of the assaults.

3. Whether A.K. was subject to disciplinary action by ESD with respect to his participation in the sexual assaults of December 19, 2001 on the basis that he had attended PASS from 3:30 p.m. to 6:30 p.m. and had not yet arrived at his residence at the time of the assaults.

4. Whether school administrators have a duty to report sexual activity between students that is not subject to disciplinary action by a school district to any third party, including the parents of the students.

5. Whether evidence of actual knowledge in Ms. Woods and Ms. Cappabianca on December 20, 2001 of fellatio having been performed on C.B. by K.L. on December 19, 2001 is admissible in evidence in the absence of evidence that (a) they were made aware on December 20 that the fellatio was not welcomed by K.L. or (b) that it otherwise occurred under circumstances allowing disciplinary action with respect to C.B. or K.L. by ESD.

6. Whether defendants had a duty to plaintiffs under Title IX or the Pennsylvania Constitution to exercise reasonable care to conduct an investigation of possible sexual harassment on and after December 20, 2001.

7. Whether evidence of a failure to discipline the assailants on and after January 9, 2002 for the sexual assaults of December 19, 2001 is admissible in evidence in the absence of evidence that any such failure caused plaintiffs to undergo sexual harassment or made them more vulnerable to sexual harassment.

8. Whether plaintiffs may assert at trial that from and including January 9, 2002 through January 11, 2002 Ms. Woods and Ms. Cappabianca wrongfully conducted their investigation of the sexual assaults, unduly delayed notifying plaintiffs' parents and EPD of the sexual assaults, withheld information from EPD, misrepresented facts to EPD and, for a time, believed plaintiffs engaged in consensual sexual activity on December 19, 2001, in the absence of

      evidence that this alleged conduct caused plaintiffs to undergo sexual harassment or made them more vulnerable to sexual harassment.

9. Whether in the absence of jurisdiction of any claim by plaintiffs that their placement at Sarah Reed violated IDEA or the Rehabilitation Act plaintiffs may assert at trial that (a) ESD wrongfully participated in the placement of plaintiffs at Sarah Reed in January 2002 and (b) the treatment afforded them at Sarah Reed was inappropriate to their needs and exacerbated their emotional distress.

                                              Respectfully submitted,

                                              /s/  James T. Marnen  
                                              James T. Marnen  
                                              PA I.D. No. 15858  
                                              KNOX McLAUGHLIN GORNALL & SENNETT, P.C.  
                                              120 West 10th Street  
                                              Erie, PA  16501  
                                              General Tel:   814-459-2800  
                                              Direct Dial Tel: 814-459-9886, ext. 203  
                                              Fax:    814-453-4530  
                                              E-mail:jmarnen@kmgslaw.com

                                              Attorney for Defendants,  
                                              The School District of the City of Erie, Pennsylvania,  
                                              Janet M. Woods and Linda L. Cappabianca

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard P., by and for **R.P.**, and Denise L., b<br>and for **K.L.**,<br><br>      Plaintiffs<br><br>    v.<br><br>**SCHOOL DISTRICT OF THE CITY OF ERIE, PENNSYLVANIA; JANET WOODS**, Individually and in her Capacity a<br>Principal of Strong Vincent High School; and **LINDA L. CAPPABIANCA**, Individually and in her Capacity as Assistant Principal of Strong Vincent High School,<br><br>      Defendants | Civil Action No. 03-390 Erie<br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 29th day of August, 2005, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

                                                    /s/ James T. Marnen
                                                  James T. Marnen

#630296