IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

Richard P., by and for **R.P.**, and Denise L.,   )
by and for **K.L.**,   )
   )
        Plaintiffs   )
   )
      v.   )
   )
**SCHOOL DISTRICT OF THE CITY**   )  Civil Action No. 03-390 Erie
**OF ERIE, PENNSYLVANIA; JANET**   )
**WOODS**, Individually and in her Capacity   )
as Principal of Strong Vincent High   )
School; and **LINDA L. CAPPABIANCA**,   )
Individually and in her Capacity as   )
Assistant Principal of Strong Vincent High   )
School,   )
   )
        Defendants   )  **JURY TRIAL DEMANDED**

**BRIEF IN SUPPORT OF MOTION FOR MODIFICATION OF ORDER SEALING
RECORDS**

Defendants The School District of the City of Erie, Pennsylvania, Janet M.

Woods and Linda L. Cappabianca respectfully submit the following Brief in Support of Motion

for Modification of Order Sealing Records.

### Issue

Whether the Court should modify its order of
September 20, 2005 granting defendants leave to
provide copies of the reports of Stephen P. Schachner, Ph.D.
to representatives of Sarah Reed Children's Center
for review and comment.

### Facts

On September 12, 2005 plaintiffs filed Plaintiffs' Motion to Seal and Supplement Their

Pretrial Statement, requesting that the Court permit them to file a supplement to their pretrial

statement in the form of a report from an expert forensic psychologist and that the Court issue an

order sealing that report "because it contains highly personal and confidential psychological

information." Defendants indicated to plaintiffs before the motion was filed that they had no

objection to the relief requested. On September 12, 2009 the Court issued an Order granting

plaintiffs leave to file a supplement to their pretrial statement and sealing "Plaintiffs' First

Pretrial Statement." The Order continued, "The document shall only be available to the parties,

their representatives, and court personnel." On September 20, 2005 plaintiffs filed Plaintiffs'

Motion to Clarify Order Sealing Records and, on the same date, the Court issued the following

Order:

> IN ERIE, this . . . 20th day of September, 2005,
> based upon the foregoing, it is hereby Order[ed] that Plaintiffs are
> permitted to file the Supplement to Pretrial Statement which
> contains the report of Dr. Stephen Schachner and that supplement,
> which includes Dr. Schachner's report, shall be sealed and not
> available to anyone other than court personnel or the parties to
> this action. This document will remain under seal until further
> order of court.

Dr. Schachner's report is critical of services provided to plaintiffs by Sarah Reed

Children's Center ("Sarah Reed"), which is not a party to this action, but whose services were

provided at the request of defendant The School District of the City of Erie, Pennsylvania

("ESD"). Plaintiffs assert that ESD is liable for the services provided by Sarah Reed of which

Dr. Schachner is critical. Sarah Reed is in possession of all of the factual information on which

Dr. Schachner bases his opinions concerning the services provided by Sarah Reed.

Defendants' ability to defend this action with respect to their alleged responsibility for the

actions of Sarah Reed will be unfairly compromised without serving any legitimate interest in the

confidentiality of the Dr. Schachner's reports unless they are able to provide copies of Dr.

Schachner's reports to representatives of Sarah Reed for review and comment.  Defendants'

counsel requested that plaintiffs consent to the relief requested in this motion before the motion

was filed and plaintiffs counsel indicated plaintiffs would not consent to the relief requested.

**Argument**

**The Court should modify its order of September 20, 2005
granting defendants leave to provide copies of the reports
of Dr. Schachner to representatives of Sarah Reed as plaintiffs
have placed their mental health in issue and the effective
presentation of defendants' case depends on effective pretrial
communication with the witnesses they will call at trial.**

There is a common law presumptive right, and a presumptive right under the First

Amendment to the United States Constitution, of the public to inspect and copy public records

and documents, including judicial records and documents.  **Leucadia, Inc. v. Applied Extrusion**

**Technologies, Inc.**, 998 F.2d 157, 161 (3d Cir. 1993).  Moreover, the psychologist-client

privilege is waived when the client places the confidential information that is the subject of the

privilege at issue in a lawsuit.  **Kraus v. Taylor**, 710 a.2d 1141, 1145 (Pa.Super. 1998).

