IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard P., by and for **R.P.**, and Denise L., by and for **K.L.**, <br><br> Plaintiffs <br><br> v. <br><br> **SCHOOL DISTRICT OF THE CITY OF ERIE, PENNSYLVANIA; JANET WOODS**, Individually and in her Capacity as Principal of Strong Vincent High School; and **LINDA L. CAPPABIANCA**, Individually and in her Capacity as Assistant Principal of Strong Vincent High School, <br><br> Defendants | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 03-390 Erie <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** |

**REPLY BRIEF IN SUPPORT OF DEFENDANTS' AMENDED MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendants The School District of the City of Erie, Pennsylvania, Janet M. Woods and Linda L. Cappabianca respectfully submit the following Reply Brief in Support of Defendants' Amended Motion for Partial Summary Judgment.

**Issues**

> A. Whether as a matter of law plaintiffs can satisfy their burden of proving those facts necessary to establish the liability of ESD under Title IX for the sexual assaults and the harassment that preceded those assaults.
>
> B. Whether as a matter of law plaintiffs can satisfy their burden of proving those facts necessary to establish the liability of Ms. Woods and Ms. Cappabianca under the Equal Protection Clause and the Equal Rights Amendment of the Pennsylvania Constitution for the sexual assaults and the harassment that preceded and succeeded those assaults.

      C.      Whether as a matter of law the Court is without subject matter jurisdiction to address any claim by plaintiffs that their placement at Sarah Reed violated IDEA, the Rehabilitation Act or Title IX.

## Argument

**A.      As a matter of law plaintiffs cannot satisfy their burden of proving those facts necessary to establish the liability of ESD under Title IX for the sexual assaults and the harassment that preceded those assaults.**

K.L. testified that the sexual assaults involving coerced oral sex occurred on an evening before Thanksgiving 2001 (A36-A37, A206-A207, A212-A216), R.P. testified that the sexual assaults occurred on the evening of November 27, 2001 (A281, p.60; A283-A285, pp.69-74) and plaintiffs contend in Plaintiffs' Corrected Brief in Opposition to Defendants' Partial Summary Judgment Motion ("Plaintiffs' Brief") that those assaults occurred "[s]ometime between Thanksgiving and Christmas 2001."  (Plaintiffs' Brief, p.3)  Ms. Cappabianca testified that all of the students interviewed by Ms. Woods and her, including R.P., very clearly stated that the sexual assaults occurred on December 19, 2001.  (A101, p.24)  Defendants asserted in their Brief in Support of Defendants' Amended Motion for Partial Summary Judgment ("Defendants' Principal Brief") that the Court should determine that plaintiffs' claims under Title IX for damages for those sexual assaults ("Sexual Assaults") and the harassment that allegedly preceded them should not proceed to trial because (1) the harassment of which R.P. complains was not sexual, no teacher or administrator was aware of it and it was of insufficient severity, (2) some of the alleged harassment of which K.L. complains was not sexual and none of it was sufficiently severe to impose liability and (3) the Sexual Assaults were not the result of any deliberate indifference to severe, pervasive and objectively offensive sexual harassment.  Plaintiffs' Brief does not address this issue.

  **B.**  **As a matter of law plaintiffs cannot satisfy their burden of proving those facts necessary to establish the liability of Ms. Woods and Ms. Cappabianca under the Equal Protection Clause and the Equal Rights Amendment of the Pennsylvania Constitution for the sexual assaults and the harassment that Preceded and succeeded those assaults.**

  Plaintiffs' Brief contains an interpretation of Defendants' Principal Brief not intended by defendants, *i.e.* that there is no private right of action for damages under the Sections 26 (Equal Protection Clause) and 28 (Equal Rights Amendment) of the Pennsylvania Constitution. (Plaintiffs' Brief, pp.22-26)  On the contrary, defendants conceded that those sections of the Pennsylvania Constitution would support a cause of action.  (Defendants' Principal Brief, pp.18-19)  Defendants' contention that the liability of Ms. Woods and Ms. Cappabianca cannot be established as a matter of law is based on the insufficiency of plaintiffs' evidence of purposeful discrimination.

