IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD P. by and for ) | No. 03-390 Erie |
| RACHEL P. and DENISE L. by ) | |
| and for KRISTINA L., ) | |
| ) | Electronically Filed |
| Plaintiffs, ) | |
| ) | |
| v. ) | **Jury Trial Demanded** |
| ) | |
| SCHOOL DISTRICT OF THE CITY ) | |
| OF ERIE, et al ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' MOTION TO AMEND COMPLAINT**

1. This is the motion of Plaintiffs. It seeks leave to amend the Complaint to include claims under the Individuals with Disabilities Education Act (IDEA) and Section 504 of the Rehabilitation Act.

2. Plaintiffs' case has proceeded along the theory that their rights under Title IX and the Pennsylvania Constitution were violated by the conduct of Defendants.

3. However, a theme throughout the case has been the illegality of the Plaintiffs' reassignment to an alternative education setting at Sarah A. Reed Children's Center following their report of sexual assault and sexual harassment, and the harm to the Plaintiffs that ensued from that illegal reassignment.

4. The Plaintiffs were receiving special education when they were students at Strong Vincent. Their special education needs were met by individualized education plans constructed by the School District. Their IEPs addressed only educational issues. There were no behavioral components to either IEP.

5.  While the Plaintiffs were at Strong Vincent, neither girl was a behavior problem, prior to the sexual harassment which is the subject of this case. However, after they were sexually assaulted and after they reported the assault, the School District decided to change their educational placement, remove them from regular schooling, and place them in a more restrictive educational setting at Sarah Reed.

6.  The placement was in an alternative education program that was known to School District officials as a behavior modification program. It was typically a setting for disruptive students who could not adjust to the regular classroom regimen. The reassignment was perceived by the Plaintiffs to be punitive in nature, given its restrictive nature and the severe behavior problems of the other students.

7.  The reassignment to Sarah Reed reflected the Defendant School District's assumption that Plaintiffs were sexually active and required a behavior modification program to learn new social skills that did not include sexual promiscuity.

8.  The decision to effectuate the removal of the Plaintiffs from the regular school setting was made at the top of the decision-making hierarchy. Principal Woods, Vice Principal Cappabianca, and Frank Scozzie, Assistant to the Superintendent and Director of Special Education, decided that Plaintiffs would be placed in the restrictive educational setting of an alternative education program.

9.  The decision to transfer their placement was made illegally, outside the required IDEA channels. There was no IEP meeting, no assessment, no involvement of the professionals who would normally construct an IEP, and no opportunity for the parents to participate in the

decision-making process. The School District thus circumvented the procedural protections that might otherwise have militated against an improper placement.

10. A revised IEP was created for the Plaintiffs by special education supervisor Charlise Moore, who never met with Plaintiffs or their parents. The IEP revision was created by her without any involvement of the school-based educational staff.

11. The IEP document which Moore prepared was meaningless, except as a script to justify the placement of Plaintiffs in Sarah Reed's behavior modification program. It did not address the educational needs of the Plaintiffs, nor did it account for the emotional trauma the Plaintiffs were suffering. Instead, the document focused solely on the Plaintiffs' need to alter their behaviors.

12. The School District conducted no analysis, assessment, or evaluation of the Plaintiffs' needs prior to changing their placement. Little or no consideration was given to whether the placement would meet their individualized educational needs.

13. The parents were asked to consent to the IEP revisions without having the opportunity to meet with any members of the IEP team, in violation of the IDEA.

14. The parents were not given the opportunity to give their informed or knowing consent to the proposed reassignment. They were told that their daughters were being moved to Sarah Reed for their safety and to stop the harassment by other students. They were not told that the placement at Sarah Reed would offer little to no therapy and would not provide individualized education to meet the girls' needs.

15. The parents were forced to consent to the proposed reassignment because the School District had done nothing against the assailants or the harassers to curtail the harassment,

leaving the parents no choice but to agree to placement of their daughters outside the school, for the girls' safety.

16.     The absence of any evaluations, analysis or thought into what would constitute an appropriate placement for the Plaintiffs on the part of the School District deprived Sarah Reed's admissions committee of information necessary to assess the appropriateness of the placement. Sarah Reed accepted the Plaintiffs into its program simply because the School District had referred them. In essence, Sarah Reed had to rely on Scozzie and Woods' recommendation, which was predicated on removing the Plaintiffs from the school at any cost, even if the cost was Plaintiffs not being offered an appropriate educational placement.

17.     The reassignment of the Plaintiffs needlessly compounded injuries already suffered by Plaintiffs. The treatment afforded the Plaintiffs at Sarah Reed was grossly inappropriate for girls suffering from post-traumatic stress syndrome, anxiety, and depression and caused them to spiral downward rapidly. Because of the inappropriateness of the placement, the girls lost years of education and social development and suffered lasting harm.

18.     In Defendants' motion for partial summary judgment, the Defendants sought to assert that Plaintiffs should be precluded from raising claims under the IDEA and the ADA because Plaintiffs had not exhausted their administrative remedies under the IDEA. The discovery in this case focused intensively on the placement of the Plaintiffs at Sarah Reed. The depositions of the school officials involved in the placement have been taken. Additionally, School District's counsel questioned the Plaintiffs and their parents concerning the placement at Sarah Reed. Sarah Reed officials have been deposed, and its records have been produced and are available for both parties. Delays in the preparation and presentation of this motion were

necessitated by waiting for the psychological report of Stephen Schachner, PhD, the Plaintiffs' expert. That report has now been provided to the Defendants. Since the Defendant School District raised this matter in its motion for partial summary judgment, there would be no prejudice if the motion were granted at this time.

 WHEREFORE, Plaintiffs requests this Court to permit Plaintiffs to file the attached Second Amended Complaint.

 Respectfully submitted,

s/ Edward A. Olds
Edward A. Olds, Esquire
Pa. I.D. No. 23601
Carolyn Spicer Russ
Pa. I.D. No. 36232
Richard S. Matesic
Pa. I.D. No. 72211

1007 Mount Royal Boulevard
Pittsburgh, PA 15223
(412) 492-8975
(412) 492-8971 (facsimile)
edolds@earthlink.net

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 13, 2005, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James T. Marnen, Esquire<br>
KNOX McLAUGHLIN GORNALL &<br>
SENNETT, P.C.<br>
120 West Tenth Street<br>
Erie, PA 16501-1461

                                           S/ Edward A. Olds  
                                           Edward A. Olds, Esquire