IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard P., by and for **R.P.**, and Denise L., by and for **K.L.**, <br><br>    Plaintiffs<br><br>v.<br><br>**SCHOOL DISTRICT OF THE CITY OF ERIE, PENNSYLVANIA; JANET WOODS**, Individually and in her Capacity as Principal of Strong Vincent High School; and **LINDA L. CAPPABIANCA**, Individually and in her Capacity as Assistant Principal of Strong Vincent High School,<br><br>    Defendants | Civil Action No. 03-390 Erie<br><br><br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

**BRIEF IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO AMEND COMPLAINT**

Defendants The School District of the City of Erie, Pennsylvania and Linda L. Cappabianca respectfully submit the following Brief for Defendants in Opposition to Plaintiffs' Motion to Amend Complaint.

**Issue**

Whether Plaintiffs' Motion to Amend Complaint should be denied because plaintiffs have failed to exhaust the administrative remedies afforded by IDEA.

**Facts**

This action was commenced on November 24, 2003, plaintiffs R.P. and K.L., by their parents, Richard P. ("Richard") and Denise L. ("Denise"), filing a Complaint against defendants The School District of the City of Erie, Pennsylvania ("ESD"), Janet M. Woods and Linda L.

Cappabianca.  (A1, A3, A9-A31)  R.P and K.L. asserted in their Complaint that they were victims of sexual harassment, including rape, by fellow students at Strong Vincent High School ("Strong Vincent") during the 2001-2002 school year, at a time when Strong Vincent housed a middle school (grades 7 through 9) and a high school (grades 10 through 12), and defendant Woods was the principal of Strong Vincent and defendant Cappabianca was an assistant principal, assigned to the middle school.  (A9-A31)

Plaintiffs' Complaint asserted four theories of recovery in four separate counts.  Count I alleged a violation by ESD of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq,* ("Title IX"), while Counts II and III asserted causes of action against defendants ESD and Cappabianca pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983 ("Section 1983"), for violation of the Equal Protection and Due Process Clauses of the Fourteenth Amendment to the United States Constitution.  (A26-A29).  Count IV set forth a claim against defendants Cappabianca and Woods for violation of Sections 26 (Equal Protection Clause) and 28 (Equal Rights Amendment) of the Pennsylvania Constitution.  (A29)

On November 22, 2004 defendants filed a Motion for Judgment on the Pleadings, seeking the dismissal of Counts II and III of the Complaint.  (A6, A32-A36)  The Court heard oral argument on the motion on January 12, 2005 (A37-A60), entering an order that same day granting the motion, dismissing Counts II and III (A56-A58).  On March 11, 2005, with leave from the Court, plaintiffs filed an Amended Complaint, referring to Count IV of the original Complaint as Count II of the Amended Complaint and adding a new Count III, asserting a claim for defamation under Pennsylvania law against defendant Cappabianca.  (A7-A8, A61-A82)

On August 1, 2005 defendants filed Defendants' Motion for Partial Summary Judgment and on August 16, 2005 the Court granted Defendants' Motion to Seal Defendants' Motion for Partial Summary Judgment, Appendix and Brief and to File Amended Motion, Appendix and

Brief in compliance with W.D.PA.L.R. 5.1.1.  On August 18, 2005 Defendants' Amended Motion for Partial Summary Judgment was filed.

On November 2, 2005 Defendants' Amended Motion for Partial Summary Judgment was granted in part, the Court dismissing (1) that portion of Count I of plaintiffs' Amended Complaint that asserted violations of Title IX by ESD regarding the assaults of plaintiffs that occurred either on the evening of November 27, 2001 or the evening of December 19, 2001 and all alleged harassment of plaintiffs that preceded those assaults, (2) Count II of the Amended Complaint and (3) plaintiffs' claim that the placement of plaintiffs at Sarah Reed Children's Center ("Sarah Reed") was in violation of Title IX.  The claims in the Amended Complaint that remained after the Court issued its order were (1) the Title IX claim against ESD in Count I for the alleged sexual harassment of plaintiffs following the sexual assaults mentioned above, including two subsequent assaults of R.P., and (2) the defamation claim against defendant Cappabianca in Count III.

On October 13, 2005 plaintiffs filed Plaintiffs' Motion to Amend Complaint, attaching a proposed Second Amended Complaint.  The Preliminary Statement of the proposed Second Amended Complaint contains changes to the Amended Complaint, and a Count IV is added to the Amended Complaint, asserting claims under Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act") and the Individuals with Disabilities Education Act ("IDEA").  Plaintiffs assert in that Count IV that the placement process with respect to Sarah Reed was in violation of IDEA and the Rehabilitation Act, and that the related services delivered to plaintiffs at Sarah Reed amounted to a denial of a free appropriate public education ("FAPE").  Count IV admits that plaintiffs have not pursued administrative remedies under IDEA and asserts that their consent to the placement at Sarah Reed was fraudulently induced.

