IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD P., by and for R.P.,
and DENISE L, by and for K.L.,
    Plaintiffs

    v.    CIVIL ACTION NO. 03-390 ERIE

SCHOOL DISTRICT OF THE CITY OF
ERIE, PENNSYLVANIA, et al.,
    Defendants

PRETRIAL MOTIONS

Proceedings held before the HONORABLE

SEAN J. McLAUGHLIN, U.S. District Judge,

in Courtroom C, U.S. Courthouse, Erie,

Pennsylvania, on Monday, November 14, 2005.

APPEARANCES:
    EDWARD A. OLDS, Esquire, and CAROLYN SPICER,
    RUSS, Esquire, appearing on behalf of the
    Plaintiffs.

      JAMES T. MARNEN, Esquire, appearing on behalf of the Defendants.

Ronald J. Bench, RMR - Official Court Reporter

2

1      P R O C E E D I N G S

2

3      (Whereupon, the proceedings began at 1:26 p.m., on

4  Monday, November 14, 2005, in Courtroom C.)

5

6      THE COURT:  All right, we have two matters to take

7  up.  We have the motion to amend the complaint, then most

8  recently we have a motion seeking clarification of order

9  granting partial summary judgment, and plaintiffs' motion for

10  leave to reply to defendants' opposition to plaintiffs' motion

11  to amend complaint or, alternatively, motion for stay to permit

12  exhaustion of administrative remedies.  All right, Mr. Olds, do

13  you want to come up to the podium.

14        MR. OLDS:  Your Honor --

15        THE COURT:  Before you start, I have a feeling that

16  we may, and I underline may, be able to shorten our discussion,

17  maybe not.  But I have read these papers, I read them, the most

18  recently filed batch and I went back and looked at the hearing

19  on the motion for partial summary judgment, particularly

20  insofar as it relates to your request to recover damages based

21  upon the placement of the children at Sarah Reed.  And let me

22  make an observation.  It strikes me that everyone has perhaps

23  been missing the obvious here.  And that is if you have and

24  pled a viable Title IX claim based upon the alleged sexual

25  harassment and abuse which occurred, and you have, and if.

3

1  Title IX is nothing more in the sense than a vehicle to redress

2  certain types of tortious conduct, then why aren't you -- if a

3  jury returns a verdict in your favor on the underlying

4  liability issues, why isn't the district liable as a matter of

5  law for all sequelae for damages that naturally flow from that,

6  including your claim, if proven, that the children sustained

7  additional psychological injury as a result of the placement?

8          MR. OLDS:  Well, I think that the answer to that is

9   they probably are.  The school district probably is liable

10  under tort theory for all of that.

11          THE COURT:  Under Title IX?

12          MR. OLDS:  And under Title IX.

13          THE COURT:  So what are we talking about.  I didn't

14  make that clear, I am subsequently -- I'm not going do it yet

15  because I'm going to give Mr. Marnen a chance to disabuse me of

16  it -- but if that's the case, doesn't that go a long way

17  towards clearing a lot of this up?

18          MR. OLDS:  Absolutely, it does.

19          THE COURT:  All right, let me hear from Mr. Marnen.

20  Do you want to respond to that point?

21          MR. MARNEN:  Your Honor, I think I agree with you.

22          THE COURT:  I told you this would move faster.

23          MR. MARNEN:  I think I do.

24          THE COURT:  It was unspoken at the first hearing,

25  but I'm not even sure -- put it this way.  It appears to me

4

1   that both of you were ships passing in the night on this

2  amendment issue to a certain extent.  Do you concede, only for

3  purposes of this hypothetical, if the school district is found

4  liable for deliberate indifference on the Title IX claim, and

5  as a result of which the harassment and abuse causally

6  occurred, then you would also be liable for any foreseeable

7  sequelae of that, including, if they can prove it, any

8  additional psychological damage sustained as a result of the

9  placement?

10             MR. MARNEN:  Yes, sir.

11             THE COURT:  All right.

12             MR. MARNEN:  Except that, and this is where I want

13  to clear things up.  What I am conceding is that the school

14  district would be responsible under Title IX for all sequelae

15  following -- assuming it was proved to the jury, deliberate

16  indifference to the harassment at Strong Vincent.

17             THE COURT:  Right.

18             MR. MARNEN:  And that those sequelae would include

19  all emotional distress thereafter.

