```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD P. by and for        )    No. 03-390 Erie
RACHEL P. and DENISE L. by   )
and for KRISTINA L.,         )
                             )
        Plaintiffs,          )
                             )
        v.                   )    Jury Trial Demanded
                             )
SCHOOL DISTRICT OF THE CITY  )    Electronically Filed
OF ERIE, et al               )
                             )
        Defendants.          )
```

## PLAINTIFFS' MOTION IN LIMINE
## CONCERNING ASKING LEADING QUESTIONS TO PLAINTIFFS ON DIRECT

1. Plaintiffs file this motion for a ruling that their counsel shall be permitted to use leading questions in their direct examination, to the extent they are required, to elicit all of the evidence and facts within their knowledge.

2. Rachel P. and Kristina L. are both minors.

3. The events which occurred which are subject to this case happened when the girls were 12. The girls are currently 17 and 16.

4. Kristina L. has been identified as being moderately mentally retarded. Both girls have been identified as requiring special education because of communication issues.

5. While Plaintiffs' counsel does not believe the examination of Plaintiffs will be entirely, or even principally, through the vehicle of leading questions, counsel anticipates that there will

be points in time when it will be necessary to ask leading questions to Plaintiffs.

6. While Federal Rule of Evidence 611(c) normally does not permit leading questions during direct examination, "district courts have the discretion to depart from this routine, particularly when the witness is a young victim." **United State v. Demarrias**, 876 F.2d 674, 678 (8th Cir. 1989). See also **United States v. Littewind**, 551 F.2d 244, 245 (8th Cir. 1977). See also **Antelope v. United States**, 185 F.2d 174 (10th Cir. 1950).

7. Plaintiffs acknowledge that it is not appropriate for this Court to make "blanket" evidentiary terminations concerning issues such as this outside the context of trial. **Glass v. Philadelphia Electric Co.**, 34 F.3d 188, 195 (3d Cir. 1994). However, Plaintiffs wish to flag the issue for purposes of noting that the issue could come up in this proceeding.

WHEREFORE, Plaintiffs request this Court permit the counsel to pose leading questions on direct examination of Plaintiffs, as is necessary to permit Plaintiffs to tell their story.

Respectfully submitted,


<u>  s/ Edward A. Olds  </u>
Edward A. Olds, Esquire
Pa. I.D. No. 23601
Carolyn Spicer Russ
Pa. I.D. No. 36232
Richard S. Matesic
Pa. I.D. No. 72211

1007 Mount Royal Boulevard
Pittsburgh, PA 15223
(412) 492-8975
*Counsel for Plaintiff*

## **CERTIFICATE OF COMPLIANCE**
## **WITH LOCAL RULES**

Plaintiffs' counsel certifies that he discussed the presentation of this motion with defense counsel. Defense counsel did not indicate that he opposed the motion, or the presentation of evidence through direct testimony within limits. Plaintiffs' counsel thought it appropriate to file the motion so that the evidentiary issues could be discussed.


Date: January 13, 2006            /s/Edward A. Olds, Esquire

**CERTIFICATE OF SERVICE**

I hereby certify that on January 13, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

>James T. Marnen, Esquire
>KNOX McLAUGHLIN GORNALL &
>SENNETT, P.C.
>120 West Tenth Street
>Erie, PA 16501-1461

>S/ Edward A. Olds
>Edward A. Olds, Esquire