IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard P., by and for **R.P.**, and Denise L., by and for **K.L.**,<br><br>Plaintiffs<br><br>v.<br><br>**SCHOOL DISTRICT OF THE CITY OF ERIE, PENNSYLVANIA; JANET WOODS**, Individually and in her Capacity as Principal of Strong Vincent High School; and **LINDA L. CAPPABIANCA**, Individually and in her Capacity as Assistant Principal of Strong Vincent High School,<br><br>Defendants | ) | Civil Action No. 03-390 Erie<br><br>**JURY TRIAL DEMANDED** |

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION IN LIMINE**

Defendants The School District of the City of Erie, Pennsylvania and Linda L. Cappabianca respectfully submit the following Brief in Support of Defendants' Motion in Limine.

**Issues**

A. Whether plaintiffs, their counsel and their witnesses, including their expert witness, Dr. Schachner, should be precluded from asserting at the trial of this action that any employee of defendant School District had a specific duty to report any sexual activity between plaintiffs and other students to any public agency.

B. Whether plaintiffs, their counsel and their witnesses, including their expert witness, Dr. Schachner, should be precluded from stating, arguing and testifying at the trial of this action in regard to alleged acts of sexual harassment that occurred prior to the sexual assaults of December 19, 2001.

C. Whether plaintiffs, their counsel and their witnesses, including their expert witness, Dr. Schachner, should be precluded from asserting at the trial of this action that the placement of plaintiffs at Sarah Reed Children's Center in January 2002 was improper.

## Argument

**A. Plaintiffs, their counsel and their witnesses, including their expert witness, Dr. Schachner, should be precluded from asserting at the trial of this action that any employee of defendant School District had a specific duty to report any sexual activity between plaintiffs and other students to any public agency, since no such duty existed.**

Plaintiffs assert in their Plaintiffs' Pretrial Statement that on the day following the December 19, 2001 sexual assaults upon the minor plaintiffs defendant Cappabianca became aware of those assaults and she "opted to do nothing, in violation of the mandatory-reporting law that required her to report sexual abuse of a minor . . . ." (Plaintiffs' Pretrial Statement, pp.1-2) They contend that "[u]nder Pennsylvania's mandatory-reporting laws, [defendant] Cappabianca had an obligation to report the incident to child welfare authorities." (Plaintiffs' Pretrial Statement, p.9)

Plaintiffs state that on January 7, 2002 plaintiff K.L.'s mother reported the December 19, 2001 sexual assault to defendant Cappabianca and defendant Cappabianca "did not make the mandated report of sexual abuse . . . ." (Plaintiffs' Pretrial Statement, p.12) They assert that defendant "Cappabianca's failure to report . . . the sexual assaults [of December 19, 2001] led to [R.P.] becoming vulnerable to further sexual assault and injury on January 7, 2002." (Plaintiffs' Pretrial Statement, p.12) They contend that on January 9, 2002 defendant Cappabianca met with plaintiff R.P. following her outburst in one of her classes and heard R.P. tell her "the full story," but "[i]ncredibly, [defendant] Cappabianca did not immediately call Rachel's parents, or report the sexual assault to the child welfare hotline, or contact the police." (Plaintiffs' Pretrial Statement, pp.13-14)

Plaintiffs assert that "[s]chool officials did not follow mandatory reporting requirements . .

. ." (Plaintiffs' Pretrial Statement, p.15) They contend that "[n]either [principal and former defendant Janet] Woods nor [defendant] Cappabianca had observed Pennsylvania's mandatory reporting laws." (Plaintiffs' Pretrial Statement, p.19) Plaintiffs' expert witness, Stephen P. Schachner, Ph.D. states in his August 3, 2005 trial report that, "The responsible parties, who took upon themselves the job of investigating complaints, never met their state-mandated obligation to place a Childline call to Child Protective Services." (August 3, 2005 Report of Stephen P. Schachner, p.2)

