IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD P., et al.,                    )
                    Plaintiffs         )
                                       )
            v.                         )    CIVIL ACTION NO. 03-390 ERIE
                                       )
SCHOOL DISTRICT OF THE CITY            )
OF ERIE, et al.,                       )
                    Defendants         )

HEARING ON MOTIONS TO COMPEL
(COURT ORDERS)


Proceedings held before the HONORABLE

SEAN J. McLAUGHLIN, U.S. District Judge,

in Courtroom C, U.S. Courthouse, Erie,

Pennsylvania, on Thursday, September 16, 2004.



APPEARANCES:

            EDWARD A. OLDS, Esquire, appearing on behalf of
            the Plaintiffs.

            JAMES T. MARNEN, Esquire, appearing on behalf of
            the Defendants.

            DANIEL J. RODGERS, Esquire, Erie County Court
            Solicitor, appearing on behalf of Erie County.

            KENNETH A. ZAK, Esquire, Assistant City
            Solicitor, appearing on behalf of the City of
            Erie Bureau of Police.



            Ronald J. Bench, RMR - Official Court Reporter

1                    P R O C E E D I N G S

2

3          (Whereupon, the following Excerpt of Proceedings

4    occurred on Thursday, September 16, 2004, in Courtroom C.)

5

6                            ORDERS

7          THE COURT:  All right, these are orders.  Starting

8    with document number 20.  Presently pending before the court

9    are various motions, discovery related motions in this case.

10   The first motion is plaintiffs' motion to compel production of

11   documents, document number 20, directed at the school district

12   and the individual defendants.  A full recitation of the facts

13   driving these motions is unnecessary given the hour and a half

14   or close to it oral argument which we just had.  In any event,

15   with respect to document number 20, insofar as request number

16   one is concerned, that motion is granted with the proviso that

17   in supplying the answer to the documents forming the basis for

18   request number one, that all personal identifying information

19   that may be contained in those documents relative to third

20   parties, that is to say other students, etc., be redacted.

21         With respect to request number nine, this requires a

22   bit more explication.  The defendant objects primarily to

23   request number nine on the basis that the information sought,

24   to the extent that it seeks information concerning complaints,

25   investigations, documents, reports, that involve sexual

1    harassment, bullying or sexual abuse, submitted by other
2    students, faculty members or administrators, from September 9,
3    1999 through July 31, 2002, is irrelevant and not calculated to
4    lead to the discovery of admissible evidence.  Essentially, the
5    defendant argues that this is exclusively a Title IX claim;
6    consequently, this information is irrelevant.  First, on the
7    question of relevance, having carefully reviewed the amended
8    complaint, I find first that it does not state a substantive
9    due process claim.  See D.R. v. Middle Bucks Area Vocational
10   Technical School, 972 F.2d 1364 (3rd Cir. 1992).  DeShaney v.
11   Winnebago County DSS, 489 U.S. 189 (1989).
12         That having been said, issues that would typically
13   drive a 1983 claim, that is, whether or not there was a custom
14   or practice on the part of the supervisory personnel to
15   deliberately indifferent conduct is not implicated or in play.
16         There is pled a separate claim under the Equal
17   Protection Clause.  The defendant argues that discovery
18   predicated on the equal protection claim is inappropriate,
19   inasmuch as the Title IX claim as a matter of law subsumes the
20   equal protection claim.  For reasons set forth more fully in
21   conjunction with our discussion on the record, I agree.  See
22   DiSalvio v. Lower Merion High School District, 158 F.Supp.2d
23   553 (E.D.Pa. 2001).  Pfeiffer v. Marion Center Area School
24   District, 917 F.2d 779 (3rd Cir. 1990).  In a Title IX claim
25   the essential elements are as follows:

