IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD P. by and for            )        No. 03-390 Erie
RACHEL P. and DENISE L. by       )
and for KRISTINA L.,             )
                                 )
         Plaintiffs,             )        Electronically Filed
                                 )
         v.                      )        **Jury Trial Demanded**
                                 )
SCHOOL DISTRICT OF THE CITY      )
OF ERIE, et al.                  )
                                 )
         Defendants.             )

## PLAINTIFFS' RESPONSE TO A MOTION IN LIMINE OF ERIE SCHOOL DISTRICT

### The question of the exclusion of the Plaintiffs from Strong Vincent

The Erie School District Motion In Limine addresses the question of whether

> Plaintiffs, their counsel, and witnesses, including their expert witness, Dr. Schachner, should be precluded from asserting at the trial of this action that the placement of plaintiffs at Sarah Reed Children's Center in January 2002 was improper because the Court dismissed such claim as asserted under Title IX and plaintiffs withdrew their motion to amend their complaint to assert such claim under IDEA and the Rehabilitation Act.

The Defendants' Motion In Limine on this issue should not be granted. In **Davis v. Monroe County Board of Education**, 526 U.S. 629, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999), the Court held that individuals may sue for student-on-student sexual harassment if the federal funds recipient is aware of and deliberately indifferent to a sufficiently severe, pervasive and objectively offensive sexually

hostile environment.  **<u>Doe v University of Illinois</u>**, 138 F.3d 653, 661 (7th Cir. 1998)  See also, **<u>Jones v Indiana Area School District</u>**, 397 F.Supp 2d 628 W.D.PA 2005.


The fact that the Plaintiffs were removed from Strong Vincent is a critical fact in the Title IX analysis.  In **<u>Davis</u>**, the Court indicated that the most obvious example of student-on-student sexual harassment capable of triggering a damages claim would involve the overt, physical deprivation of access to school resources stemming from sexual harassment.  It gave the example of male students physically threatening their female peers and successfully preventing female students from using a particular resource.  **Id**. at 650,651.  However, it also held that it is not necessary to show physical exclusion to demonstrate that students have been deprived by the actions of another student or students of an educational opportunity on the basis of sex.  **Id**. at 651.


There is no factual dispute that Rachel and Kristina were removed from Strong Vincent after the School District officials finally decided to act upon their reports of sexual harassment and sexual assault.  Their testimony and the testimony of their parents has been that the School District indicated that Rachel and Kristina were being removed for their safety, or to prevent further harassment.

The School District wishes to preclude this evidence by the use of semantics. It wants to frame the question as to whether, under the IDEA, Plaintiffs were properly or improperly transferred and whether the Plaintiffs can challenge whether their transfer was "improper" since they did not pursue an IDEA claim, or exhaust IDEA remedies.

By framing the issue in this fashion, the School District wants to take a critical question from the jury that the jury must decide. The question is not whether Plaintiffs were improperly transferred to Sarah Reed, but whether the School District's decision to transfer them from Strong Vincent "effectively denied equal access to an institution's resources and opportunities." **Id.** Thus, the question of why the School District transferred the Plaintiffs from Strong Vincent goes to the second element of the Title IX case, which is whether the School District was "deliberately indifferent to the alleged harassment." **Jones**, supra, at 397 F.Supp 2d at 643.

In **Jones**, Judge Cercone noted that the Supreme Court in **Davis** did not suggest that "a school district is ... required to purge its schools of actual peer harassment [or] that administrators are... required to engage in any particular disciplinary action."

3

**Id.** at 644.  Instead, "the school district 'must merely respond to known peer harassment in a manner that is not clearly unreasonable.'" **Id.** at 644.  Judge Cercone noted that **Davis** observed that where the school district's "response to male student's fondling and suggestive behavior toward female student, which did not include disciplining the student, separating him from her, or establishing a sexual harassment policy or procedure, [such a response] could suggest deliberate indifference." **Id.**  Here, the evidence is that the School District responded to the peer-on-peer sexual harassment by transferring the Plaintiffs from Strong Vincent "for their safety" and allowing the perpetrators of the sexual harassment to stay in the school and not be disciplined.[1]

The Defendants' motion seeks to keep this vital and crucial evidence from the jury for an obvious reason.  If the jury does not hear that the Plaintiffs were denied access to education resources as a result of the School District's "remediation" of the harassment, they will be denied the opportunity to judge whether

---

[1]The evidence developed indicates the School District transferred the Plaintiffs out of Strong Vincent because it decided that the girls' safety required such a move.  Whether that transfer wass a reasonable response or a remediation step is a question for the jury, and the jury must hear the evidence that Plaintiffs were transferred.  Coupled with the evidence that the School District did not discipline students who harassed the Plaintiffs, or in any way interfere with their education until those students were arrested by the Erie Police, the transfer of the Plaintiffs is some evidence of deliberate indifference.

4

this key factual link shows the Defendants' response to be unreasonable.

The jury could certainly determine that transferring the victims of sexual harassment out of the school for their safety while allowing the perpetrators to remain in the school with all the access to the school's resources is indicative of deliberate indifference to the School District's Title IX obligations.

It must be noted parenthetically that the School District's Motion In Limine discusses the question of what happened to the Plaintiffs after they were transferred from Strong Vincent to Sarah Reed in the context of the Plaintffs' withdrawing their motion to amend their complaint. The motion to file an amended complaint was withdrawn given the court's ruling that the School District would be responsible for any provable injuries stemming from its deliberate indifference to the sexual harassment, including those injuries that occurred as a result of placing the Plaintiffs at Strong Vincent.

## The question of the harassment prior to the first sexual assault

The Defendants have asked that the Plaintiffs' expert, their counsel and they be precluded from mentioning any events which

5

occurred prior to the initial sexual assault of Rachel and
Kristina.  The Court has ruled that the School District did not
have sufficient knowledge of the threat to the Plaintiffs to hold
it culpable for the first assault.  However, evidence of the
history of the Plaintiffs' harassment at Erie is relevant to their
ultimate damages and becomes a part of the basis for their expert's
opinion.

The Court can allow the evidence to come in under a cautionary
instruction and include a final instruction in its charge to the
jury that the jury is not to consider these events in terms of
determining the liability of the School District.

However, Plaintiffs would be prejudiced if this background
evidence was precluded because they would be prevented from
establishing the context of their response to the assault and the
injuries. For instance, after the School District learned of the
sexual activity involving CB and Kristina, the School District did
not immediately remove CB from the school.  In fact, he and
Kristina had classes together.  Since he had harassed her before
the assault, such that she was afraid to be near him, his continued
close proximity to her after the assault heightened her fear and
injuries.  The same could be said about BC, who menaced Rachel
before the assault and who encouraged males to sexually assault

6

Rachel after the School District learned of the sexual activity.
A cautionary instruction along with a general instruction at the
end of the case would serve the purposes of balancing the relevancy
of the evidence with any harm or prejudice that might occur if the
evidence were excluded.


Respectfully submitted,

s/ Edward A. Olds
Edward A. Olds, Esquire
Pa. I.D. No. 23601
Carolyn Spicer Russ
Pa. I.D. No. 36232
Richard S. Matesic
Pa. I.D. No. 72211

1007 Mount Royal Boulevard
Pittsburgh, PA 15223
(412) 492-8975
(412) 492-8978 (facsimile)

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on _____, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James T. Marnen, Esquire
KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
120 West Tenth Street
Erie, PA 16501-1461

S/ Edward A. Olds____
Edward A. Olds, Esquire