Plaintiffs assert in this action that they suffered psychological harm because (1) defendants were

deliberately indifferent to sexual harassment of plaintiffs by fellow students while plaintiffs were

students at Strong Vincent High School, (2) defendants improperly placed plaintiffs in Sarah

Reed Children's Center ("Sarah Reed") and (3) persons employed by Sarah Reed failed to

accurately diagnose plaintiffs' psychological conditions and consequently provided inappropriate

treatment to plaintiffs, worsening their psychological damage, defendants being responsible for

the actions of Sarah Reed.  It is respectfully submitted that under these circumstances the Court

should modify its September 20, 2005 order, granting leave to defendants to provide copies of Dr. Schachner's reports to representatives of Sarah Reed for review and comment.

Defendants did not object to plaintiffs' motion for the sealing of Dr. Schachner's expert reports, as sealing those reports from the public had no effect on the defense of plaintiffs' claims and defendants had no interest in advocating the public disclosure of the information contained in those reports. However, since plaintiffs are asserting that Sarah Reed psychologically damaged them and that defendants are responsible for Sarah Reed's conduct in that regard, for them to adequately defend themselves, the criticisms of Sarah Reed must be made known to representatives of Sarah Reed in advance of trial for review and comment. Not only is it fundamentally unfair to do otherwise, but keeping the information from the Sarah Reed representatives would not even serve the protection of any privacy interest, as the facts on which Dr. Schachner's criticisms are based are already known to the Sarah Reed representatives.

The effective presentation of any case at trial requires thorough preparation. Thorough preparation here depends on defendants and their counsel being able to communicate plaintiffs' criticisms, through their expert, of the people whose conduct is alleged to be a basis for defendants' liability, to those same people in advance of trial. Defendants cannot effectively defend themselves if the persons on whose testimony their fate at trial materially depends are not permitted to review, reflect upon and communicate their responses to Dr. Schachner's accusations to defendants and their counsel in advance of trial. Plaintiffs have placed the details of their psychological histories in issue and should not be heard to complain that persons whom they blame for causing them substantial harm are permitted to know that of which they are accused sufficiently in advance of trial to enable defendants to defend themselves.

For these reasons, defendants respectfully request that the Court modify its order of

September 20, 2005 granting them leave to provide copies of the reports of Stephen P.

Schachner, Ph.D. to representatives of Sarah Reed Children's Center for review and comment.


/s/ James T. Marnen_____
James T. Marnen
PA I.D. No. 15858
KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
120 West 10th Street
Erie, PA  16501
General Tel:   814-459-2800
Direct Dial Tel:  814-459-9886, ext. 203
Fax:    814-453-4530
E-mail:jmarnen@kmgslaw.com

Attorney for Defendants,
The School District of the City of Erie, Pennsylvania,
Janet M. Woods and Linda L. Cappabianca

# 634692

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard P., by and for **R.P.**, and Denise L., by and for **K.L.**, | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **SCHOOL DISTRICT OF THE CITY OF** | ) | Civil Action No.  03-390 Erie |
| **ERIE, PENNSYLVANIA; JANET WOODS**, | ) | |
| Individually and in her Capacity as Principal of | ) | |
| Strong Vincent High School; and **LINDA L.** | ) | |
| **CAPPABIANCA**, Individually and in her | ) | |
| Capacity as Assistant Principal of Strong | ) | |
| Vincent High School, | ) | |
| | ) | |
| Defendants | ) | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 30th day of September, 2005, a copy of the

within document was served on all counsel of record and unrepresented parties in accordance with

the applicable rules of court.

/s/  James T. Marnen
James T. Marnen

# 635518