  Pennsylvania state courts analyze claims under the Pennsylvania Equal Protection Clause and the Pennsylvania Equal Rights Amendment in the same manner as federal courts analyze claims under the federal Equal Protection Clause.  **Love v. Borough of Stroudsburg**, 528 Pa. 320, 597 A.2d 1137, 1139 (1991); **Williams v. School District of Bethlehem**, 998 F.2d 168, 179 (3d Cir. 1993).  The federal Due Process Clause does not impose an affirmative duty on state or local governments, or their employees, to protect persons from the wrongful conduct of private persons in the absence of a special relationship; as applied to public school districts, the Due Process Clause does not require districts or their employees to protect students from other students.  **D.R. v. Middle Bucks Area Vocational Technical School**, 972 F.2d 1364 (3d Cir.1992).  It follows that the federal Equal Protection Clause also imposes no such duty. **Morlock v. West Central Education District**, 46 F.Supp.2d 892, 918-19 (D.Minn. 1999). Consequently, the Pennsylvania Equal Protection Clause and the Pennsylvania Equal Rights

3

Amendment do not impose liability on Ms. Cappabianca or Ms. Woods for alleged deliberate indifference to the sexual harassment of K.L. and R.P. by other students.

**Andrews v. City of Philadelphia**, 895 F.2d 1469 (3d Cir. 1990), upon which plaintiffs rely, does not suggest the contrary. **Andrews** imposed liability on supervisors for acquiescence in acts of sexual harassment by subordinates toward other subordinates in the course of their employment. Similarly, the deliberate indifference of supervisors of public school teachers to the sexual abuse of students by the teachers is a basis for the liability of the supervisors under the federal Due Process Clause. **Stoneking v. Bradford Area School District**, 882 F.2d 720 (3d Cir. 1988). As stated by the court in **Stoneking**, "The principal distinction between [the] situation [in **DeShaney v. Winnebago County Department of Social Services**, 489 U.S. 189, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989)] and that of Stoneking is that DeShaney's injuries resulted at the hands of a private actor, whereas Stoneking's resulted from the actions of a state employee." 882 F.2d at 724. The harassers in this action were private actors, as were those in **Middle Bucks**, *supra*, which based its decision on **DeShaney**.

Plaintiffs suggest that because the Pennsylvania Equal Rights Amendment does not require state action, it follows that Ms. Cappabianca and Ms. Woods had a duty thereunder to protect them against the conduct of private parties, the students at Strong Vincent. (Plaintiffs' Brief, pp.28-29) Defendants agree that the Pennsylvania ERA does not require state action. However, all that means is that it prohibits sexually discriminatory conduct on the part of public persons, **Welsch v. Aetna Insurance Co.**, 343 Pa. Super. 169, 494 A.2d 409, 412 (1985), and private persons, **Bartholomew v. Foster**, 115 Pa.Cmwlth. 430, 541 A.2d 393, 396 (1988). It does not mean that public persons have an affirmative duty under the ERA to protect private persons from other private persons.

4

For liability to be imposed on the individual defendants plaintiffs must show that plaintiffs' complaints were treated differently by Ms. Cappabianca and Ms. Woods than were those of male students. **Flores v. Morgan Hill Unified School District**, 324 F.2d 1130, 1134-5 (9th Cir. 2003); **Soper v . Hoben**, 195 F.2d 845, 852 (6th Cir. 1999); **Nabozny v. Podlesny**, 92 F.2d 446, 455-6 (7th Cir. 1996). Plaintiffs assert that disparate treatment is demonstrated by the alleged indifference of Ms. Cappabianca and Ms. Woods to the Sexual Assaults and subsequent harassment, the placement of plaintiffs at Sarah Reed, the alleged misrepresentations to the police and stereotyping of plaintiffs, and Ms. Cappabianca's alleged defamation of R.P. (Plaintiffs' Brief, pp.26, 29) However, these contentions, even if supported by sufficient evidence, do not demonstrate discriminatory treatment in the absence of evidence that males were treated differently. Since plaintiffs point to no evidence of the kind, their claims against Ms. Cappabianca and Ms. Woods under the Pennsylvania Equal Protection Clause and the Pennsylvanic Equal Rights Amendment fail as a matter of law.

      **C.**    **As a matter of law the Court is without subject matter Jurisdiction to address any claim by plaintiffs that their placement at Sarah Reed violated IDEA, the Rehabilitation Act and Title IX.**

Title IX prohibits discrimination on the basis of sex, sex discrimination being "differential," or "less favorable," or "intentional unequal treatment" based on gender, and including sexual harassment. **Jackson v. Birmingham Board of Education**, 125 S.Ct. 1497, 1504, 161 L.Ed.2d 361 (2005). Clearly plaintiffs do not contend that the placements at Sarah Reed were sexual harassment. Apparently they assert unequal treatment on the basis of sex. However, as mentioned earlier herein, there is no evidence that plaintiffs were treated differently than were male students.