The record in the summary judgment proceedings indicates that Denise consented to the placement of K.L. at Sarah Reed (A182-A183), pp.65-71; A587-A598), Shelley P., the mother of R.P., consented to the placement of R.P at Sarah Reed (A579-A586), and Richard did not object to the placement even though he knew that he had the right to do so (A316-A318, pp.56-62). Shelley and Denise were informed in writing of the right to request a due process administrative hearing and they did not request one. (A580-A581, A587-A588)

### Argument

**Plaintiffs' Motion to Amend Complaint should be denied because plaintiffs have failed to exhaust the administrative remedies afforded by IDEA.**

A party may amend its pleading once as a matter of course before a responsive pleading is served or, if no responsive pleading is permitted and the action is not listed for trial, within twenty days after the pleading was served. Otherwise the written consent of the adverse party or leave of court is required, and leave is "freely given when justice so requires." Fed.R.Civ.P. 15(a). However, the district court has the discretion to deny a motion to amend a pleading when it is "apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." **Lake v. Arnold**, 232 F.3d 360, 373 (3d Cir. 2000). Defendants contend that the record in this action demonstrates that the amendment should be denied on the basis of its futility, *i.e.* plaintiffs have failed to exhaust their administrative remedies under IDEA.

It is clear in this circuit that an amendment to a complaint is futile if it would not survive a motion to dismiss under Fed.R.Civ.P. 12(b)(6). **Smith v. National Collegiate Athletic Association**, 139 F.3d 180, 190 (3d Cir. 1998). However, aside from the reference in **Lake v.**

4

**Arnold** to "the record," defendants have been unable to locate authority in the Third Circuit on the issue of whether futility may be found if the amendment would not survive a motion for summary judgment. The Ninth Circuit has addressed this issue, concluding that "futility includes the inevitability of a claim's defeat on summary judgment." **Johnson v. American Airlines, Inc.**, 834 F.2d 721, 724 (9th Cir. 1987). Indeed, defendants can think of no justification for allowing a claim to proceed where the record independent of the amendment itself demonstrates "that there is no genuine issue as to any material fact and that [defendants are] entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The admissions in plaintiffs' proposed Second Amended Complaint and the record in support of Defendants' Amended Motion for Partial Summary Judgment demonstrate that plaintiffs have not exhausted their IDEA administrative remedies and, therefore, they should not be permitted to file the Second Amended Complaint asserting claims under IDEA and the Rehabilitation Act.

     IDEA, **20 U.S.C. §1401,** *et seq.* ("IDEA"), makes federal funds available to state special education programs on the condition that states implement policies assuring FAPE for all of their disabled children, which must be tailored to the unique needs of each disabled student through the formulation of an individualized education program ("IEP"). **Ridgewood Board of Education v. N.E.**, 172 F.3d 238, 247 (3d Cir. 1999). The Rehabilitation Act, **29 U.S.C. §794**, provides, *inter alia*, that "[n]o otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Regulations promulgated under the Rehabilitation Act also impose requirements on the states with respect to the implementation of the policies of the Rehabilitation Act. **34 CFR §104.31,** *et seq.* IDEA and the Rehabilitation Act, while phrased differently, guarantee the same FAPE for disabled persons. **W.B. v. Matula**, 67 F.3d 484, 492-3 (3d Cir. 1995).

The Pennsylvania statutory vehicle for the implementation of IDEA's policies is found in the Public School Code of 1949, **24 P.S. §13-1371,** *et seq.* Regulations of the Pennsylvania Department of Education appear at **22 Pa. Code §14.101,** *et seq.* regarding special education programs. Regulations of the United States Department of Education on special education, promulgated under IDEA, appear at **34 CFR §300.1,** *et seq.* United States Department of Education regulations promulgated under the Rehabilitation Act with respect to preschool, elementary and secondary school students appear at **34 CFR §104.31,** *et seq.*,and the Pennsylvania regulations that address school districts' responsibilities under the Rehabilitation Act appear at **22 Pa. Code §15.1,** *et seq.*

While the Rehabilitation Act regulations contain only general statements relating to the evaluation of disabled children and due process procedures that provide protection of their rights, the regulations promulgated under IDEA set forth with great specificity evaluation and due process procedures concerning children with disabilities who, by reason thereof, need special education and related services. **34 CFR §§300.500-300.517**, **300.530-300.536**. The Rehabilitation Act regulations do require recipients of federal financial assistance to "adopt grievance procedures that incorporate appropriate due process standards and provide for the prompt and equitable resolution of complaints alleging any action prohibited by" the Rehabilitation Act regulations. **34 CFR §104.7(b)**. The Pennsylvania regulations that have been adopted to satisfy the due process requirements of IDEA appear at **22 Pa. Code §§14.161-14.162**, while those that relate to due process under the Rehabilitation Act appear at **22 Pa. Code §15.8**.

Section 1983 allows an award of money damages for violation of IDEA and the Rehabilitation Act, and the latter independently permits an award of damages for violation of its terms. **Matula at 493-4.** However, before a civil action is filed under Section 1983 or the

6

Rehabilitation Act regarding the rights of students with disabilities "seeking relief that is also available under" IDEA, the administrative procedures specified by IDEA must be exhausted. **20 U.S.C. §1415(l)**; **Matula at 495**; **Jeremy H. v. Mt. Lebanon School District**, 95 F.3d 272, 281 (3d Cir. 1996); **Charlie F. v. Board of Education of Skokie School District 68**, 98 F.3d 989, 991 (7th Cir. 1996).