20             THE COURT:  Right.

21             MR. MARNEN:  Even though some of that emotional

22  distress -- even though a contributing factor may have been

23  inappropriate treatment at Sarah Reed, I think, however, that

24  the plaintiffs want to talk about the appropriateness of that

25  treatment, too, and that's what I'm objecting to.  And so

                                5

1   technically they --

2          THE COURT:  I think, I'm going to return to him in a

3   second, but the way I see this thing teed up is the plaintiff

4   wants to amend the complaint, one, to state a 1983 claim under

5   IDEA or a violation of IDEA's procedural requirements, plus the

6   result that was obtained, that's number one?

7          MR. MARNEN:  Yes, sir.  They'd also like to call

8   that Title IX.

9          THE COURT:  And, secondly, they want, rather than

10  Title IX providing a remedy based upon an underlying deliberate

11  indifference with respect to the one-on-one harassment, it

12  strikes me that the plaintiff wants to amend to state a

13  separate Title IX claim for what was essentially an IDEA

14  violation?

15          MR. MARNEN:  I agree with that.  I'm not sure they

16  do.

17          THE COURT:  Well, I'm going to let him speak to it.

18  But, in any event, let me get him back up here now.  Because it

19  will work better if he can state his views on that.  Now, we're

20  kind of now -- we're in the clarification mode, I'm addressing

21  your motion to clarify.  Notwithstanding the fact that you can

22  recover all your damages for this inappropriate placement, you

23  now still want to bring a separate claim under IDEA and 1983?

24          MR. OLDS:  Well, if I can recover all of my --

25          THE COURT:  Pain and suffering, psychological

                                6

1  damage.

2          MR. OLDS:  Arising out of the placement, I don't

3  need to bring the IDEA action.  I think that originally we saw

4  it as a Title IX, I think it might be an IDEA violation there.

5  But I think, assuming that the transfer is part of the Title IX

6  case, then I don't need the IDEA claim.

7          THE COURT:  I want to be clear on it because I don't

8  want to be unintentionally vague and create confusion at time

9  of trial.  To be clear on this, you do not have an independent

10  Title IX claim based upon what you claim to be the

11  inappropriate, the failure to follow IDEA procedures and the

12  alleged inappropriate placement, which would include a failure

13  to provide sufficient psychiatric services, you don't have

14  that. But what you do have is a viable Title IX claim for

15  damages -- for injury on the front end, which would include any

16  damages you claim you sustained as a result of the

17  inappropriate placement, do you understand that?

18        MR. OLDS:  Yes, I do.  My only quibble would be

19  that - and just really for purposes of clarification because I

20  think what you're suggesting covers our concern, but if I can

21  just step back for a second.

22        THE COURT:  All right.

23        MR. OLDS:  Sarah Reed served two functions for the

24  Erie School District.  One was it was an alternative education

25  placement for children with discipline problems.

7

1        THE COURT:  Right.

2        MR. OLDS:  Two, it offered a partial hospitalization

3  program for kids who had had disabilities.  So the evidence

4  which we suggest that the placement there was for the first

5  reason, as an alternative educational placement for children

6  with behavioral problems.  If that was done, that violates

7  Title IX, irrespective of the IDEA, according to us.  But if we

8  can allege the damages that the placement, that their

9  placement -- and if there are resulting damages from the

10  placement, we achieve there --

11       THE COURT:  You know what this is like, this is like

12  the Last Regatta case, except in a different context.  That is

13  if you're injured in an automobile, if the tortfeasor injures

14  someone in an automobile accident, and that person is then

15  taken to a hospital where they received substandard care, that

16  person is on the hook for everything.  And Title IX is just a

17  statutory vehicle to redress what is really a statutory tort.

18  And so I view it the same way.

19       MR. OLDS:  Well, if that's the case, then that

20  serves to clarify.

21       THE COURT:  I am going to get an order on the record

22  here with respect to these various matters.  Is there anything

23  else you want to tell me -- at the risk of looking a gift horse

24  in the mouth, you may not want to?

25       MR. OLDS:  No, there's nothing else, your Honor.

1      MR. MARNEN:  May I, your Honor.

2      THE COURT:  Come on back up here.

3      MR. MARNEN:  I want to make sure I understand.  I

4  think your Honor is saying, I think we've just agreed, but I'm

5  not sure.  That the wrongful conduct of which the plaintiff may

6  complain at trial is limited to the indifference displayed at

7  Strong Vincent High School, and it does not include the

8  referral or placement at Sarah Reed, even though as a matter of

9  law we're responsible for whatever happened during the course

10  of that?