The sole repository in Pennsylvania of a specific legal obligation to report child abuse to public authorities is the Child Protective Services Law, **23 Pa.C.S.A. §6301, *et seq.*** Subchapter C.1 of that statute, 23 Pa.C.S.A. §§6351-6353.4, relates to reporting suspected "serious bodily injury or sexual abuse or sexual exploitation" of a "student" by "a school employee." 23 Pa.C.S.A. §6352(a)(1). Subchapter B, 23 Pa.C.S.A. §§6311-6319, relates to reporting "child abuse" by the "parent of a child, a person responsible for the welfare of a child, an individual residing in the same home as a child or a paramour of a child's parent." 23 Pa.C.S.A. §6303. The Child Protective Services Law does not impose a duty on anyone to report to anyone sexual activity between two students, regardless of the ages of the students, their mental capacity or whether the sexual activity was or was not consensual.

Accordingly, plaintiffs, their counsel and their expert witness, Dr. Schachner, should be prevented from asserting otherwise in plaintiffs' opening statement, examination of witnesses, testimony of witnesses and argument, including closing argument. That is, of course, they should be prevented from asserting that any employee of the defendant School District, including defendant Cappabianca, had such a specific duty with respect to the minor plaintiffs and the events that are the subject of this action.

**B. Plaintiffs, their counsel and their witnesses, including their expert witness, Dr. Schachner, should be precluded from stating, arguing and testifying at the trial of this action in regard to alleged acts of sexual harassment that occurred prior to the sexual assaults of December 19, 2001, since evidence of those alleged acts of sexual harassment is not relevant to any fact of consequence to the resolution of the issues that are the subject of the trial of this action.**

Plaintiffs asserted in their original and amended complaints that shortly after school began regarding the 2001-2002 school year plaintiff K.L. was subjected to verbal harassment by three of the four persons who were assailants on the evening of December 19, 2001, at first consisting of derogatory comments about her mental abilities, then escalating to comments of a sexual nature. One of these latter comments consisted of a threat by C.B. to take her into a Strong Vincent restroom and force her to perform oral sex on him. K.L. described this harassment in detail at her deposition. While there were no allegations in the original or amended complaints about any sexual harassment of plaintiff R.P., she testified at her deposition to having had difficulties with B.C. on two occasions before the December 19, 2001 assaults.

On August 19, 2005 defendants filed an Amended Motion for Partial Summary Judgment, asserting, *inter alia*, that as a matter of law plaintiffs could not satisfy their burden of proving those facts necessary to establish the liability of defendant School District under Title IX for the sexual assaults and the harassment that preceded those assaults. On November 1, 2005 the Court heard oral argument on the motion and, on the same day, the Court issued an order from the bench, granting defendants' Amended Motion for Partial Summary Judgment, ruling pursuant to Fed.R.Civ.P. 56(d) that plaintiffs could not satisfy their burden of proving those facts necessary to establish the liability of defendant School District under Title IX for the sexual assaults of December 19, 2001 and the harassment that preceded those assaults and, therefore, that those contentions would not be litigated at the trial of this action.

Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." It is clear that this rule is to be applied liberally in favor of the admission of evidence and that, in fact, it "diminishes substantially [the trial court's] authority to exclude evidence as irrelevant." **Blancha v. Raymark Industries**, 972 F.2d 507, 514 (3d Cir. 1992). Nonetheless, evidence of the alleged sexual harassment of plaintiffs before the December 19, 2001 sexual assaults is not relevant to a determination of whether defendant School District is liable to plaintiffs for its treatment of the alleged sexual harassment that occurred following the December 19, 2001 sexual assaults.