4

```
 1                (1)   That the alleged harassment was so "severe,
 2       pervasive and objectively offensive" that it derived the
 3       plaintiff of "access to educational opportunity or benefits
 4       provided by the school";
 5                (2)   The funding recipient had "actual knowledge" of
 6       the sexual harassment;
 7                (3)   The funding recipient was "deliberately
 8       indifferent" to the harassment.
 9                It is clear that the elements insofar as a Title IX
10       claim are focused exclusively on conduct and issues surrounding
11       the very claim at issue.  For that reason and particularly
12       given my previous rulings relative to the 1983 claims, I find
13       that complaints concerning other students are irrelevant.  And,
14       in fact, in the context of a Title IX claim would likely run
15       afoul of Rule 404, character evidence rule.  That having been
16       said, however, I find myself in disagreement with the
17       defendants to this extent.  The defendants have requested
18       that -- bear with me one second -- actually, Mr. Marnen, maybe
19       I'll let you articulate this for me because I want to make sure
20       I get it right.  First of all, for the record, when I indicated
21       that other complaints about bullying or harassment perpetrated
22       by others, I want to make it clear that I'm talking about other
23       individuals perpetrating harassment being called to the
24       attention of the school administrators, I'm not talking about
25       other complaints about these alleged harassers that would have
```

5

1   been perpetrated on individuals other than these plaintiffs.

2   That having been said, though, in your papers you ask that you

3   not be required to produce, if there were any, complaints about

4   the alleged perpetrators here, which predated your clients'

5   arrival at the school, is that right?

6              MR. MARNEN:  Yes, your Honor, I think I did.

7              THE COURT:  All right.  That's all I needed to know.

8              MR. MARNEN:  As it relates to these particular

9   plaintiffs.

10             THE COURT:  It's that point with which I disagree.

11  Any information from, I think it was 1999 on, concerning

12  complaints registered by other students and/or parents

13  concerning inappropriate behavior of the same nature that

14  drives this lawsuit, should also be turned over.  Because, in

15  my view, it is at least potentially relevant on issues which

16  would include deliberate indifference and possibly

17  inferentially, although I do not decide the issue conclusively,

18  notice.

19             MR. MARNEN:  Complaints about these assailants, your

20  Honor --

21             THE COURT:  Only these assailants.  Then there's

22  also the plaintiffs' motion to compel information from the

23  County, concerning which we also had a discussion here today.

24  The record will reflect that that information essentially

25  involves four broad categories:  juvenile court records, police

1    reports, psychological evaluations and school records.

2          With respect to psychological evaluations, in my

3    view those are irrelevant to any issue that drives this case

4    and need not be turned over. But if they do contain any

5    information which would reveal either information impacting on

6    the question of notice to the school district of a danger or

7    threat posed by the particular alleged assailants and/or any

8    statements made by any of the alleged assailants concerning the

9    conduct which forms the subject matter of this case, it would

10   be my direction that the document be turned over but in

11   redacted form.

12         Insofar as school records are concerned, the only

13   information relative to -- the only information contained in

14   the records relative to the assaults, the alleged assault which

15   gives rise to this action, or prior complaints concerning the

16   conduct of the alleged assailants insofar as it might impact on

17   the question of notice, only those issues, to the extent that

18   they do exist in the school records, need be turned over.

19         With respect to the police reports, once again, and

20   this holds true for every batch of documents that's being

21   ordered to be produced, any redacted personal identifying

22   information relative to any third party should be redacted.

23   Although, I take it that these police reports are focused

24   primarily, if not exclusively, on the subject matter of the

25   assaults which form the subject matter of this case, that would

1  be the parameter of what should be turned over.  If there is

2  other information in the police reports, either involving third

3  parties completely unrelated to this or any other type of

4  information that does not impact or relate to the conduct of

5  the assailants in this case or notice to the school district

6  concerning the alleged propensities of the assailants, that

7  information need not be turned over and can be redacted.

8  Let me also say for the record in fashioning this protective

9  order, I have considered the case of <u>Pearson v. Miller</u>, 211

10 F.3d 57 (3rd Cir. 2004), which, among other things, held that a

11 state confidentiality statute such as those that are in play

12 here, including the Juvenile Act, do not create an evidentiary

13 privilege that is binding on a federal court.  That having been

14 said, <u>Pearson</u> goes on to make the point that it is appropriate

15 that a judge in resolving a discovery dispute fashion an

16 appropriate protective order if possible on a case-by-case

17 basis.  So, for the record, I state that I have carefully

18 considered the balancing factors set forth in <u>Pansy v. Borough</u>

19 <u>of Stroudsburg</u> and, in my view, notwithstanding the lack of

20 consent from the parents in this case, the other factors

21 militate in favor of the type of limited production which I

22 have ordered here today.  Insofar as the concern voiced by Mr.