Moreover, the mere characterization of the placement at Sarah Reed as a violation of Title IX does not relieve plaintiffs of the need to exhaust their administrative remedies under the Individuals with Disabilities Act ("IDEA"). Section 615(l) of IDEA, 20 U.S.C. §1415(l), expressly requires exhaustion before suit is filed alleging violations of federal statutes other than IDEA "seeking relief that is also available under" IDEA. Plaintiffs' assertion that the Sarah Reed placements are discriminatory implies a contention that they were a denial of FAPE for disabled children. The exhaustion requirement may not be circumvented by recasting an IDEA claim as a violation of another statute. **W.B. v. Matula**, 67 F.3d 484, 495-6 (3d Cir. 1995).

Exhaustion of administrative remedies is excused where it would be futile, the child would be irreparably harmed by exhaustion, the relief available administratively would be inadequate, the parents were unaware of their due process administrative rights or the issues involved were purely legal, none of which pertain here. **Matula**, 67 F.3d at 497; **Pardini v. Allegheny Intermediate Unit**, 280 F.Supp.2d 447, 456-7 (W.D.Pa. 2003); **Frith v. Galeton Area School District**, 900 F.Supp. 706, 711 (M.D.Pa. 1995). The mere fact that plaintiffs are seeking money damages does not excuse exhaustion. **Lindsley v. Girard School District**, 213 F.Supp.2d 523, 534 (W.D.Pa.2002).

Moreover, contrary to plaintiffs' contention, the circumstances in this action are not more similar to **Hicks v. Purchase Line School District**, 251 F.Supp.2d 1250 (W.D.Pa.2003) than they are to **Lindsley**. The plaintiff in **Hicks** had graduated from high school at the time the action was brought (251 F.Supp.2d at 1253), while the plaintiff in **Lindsley** had transferred to another school outside the defendant school district (213 F.Supp.2d at 527). At the times of their depositions R.P. attended the tenth grade at North East High School in North East, Pennsylvania (A268, p.6; A273, p.26) and K.L. was in the tenth grade at Sarah Reed (A194).

6

Denise consented to the placement of K.L. at Sarah Reed (A182-A183, pp. 65-71; A587-A598), Shelley consented to the placement of R.P. at Sarah Reed (A579-A586) and Richard did not object even though he knew he had the right to do so (A316-A318, pp.56-62). Shelley and Denise were informed in writing of the right to request a due process administrative hearing and they did not request one. (A580-A581, A587-A588). Plaintiffs' allegations that Shelley's medical condition prevented her intelligent consent to R.P.'s placement and that ESD did not explain the nature of the Sarah Reed program to plaintiffs' parents should be disregarded as support for those contentions appears only in Plaintiffs' Brief, at page 30, and not in the record. **Kauffman v. Johnston**, 454 F.2d 264, 266 (3d Cir. 1972). In any case, there are no cases holding that a lack of an intelligent waiver of any objection to a special education placement is a basis for excusing the exhaustion requirement.

**Conclusion**

It is respectfully submitted that the Court should determine that plaintiffs' claims (1) under Title IX against ESD for damages for the sexual assaults and the harassment that preceded those assaults, (2) under the Equal Protection Clause and the Equal Rights Amendment of the Pennsylvania Constitution against Ms. Woods and Ms. Cappabianca for damages for the sexual assaults and the harassment that preceded and succeeded those assaults and (3) under IDEA and the Rehabilitation Act for damages for the placement of plaintiffs at Sarah Reed may not proceed to trial and that summary judgment should be entered for Ms. Woods and against plaintiffs. This action should proceed to trial regarding the alleged liability of ESD under Title IX for the harassment that succeeded the sexual assaults and the alleged liability of Ms. Cappabianca on R.P.'s claim for defamation under Pennsylvania law.

Respectfully submitted,


/s/  James T. Marnen
James T. Marnen
PA I.D. No. 15858
KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
120 West 10th Street
Erie, PA  16501
General Tel:    814-459-2800
Direct Dial Tel:  814-459-9886, ext. 203
Fax:    814-453-4530
E-mail:jmarnen@kmgslaw.com

Attorney for Defendants,
The School District of the City of Erie,
Pennsylvania, Janet M. Woods and Linda L.
Cappabianca

# 625322

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard P., by and for **RACHEL P.**, and Denise L., by and for **KRISTINA L.**,<br><br>    Plaintiffs<br><br>v.<br><br>**SCHOOL DISTRICT OF THE CITY OF ERIE, PENNSYLVANIA; JANET WOODS**, Individually and in her Capacity as Principal of Strong Vincent High School; and **LINDA L. CAPPABIANCA**, Individually and in her Capacity as Assistant Principal of Strong Vincent High School,<br><br>    Defendants | Civil Action No. 03-390 Erie<br><br><br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 3d day of October, 2005, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

                                                                                 /s/ James T. Marnen
                                                                                 James T. Marnen

#635823

#635823