The courts lack subject matter jurisdiction over an action where the plaintiff has not exhausted the administrative remedies relating to that action, unless exhaustion would be futile or inadequate. **Honig v. Doe**, 484 U.S. 305, 108 S.Ct. 592, 606, 98 L.Ed.2d 686 (1988). Exhaustion of the administrative process under IDEA "allows for the exercise of discretion and educational expertise by state and local agencies, affords full exploration of technical educational issues, furthers development of a complete factual record, and promotes judicial efficiency by giving these agencies the first opportunity to correct shortcomings in their educational programs for disabled children." **Hoeft v. Tucson Unified School District**, 967 F.2d 1298, 1303 (9th Cir. 1992).

While **20 U.S.C. §1415(l)** by its express terms does not require exhaustion of administrative remedies where the civil action filed does not seek "relief . . . also available" under IDEA, and while money damages are not available in the IDEA administrative process, that is not to say that the student and her parents may simply ignore that process, opting out of it merely by choosing to file a lawsuit for damages. **Charlie F. at 993**. Where available administrative procedures are capable of providing relief, even if it is not the relief plaintiffs would prefer, exhaustion of the administrative process is necessary, to permit the education professionals with the requisite expertise to address the case and to provide a record for the Court in the event of an appeal. **Lindsley v. Girard School District**, 213 F.Supp.2d 523, 537-8 (W.D.Pa. 2002).

At the times of their depositions R.P attended the tenth grade at North East High School in North East, Pennsylvania (A268, p.6; A273, p.26) and K.L. was in the tenth grade at Sarah Reed (A194).  While Plaintiffs' Pretrial Statement indicates that R.P. resides in North East, Pennsylvania, it also indicates that K.L. now resides in San Diego, California.  However, the mere fact that plaintiffs no longer reside in the defendant school district does not prevent their recovering compensatory education in the administrative process.  **Lindsley at 527, 536-7**; **Neshaminy School District v. Karla B.**, 1997 WL 137197 at p. 6 (E.D. Pa.).  On the other hand, an amendment to IDEA effective July 1, 2005 requires that requests for due process hearings are to be made "within two years of the date the parent . . . knew or should have known about the alleged action that forms the basis of the complaint" or within such time as state law allows; Pennsylvania law contains no such limitation.  The two-year period is inapplicable where the parent was prevented from requesting a hearing because of misrepresentations by the school district that it had "resolved the problem" or because of the school district's withholding of information, neither of which exceptions apply here.  Since plaintiffs knew about the placement in January 2002, the time for requesting a hearing expired almost two years ago.

Nonetheless, the present unavailability of an administrative hearing does not mean that the administrative remedies afforded by IDEA are futile or inadequate.  The unavailability of administrative remedies at this juncture is solely the result of plaintiffs failing to request those remedies.  Permitting plaintiffs to opt into futility would frustrate the process contemplated by IDEA for the prompt resolution by parents and educators of disputes concerning the special education and related services afforded children.  The administrative process was available to plaintiffs in this case for over three years, which should be enough to avoid any assertion of futility.  **Frazier v. Fairhaven School Committee**, 276 F.3d 52, 63 (1st Cir. 2002); **Cudjoe v. Independent School District No. 12**, 297 F.3d 1058, 1067 (2002).

8

## Conclusion

It is respectfully submitted that plaintiffs' failure to exhaust the administrative remedies afforded by IDEA should preclude their assertion of claims in this action under the Rehabilitation Act and IDEA that the process relative to the placement of plaintiffs at Sarah Reed was illegal and that the services afforded plaintiffs after their placement at Sarah Reed were inappropriate.  Accordingly, Plaintiffs' Motion to Amend Complaint should be denied.

Respectfully submitted,

/s/  James T. Marnen
James T. Marnen
PA I.D. No. 15858
KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
120 West 10th Street
Erie, PA  16501
General Tel:    814-459-2800
Direct Dial Tel:  814-459-9886, ext. 203
Fax:    814-453-4530
E-mail:jmarnen@kmgslaw.com

Attorney for Defendants,
The School District of the City of Erie,
Pennsylvania and Linda L. Cappabianca

# 625322

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard P., by and for **RACHEL P.**, and Denise L., by and for **KRISTINA L.**,<br><br>Plaintiffs<br><br>v.<br><br>**SCHOOL DISTRICT OF THE CITY OF ERIE, PENNSYLVANIA; JANET WOODS**, Individually and in her Capacity as Principal of Strong Vincent High School; and **LINDA L. CAPPABIANCA**, Individually and in her Capacity as Assistant Principal of Strong Vincent High School,<br><br>Defendants | Civil Action No. 03-390 Erie<br><br><br><br><br><br><br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 2d day of November, 2005, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

/s/ James T. Marnen
James T. Marnen

#641571