11      THE COURT:  In essence, that's right, but to put a

12  finer point on it.  The question as to whether or not the

13  conduct was appropriate -- from a liability standpoint, the

14  question as to whether the placement was appropriate or

15  inappropriate, whether viewed through the IDEA lens or

16  something else is irrelevant -- to the plaintiffs' ability to

17  recover damages for that.  But in order for the plaintiff to

18  recover damages for that conduct, it's still, as it would be

19  true for any discreet element of damage, has to be proven by a

20  preponderance of the evidence.  In other words, has to come

21  forward with psychiatric evidence from which a jury could

22  conclude that it is more likely than not that the children

23  suffered additional psychiatric trauma as a result of the

24  placement. Does that make it clear?

25          MR. MARNEN: Yes, it does, thank you.


                                9


1           THE COURT: All right. By the way, just before you

2  go. Did they place the children there for their safety or did

3  they place the children there because the school thought they

4  had behavioral problems?

5           MR. MARNEN: We have a clear difference of opinion

6  on that.

7           THE COURT: I'm only asking for the position of the

8  school district?

9           MR. MARNEN: The school district's position is they

10  were placed there for two reasons. One was for safety and the

11  second one was for attending to their emotional needs. I think

12  the plaintiffs agree with the first part, but disagree with the

13  second. That they, I think that they are characterizing it as

14  a disciplinary placement based upon inappropriate conduct by

15   the plaintiffs. Although, there is some discussion in their

16   brief about safety. I'm not sure, maybe you want to talk about

17   that.

18          MR. OLDS: I think that ultimately a jury is going

19   to have to decide -- decide the motive in the placement.

20          THE COURT: No, they're not. No, they're not,

21   you're not listening to me. Why would they have to. It

22   doesn't matter whether it was good intentioned or bad

23   intentioned, if as a result of the action your children were

24   damaged, they can recover.

25          MR. OLDS: Okay, then I can answer your question,

                                10

1   the school district said to the parents originally we're

2   placing the kids their for their safety.

3          THE COURT: All right. By the way, this was just

4   academic interest on my part, not that I consider the reason

5   germane to a resolution of that claim.

6          MR. OLDS: I understand that. But just let me

7   clarify. The paperwork suggested it was for behavioral

8   problems. And then now at deposition they said we did it to

9   make them healthy.  So there are three reasons that the school

10  district has said that.  But I understand your point that if we

11  prove the original, the underlying tort and the continuing

12  injury, then the school district is liable for the continuing

13  injury.

14          THE COURT:  That's my view.  All right, let me get

15  an order on the record.

16                          ORDER

17          Presently pending before the court is a motion to

18  amend the complaint -- pertinently, which would include a claim

19  under 1983 for a violation of the IDEA provisions.  Based upon

20  the discussion which I just had with plaintiffs' counsel and

21  which will be explained more fully in connection with my

22  discussion on the motion for clarification, I am informed by

23  plaintiffs' counsel that the IDEA claim will not be pursued

24  under the guise of a 1983 action and, consequently, the motion

25  to amend the complaint in that respect is denied as moot.


                                11


1           With respect to the motion for clarification of the

2   order granting partial summary judgment, to the extent that I

3   haven't made it clear earlier in the discussion, in my view the

4   present Title IX claim as it exists provides a remedy for any

5   damages flowing from the original assaults.  Including any

6   emotional or psychological harm, if proven, sustained as a

7   result of the children's placement at Sarah Reed.  To put a

8   finer point on it, I am not saying that there is a separate

9   Title IX claim growing directly out of the alleged

10  inappropriate placement at Sarah Reed, rather, the

11  inappropriate placement at Sarah Reed is the damage tail, if

12  proven, which rides on the body of the original Title IX claim,

13  which is the claim based on sexual harassment or abuse.  So I

14  granted the motion for clarification because I've just

15  clarified.

16          Plaintiffs' motion for leave to reply to defendants'

17  opposition to plaintiffs' motion to amend complaint is denied

18  as moot.

19          And plaintiffs' motion for stay to permit exhaustion

20  of administrative remedies is denied as moot, given the

21  withdrawal of the 1983 IDEA claim.

22          All right.  So all the motions are gone now, this

23  thing is teed up as well as it's ever going to be.  Off the

24  record.

25        (Discussion held off the record.)

                               12

1         (Whereupon, at 1:45 p.m., the proceedings were

2   concluded.)

3

4                    - - -

5

6

7              C E R T I F I C A T E
               _ _ _ _ _ _ _ _ _ _ _

8

9

10

11      I, Ronald J. Bench, certify that the foregoing is a

12   correct transcript from the record of proceedings in the

13   above-entitled matter.

14

15

16

17   _____

18  Ronald J. Bench

19

20

21

22

23

24

25