Plaintiff K.L. testified at her deposition that B.C. was in one of K.L.'s classes. (Appendix to Defendants' Amended Motion for Partial Summary Judgment, A219) Prior to the sexual assault B.C. called K.L. names in that class and in the hallway as K.L. went to her next class. She did not call K.L. names every day, "[j]ust sometimes when she had moods." The names she called K.L. included "bitch," "whore" and "slut." At no time prior to the evening of the sexual assault did B.C. physically touch K.L. (A204, A208-A209, A216, A218, A220-A221)

C.B. and K.L. were in the same Science class, taught by Ms. Scully; K.L. could not recall whether that class was held each day. C.B. sat in a seat immediately behind K.L. and, on "most" days, poked her with a pencil and tapped her back with his hand. (A206-A208, A216-A221) This was the only physical contact C.B. had with K.L. before the evening of the sexual assaults. (A218)

At some time before the sexual assaults, while the two of them were in a hallway at school between classes, with other students around, C.B. threatened to take K.L. into a school restroom and force her to perform oral sex on him. (A245-A246, pp.15-17) At no other time prior to the sexual assault did C.B. bother K.L. verbally. (A216)

A.F. and K.L. were in two classes together, one of which was taught by Ms. Scully. Prior to the sexual assaults A.F. bothered K.L. by "following her" and making comments such as, "You're going to get something," which frightened K.L.. (A218-A219)

Following the sexual assaults B.C., C.B. and many other students, male and female, repeatedly called her names such as "nasty bitch" and "whore," and male students told K.G., ". . . [Y]our sister can come over here any day and do that to me." This name-calling persisted until K.L. entered the hospital. (A239; A243-A245, pp.6-7, 11-12, 14)

Plaintiff R.P. testified at her deposition that at no time before the December 19, 2001* sexual assaults was she bothered in any way by C.B. or A.F.. (A270, p.17; A284, pp.72-73; A243, p.106) However, she had difficulties with B.C. on two occasions. In October 2001, while R.P. and B.C. were in a class together B.C., for no reason, told R.P. she wanted to fight with her; at some time thereafter B.C. approached R.P. in gym class and told her to meet her after school so they could fight. At no time prior to the December 19, 2001 sexual assaults did R.P. complain to any teacher or administrator that B.C. was bothering her. (A271, pp.19-20; A278, pp.46-48; A292, pp.104-106)

On the day after the sexual assaults, or on the following day, R.P. went to defendant Cappabianca's office and attempted to inform Ms. Cappabianca of the assault and subsequent verbal harassment by male students relating to her performing oral sex; while she was able to tell Ms. Cappabianca that "these boys won't stop bothering me," Ms. Cappabianca would not permit her to say more and, consequently, R.P. left her office without informing her of the assault or of any specifics concerning the subsequent verbal harassment. (A285-A286, pp.75-78)

---

* Plaintiff R.P. testified at her deposition that the sexual assaults occurred on November 27, 2001. However, Plaintiffs' Pretrial Statement indicates at page 1 that the assaults occurred on December 19, 2001, the day on which defendants contend the assaults occurred. Therefore, for the sake of clarity, it is represented herein that R.P. testified that the assaults occurred on December 19, 2001.

At some time after the December 19 sexual assault B.C. tried to bully R.P. into performing oral sex on a male student in a stairwell in Strong Vincent. R.P. informed a substitute teacher of this event, who responded merely by saying that a similar thing had happened to a friend of hers. R.P. did not inform Ms. Cappabianca of this incident. (A278-A281, pp.47-61) In early January 2002 a male Strong Vincent student whose name was not known to R.P. sexually assaulted R.P. after PASS in the laundromat across the street from Strong Vincent. (A281-A284, pp.61-72)

While the November 1, 2005 Court order not only dismissed plaintiffs' claims relating to the alleged sexual harassment that occurred before the December 19, 2001 sexual assaults, but also their claims of the School District's responsibility under Title IX for the December 19, 2001 sexual assaults themselves, evidence of the December 19, 2001 sexual assaults clearly is relevant to the resolution of plaintiffs' Title IX claims arising out of the post-assault harassment, since the focal point of the post-sexual-assault harassment was the December 19 sexual assaults. Plaintiffs were verbally abused for having participated in the sexual activity of December 19 and they were vulgarly pestered to engage in the same activity following December 19; R.P. was also sexually assaulted twice after December 19 in ways that were similar to the events of December 19. However, the alleged harassment that occurred prior to the December 19 sexual assaults was unrelated to those assaults and, to some extent, was not even similar in kind. The events prior to December 19 shed no light on those of December 19 and thereafter and, therefore, evidence of those events should not be admitted at the trial of this action, nor should counsel be permitted to comment on those events.