23 Zak on behalf of the city, primarily the city detectives is

24 concerned, as it might relate to officers' testimony at

25 depositions or for that matter any individuals, any individual

1    in a position of administrative authority, at deposition, at

2    time of trial or during discovery, rather, for purposes of

3    discovery the same rule that I've indicated that should apply

4    with respect to the redaction of personal identifying

5    information should also apply with respect to the utilization

6    of the names at deposition.  All of this is by way of saying

7    that with the personal identifying information redacted, I can

8    see no reason why anything in this case needs to be sealed.

9    So that's my order.  Now, to clean this up a little bit --

10              MR. RODGERS:  Excuse me, your Honor, the court

11   records regarding the transcription of actual juvenile

12   proceedings, court orders, disposition orders, is another

13   category, I'm not sure if your order addresses that or not?

14              THE COURT:  Is that a separate category?

15              MR. RODGERS:  That's correct, your Honor.

16              THE COURT:  And all of those court records are of

17   course sealed?

18              MR. RODGERS:  Correct, under the Juvenile Act.

19   Actually, the transcripts probably are not actually

20   transcribed, they're probably just the court reporter's

21   notes --

22              THE COURT:  What would the transcription be

23   comprised of?

24              MR. RODGERS:  It would basically be the court

25   proceedings and any record during the actual file, it would be

1  copies of orders by the juvenile judge regarding disposition of

2  the three assailants.

3          THE COURT:  Have you seen those?

4          MR. OLDS:  I guess the only purpose of either the

5  court orders, I'd like to see the document sheet, which I

6  haven't seen.  The court orders or the transcripts might

7  contain information or statements by the assailants concerning

8  the school district, so that's why --

9          THE COURT:  So that's really what would be your only

10 interest in seeing, then, that makes that easy.  To the extent

11 that -- the only information that will be required to be

12 produced, once again, with my caveat about the redaction of

13 personal identifying information, would be any information that

14 might reflect or suggest, potentially lead to the discovery of

15 relevant evidence, on the issue of the school district's notice

16 of the propensity of that particular individual to have

17 committed the conduct which forms the subject matter of this

18 suit.  Now, what I would suggest then is this.  First of all,

19 is there anything unclear about what I've just said?

20         MR. OLDS:  I just have one question.  When you

21 talked about the County producing police records, were you also

22 including with that any records that might have been created by

23 probation officers that contain statements --

24         THE COURT:  It's more properly broadly than that.

25 As a matter of fact, I presume that the County and the City

1    share the same police record in this case, is that right?

2          MR. RODGERS:  Correct, your Honor.

3          THE COURT:  At least insofar as the County is

4    concerned, it's somewhat more broader than that, if I didn't

5    say it.  It would involve probation officers records, too.

6    But, once again, I presume that Mr. Zak may have those anyways.

7          MR. ZAK:  Your Honor, just for clarification, if I

8    may.  I was just going through the police report itself.  Does

9    your order encompass redacting third persons, such as

10   contributors of information and also include the assailants

11   themselves?

12         THE COURT:  I think for present purposes, and that's

13   a good clarification, Mr. Zak, by the way.  I think for present

14   purposes as we move through this, and we'll see what happens at

15   time of trial -- the victims themselves, of course, any third

16   parties and the assailants, notwithstanding the fact that, and

17   that can be done by however you choose, that could be done I

18   presume by letter.  Notwithstanding the fact the names of the

19   assailants, the alleged assailants, are already part of the

20   public record.  But I see no harm as we go forward in doing

21   that.

22         MR. MARNEN:  So we're to redact all three things,

23   victims, assailants and third parties?

24         THE COURT:  Actually, certainly two.  But I'm

25   thinking out loud on this other issue.  Given the fact that the

1   assailants' names have already appeared in several pleadings in

2   this case, I think some of them prepared by you, I'm not sure

3   if, Mr. Marnen, you used the names or not?

4           MR. MARNEN:  I have, too, your Honor.

5           THE COURT:  I guess the only thing I'm somewhat

6   uncomfortable with here -- the more I'm thinking about it,

7   isn't this horse out of the barn?

8           MR. MARNEN:  I think so, your Honor.

9           THE COURT:  I do, too.  I truly do, I don't want to

10  get back into a situation of going back and trying to seal

11  records, I think it becomes unmanageable.  Let me clarify it

12  again for you then.  The redactions should involve any third

13  parties not involved and the individual victims themselves.