**C. Plaintiffs, their counsel and their witnesses, including their expert witness, Dr. Schachner, should be precluded from asserting at the trial of this action that the placement of plaintiffs at Sarah Reed Children's Center in January 2002**

**was improper because the Court dismissed such claim as asserted under Title IX and plaintiffs withdrew their motion to amend their complaint to assert such claim under IDEA and the Rehabilitation Act.**

Defendants' Amended Motion for Partial Summary Judgment also asserted that the Court was without jurisdiction of plaintiffs' criticism of their placement at Sarah Reed Children's Center in January 2002 on the basis of violations of the Individuals with Disabilities Act, **20 U.S.C. §1401, *et seq.*** ("IDEA") and Section 504 of the Rehabilitation Act of 1973, **29 U.S.C. §794** ("Rehabilitation Act"), because plaintiffs failed to exhaust their administrative remedies under IDEA, and that plaintiffs did not have a cause of action for such alleged wrongful placement under Title IX. Plaintiffs responded that they were not under the circumstances required to exhaust their administrative remedies and that they had a viable cause of action for their improper placement at Sarah Reed Children's Center under Title IX and, thereafter, on October 13, 2005 they moved to amend their complaint to assert claims under IDEA and the Rehabilitation Act for the allegedly improper placements.

On November 1, 2005 the Court dismissed the Title IX claim for the alleged improper placement of plaintiffs at Sarah Reed and, on November 14, 2005, at oral argument on Plaintiffs' Motion to Amend Complaint, plaintiffs withdrew the Motion, thereby withdrawing their contention that the placements at Sarah Reed were improper. Since plaintiffs do not now have a claim that the placements at Sarah Reed were improper, they should be precluded from making any contention through counsel or witnesses at the trial of this action that those placements were improper.

**Conclusion**

Defendants respectfully submit, for the reasons set forth hereinbefore, that plaintiffs, their counsel and their witnesses should be precluded from (1) asserting at trial of this action that any employee of defendant School District had a specific duty to report any sexual activity between plaintiffs and other students to any public agency, (2) stating, arguing and testifying at the trial of this action in regard to alleged acts of sexual harassment that occurred prior to the sexual assaults of December 19, 2001 and (3) asserting at the trial of this action that the placement of plaintiffs at Sarah Reed Children's Center in January 2002 was improper.

/s/ James T. Marnen

James T. Marnen
PA I.D. No. 15858
KNOX McLAUGHLIN GORNALL & SENNETT, P.C.
120 West 10th Street
Erie, PA 16501
General Tel: 814-459-2800
Direct Dial Tel: 814-459-9886, ext. 203
Fax: 814-453-4530
E-mail:jmarnen@kmgslaw.com

Attorney for Defendants,
The School District of the City of Erie, Pennsylvania and Linda L. Cappabianca

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard P., by and for **RACHEL P.**, and Denise L., by and for **KRISTINA L.**, | ) |
| Plaintiffs | ) |
| v. | ) |
| **SCHOOL DISTRICT OF THE CITY OF ERIE, PENNSYLVANIA; JANET WOODS**, Individually and in her Capacity as Principal of Strong Vincent High School; and **LINDA L. CAPPABIANCA**, Individually and in her Capacity as Assistant Principal of Strong Vincent High School, | ) Civil Action No. 03-390 Erie |
| Defendants | ) **JURY TRIAL DEMANDED** |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 13th day of January, 2006, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

/s/ James T. Marnen
James T. Marnen

#652313