14  Now, what I'm going to do, the orders I've put on the record

15  here now, obviously, are somewhat, are much different than the

16  broad orders that were appended to some of these.

17          MR. MARNEN:  Your Honor, I don't mean to be

18  argumentative, but the inclusion of the victims in redaction,

19  I'm not sure the plaintiff would insist upon that, quite

20  frankly, it doesn't make a lot of sense to me since I know who

21  they are, too, the case is all about them.

22          MR. RODGERS:  Actually, the plaintiffs have already

23  put the full names in some of their pleadings.

24          THE COURT:  You have.  I was looking at the caption

25  and I had presumed that -- how old are these children?

1    MR. OLDS:  They would be 15 now, 15 and 16.

2  Actually, they aren't in any of the pleadings.  If they are in

3  the pleadings, it's inadvertence, we used their first name and

4  their last initial.

5    MR. MARNEN:  I guess I would withdraw that then.

6    THE COURT:  Do it that way.  Anyways, getting back,

7  before I finish up here, is there anything else, any other

8  questions?

9    MR. MARNEN:  I have some clarifications.

10    THE COURT:  Go ahead.

11    MR. MARNEN:  Your Honor, you ordered that the County

12  must produce school records, but limited to the alleged assault

13  and the prior complaints concerning the conduct of the alleged

14  assailants.  Is it proper in going further that you want me to,

15  on behalf of the school district, limit my production of

16  records concerning the alleged assailants to those kinds of

17  records and not produce educational records and things like

18  that?

19    THE COURT:  That's right.  Because my understanding

20  is, after speaking with Mr. Olds, he has no interest in it and

21  I couldn't see why he would.

22    MR. MARNEN:  All right.  One other point of

23  clarification.  As you went round robin, you didn't discuss the

24  City concerning their records specifically and I take it that

25  when you discussed police records, you meant to discuss the

1   City, also?

2          THE COURT:  I did.  When I said police records, I

3   was referring to the City.  Mr. Olds, do you have something?

4          MR. OLDS:  Just one point.  If names are redacted --

5   if identities are redacted, the issue that we brought to the

6   court's attention about the record might contain a witness that

7   we need to contact, would that be without prejudice to come

8   back to you to try to get the identity of that witness?

9          THE COURT:  I'm not resolving that issue here today

10  because, as a practical matter, this could all be, we might be

11  just tilting at windmills if there's nobody there anyways.  And

12  if and when that comes out, then that would require notice to

13  them or their guardian, that is a whole separate third party

14  issue, we can handle that when it comes up.

15         MR. MARNEN:  One more thing, your Honor.  May we

16  agree upon the use of some codes for these individuals, pure

17  redaction I think would be confusing?

18         THE COURT:  When I said redaction, I didn't mean,

19  for instance -- well, you would lose the sense of the sentence

20  for one.  Yes, you can agree on it any way you want.

21         MR. MARNEN:  First names, last initials, just like

22  the plaintiffs and defendants --

23         THE COURT:  I should think.  But whatever you agree

24  on, don't agree on so much that it compromises the identity,

25  that's all I can tell you, however you want to do it.

1    MR. MARNEN: Do we have an agreement here it's first

2   name and last initial?

3    MR. RODGERS: Yes.

4    MR. OLDS: Okay.

5    THE COURT: So, let me just double check one thing

6   here. So, for the record, then, for the reasons set forth on

7   the record, document number 20, motion at number 20; motion and

8   document at number 10; motion and document at number 16; are

9   granted in part and denied in part for the reasons set forth on

10   the record. And my suggestion to you would be, because I'm not

11   going to memorialize anything further than what I've just done,

12   if you want to refresh your recollection, that you order a

13   transcript for purposes of going forward from here, all right.

14

15    (Whereupon, at 3:25 p.m., the proceedings were

16   concluded.)

17

18                          - - -

19

20

21

22

23

24

25

1

<u>C E R T I F I C A T E</u>

4

5          I, Ronald J. Bench, certify that the foregoing is a

6    correct transcript from the record of proceedings in the

above-entitled matter.

8

9

10

11    _____

12    Ronald J. Bench

13

14

15

16

17

18

19

20

21

22

23

24

25