```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| RICHARD P. by and for | ) | No. 03-390 Erie |
| RACHEL P. and DENISE L. by | ) | |
| and for KRISTINA L., | ) | |
| | ) | |
| Plaintiffs, | ) | Electronically Filed |
| | ) | |
| v. | ) | **Jury Trial Demanded** |
| | ) | |
| SCHOOL DISTRICT OF THE CITY | ) | |
| OF ERIE, et al. | ) | |
| | ) | |
| Defendants. | | |

### PLAINTIFFS' POINTS FOR CHARGE

1. Title IX provides in pertinent part that "[n]o person ... shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a).

    ACCEPTED___          REJECTED___

2. Sexual harassment is a form of discrimination for Title IX purposes and that Title IX proscribes harassment with sufficient clarity to serve as a basis for a damages action. See **Gebser v. Lago Vista Independent School Dist.**, 524 U.S., at 281, 118 S.Ct. 1989; **Franklin v. Gwinnett County Public Schools**, 503 U.S., at 74-75, 112 S.Ct. 1028. Since "sexual harassment" is "discrimination" in the school context under Title IX, student-on-student sexual harassment, if sufficiently severe, can likewise rise to the level of discrimination actionable under the statute. **Davis v. Monroe County Board of Education**, 526 U.S. 629 (1999)

    ACCEPTED____         REJECTED____

3.    Thus there is a private right of action for student-on-student sexual harassment against school districts under Title IX of the Education Amendments *800 of 1972, as amended, 20 U.S.C. §1681.   **Davis v. Monroe County Board of Education**, 526 U.S. 629, 633, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999)

ACCEPTED____        REJECTED____


4.    In order to enforce Title IX's nondiscrimination mandate, there must be "notice to an 'appropriate person' and an opportunity to rectify any violation." **Gebser v. Lago Vista Indep. Sch. Dist.**, 524 U.S. 274, 290, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998)

ACCEPTED____        REJECTED____


5.    Damages may not be recovered under Title IX "for the sexual harassment ... unless an official of the school district who at a minimum has authority to institute corrective measures on the district's behalf has actual notice of, and is deliberately indifferent to," the harassment. **Bostic v Smyrna School District**, 418 F3d 355, 360 (3d Cir 2005); **Gebser**, supra at 277

ACCEPTED____        REJECTED____


6.    An "appropriate person" is "an official who at a minimum has authority to address the alleged discrimination and to institute corrective measures on the ... [district's] behalf." **Gebser**, supra at 290, 118 S.Ct. 1989. "Actual notice" must amount to "actual knowledge of discrimination in the recipient's programs." Id. Further, "the response must amount to deliberate indifference to discrimination.... The premise, in other words, is an official decision by the recipient not to remedy the violation." **Id.  Bostic v Smyrna School District**, 418 F3d 355, 360 (3d Cir 2005)

ACCEPTED____        REJECTED____


7.    An educational institution has "actual knowledge" if it knows the underlying facts, indicating sufficiently substantial danger to students, and was therefore aware of the danger. **Bostic v Smyrna School District**, 418 F3d 355, 361 (3d Cir 2005)

ACCEPTED____        REJECTED____

    8.    Where a school district does not engage in sexual harassment directly, it may not be liable for damages unless its deliberate indifference makes a student vulnerable to or causes them to undergo harassment. **Davis v. Monroe County Board of Education**, 526 U.S. 644,645, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999)

        ACCEPTED____        REJECTED____

    9.    The private right of action only lies where the school district is deliberately indifferent to known acts of sexual harassment and the harasser is under the school's disciplinary authority. **Davis v. Monroe County Board of Education**, 526 U.S. 637, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999)

        ACCEPTED____        REJECTED____

    10.  Deliberate indifference to acts of peer sexual harassment arises only where the school district's response or lack of response to the harassment is clearly unreasonable in light of the known circumstances. **Davis v. Monroe County Board of Education**, 526 U.S. 648, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999)

        ACCEPTED____        REJECTED____

    11.  The knowledge element of deliberate indifference is subjective, not objective knowledge. **Farmer v. Brennan,** 511 U.S. 825, 837-38, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). See **id**. at 837-38, 114 S.Ct. 1970. However, subjective knowledge on the part of the official can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk. See **Farmer** at 842, 114 S.Ct. 1970. Finally, a defendant can rebut a prima facie demonstration of deliberate indifference either by establishing that he did not have the requisite level of knowledge or awareness of the risk, or that, although he did know of the risk, he took reasonable steps to prevent the harm from occurring. See **id**. at 844, 114 S.Ct. 1970. **Beers-Capitol v. Whetzel** 256 F.3d 120, 132 (3d Cir. 2001)

        ACCEPTED____        REJECTED____

    12.  It is not necessary to show physical exclusion to demonstrate that students have been deprived by the actions of another student or students of an educational opportunity on the basis of sex. **Davis**, supra at 119 S.Ct. 1661

        ACCEPTED____		REJECTED____

    13. A school district' response to a male student's fondling and suggestive behavior toward a female student, which did not include disciplining the student, separating him from her or establishing a sexual harassment policy or procedure, could suggest deliberate indifference. **United States District Court v. Indiana Area School District**, 397 F.Supp.2 654 (2005)

        ACCEPTED____		REJECTED___

    14.  A school district is required to take reasonable action in light of those circumstances to eliminate the behavior.  Where a school district has actual knowledge that its efforts to remediate are ineffective, and it continues to use those same methods to no avail, such district has failed to act reasonably in light of the known circumstances. **Vance v. Spencer County Public School District**, 231 F.3d 253 (6th Cir. 2000)

        ACCEPTED____		REJECTED____

    15.  In order to prevail, plaintiff must establish sexual harassment of students that is severe, pervasive, and objectively offensive, and that undermines and detracts from the victims' educational experience, such that the victim-students are effectively denied equal access to an institution's resources and opportunities. Cf. **Meritor Savings Bank, FSB v. Vinson**, 477 U.S., at 67, 106 S.Ct. 2399. **Davis**, **Id** at _____

        ACCEPTED____		REJECTED____

16. Whether gender-oriented conduct rises to the level of actionable "harassment" thus "depends on a constellation of surrounding circumstances, expectations, and relationships," **Oncale v. Sundowner Offshore Services, Inc.**, 523 U.S. 75, 82, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998), including, but not limited to, the ages of the harasser and the victim and the number of individuals involved, see OCR Title IX Guidelines 12041-12042.

  ACCEPTED____  REJECTED____

17. In appropriate circumstances, the trier of fact can reasonably infer from the falsity or the explanation that the party who has given it is dissembling to cover up a material fact which would make the party culpable. Such an inference is consistent with the general principle of evidence law that the factfinder is entitled to consider a party's dishonesty about a material fact as "affirmative evidence of guilt." **Wright v. West**, 505 U.S. 277, 296, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992); see also **Wilson v. United States**, 162 U.S. 613, 620-621, 16 S.Ct. 895, 40 L.Ed. 1090 (1896); 2 J. Wigmore, Evidence §278(2), p. 133 (J. Chadbourn rev. 1979). **Reeves v. Sanderson Plumbing Products, Inc.**, 530 U.S. 133, 147, 120 S.Ct. 2097, 2108, 147 L.Ed.2d 105, 68 USLW 4480, (2000)

  ACCEPTED____  REJECTED____

18. Direct evidence is evidence which a witness testifies about something he or she knows by virtue of his or her own senses--something he or she has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit where the fact to be proved exists in the exhibit, in its present state. Direct evidence is such evidence that actually shows or demonstrates that an employer considered the protected activity, when the employer made the decision to dismiss the employee. **Chipollini v. Spencer Gifts, Inc.**, 814 F.2d 893 (3d. Cir 1987).

  ACCEPTED_____  REJECTED_____

19. Circumstantial evidence is of no less value than direct evidence; for, as a general rule the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on a preponderance of all the evidence presented. **Michelic v Cleveland Tankers, Inc.**, U.S. 325, 330, 81 S.Ct. 6, 5 L.Ed.2d 20 (1960)

ACCEPTED____        REJECTED____


20. In making your judgments about the evidence, you may consider the documentary evidence that the parties have presented. You may give more weight to items prepared before the present litigation commenced. If you conclude that the Defendants have been less than truthful and forthcoming with regard to the reasons that they have advanced for the actions they took, you may conclude that the lack of candor or forthrightness conceals illicit or illegal motives. Thus, if you find that the Defendants' testimony is less than forthright, you may conclude that the Defendants are attempting to conceal their true actions and motives, and that they were guided by illicit reasons in their conduct. **Chipollini**, **supra**.  **Reeves v Sanderson Plumbing Products, Inc.**, ___U.S. ___, 120 S.Ct. 2097 (2000)

ACCEPTED____        REJECTED____


**SPOILATION CHARGE**

21. The unexplained failure or refusal of a party to judicial proceedings to produce evidence that would tend to throw light on the issues authorizes, under certain circumstances, an inference or presumption unfavorable to such party. **Felice v. Long Island R.R. Co.**, 426 F.2d 192 (2d Cir.1970), cert. denied, 400 U.S. 820, 91 S.Ct. 37, 27 L.Ed.2d 47 (1970); **United States v. Cherkasky Meat Co.**, 259 F.2d 89 (3d Cir.1958); 31A C.J.S. Evidence § 156(2); 29 Am.Jur.2d Evidence § 178. For the rule to apply, it is essential that the evidence in question be within the party's possession or control. Wigmore, 2 Treatise on the Anglo-American System of Evidence in Trials at Common Law § 291.(3)(3) (3d ed. 1940); McCormick, Handbook of the Law of Evidence § 272 (2d ed. 1972). Further, it must appear that there has been an actual suppression or withholding of the evidence; no

unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for. 31A C.J.S. Evidence § 156(2); 29 Am.Jur.2d Evidence § 177 ("Such a presumption or inference arises, however, only when the spoilation or destruction [of evidence] was intentional, and indicates fraud and a desire to suppress the truth, and it does not arise where the destruction was a matter of routine with no fraudulent intent). See **Smith v. Uniroyal, Inc.**, 420 F.2d 438 (7th Cir.1970) **Gumbs v. International Harvester, Inc.**, 718 F.2d 88, 96 . 3d Cir,1983.

        ACCEPTED____        REJECTED____


22.  "The spoilation of papers and the destruction or withholding of evidence which a party ought to produce gives rise to a presumption unfavorable to him, as his conduct may properly be attributed to his supposed knowledge that the truth would operate against him. This principle has been applied in a great variety of cases, and is now so well established that it is unnecessary to do more than state it."  **McHugh v. McHugh**, 186 Pa. 197, 40 A. 410 (1898). See also **Equitable Trust Co. v. Gallagher**, 34 DelCh. 249, 102 A.2d 538, 541 (1954) (stating "[i]t is the duty ) of a court, in such a case of willful destruction of evidence, to adopt a view of the facts as unfavorable to the wrongdoer as the known circumstances will reasonably admit."); **Nally v. Volkswagen of America, Inc.**, 539 N.E.2d 1017 (Mass.1989) (noting that preclusion of expert witness testimony would be upheld if product was deliberately or negligently altered); **Ralston v. Casanova**, 473 N.E.2d 444, 449 (Ill.App.1984) (holding that trial court could bar plaintiff from presenting evidence regarding condition of seat belt after plaintiff's expert disassembled and tested seat belt in violation of court's protective order). **Mensch v. Bic Corp**.  Not Reported in F.Supp., 1992 WL 236965 (E.D.Pa.)

        ACCEPTED____        REJECTED____


**DAMAGES – TITLE IX**

23.  If you find that the Defendant is liable to the Plaintiffs for any of the reasons asserted in this lawsuit, you should then consider the question of damages.  "Damages" is a legal term.  It means the dollar value of any injury or loss that

a defendant has caused, and that a plaintiff has suffered.  There are essentially two kinds of damages which can be awarded in a lawsuit of this nature-compensatory damages and punitive damages. Compensatory damages are designed to compensate the Plaintiffs for injuries suffered by them.  These injuries include money actually spent, or debts incurred as a result of the injury, as well as lost education or educational opportunities, pain, emotional anguish, impairment of reputation, personal humiliation, and other suffering.  In calculating compensatory damages, you should determine the amount of money which will, in your judgment, reasonably and fairly compensate the Plaintiffs for any harm of any kind for which the Defendant is liable. Among the elements of injury and harm for which compensation may be awarded are:

   a)   The physical harm to the Plaintiffs during and after the impairment or injury received, including ill health, physical pain, disability, discomfort, pain or suffering which the certainty, suffer in the future;

   b)   The emotional harm to the Plaintiff during and after the injury received, including emotional distress or pain, humiliation, personal indignity, embarrassment, fear, anxiety and/or anguish which the Plaintiff in the past suffered or may with reasonable certainty suffer in the future;

   c)   The reasonable expense of medical treatment and services required and received by the Plaintiff in connection with his physical or emotional injury and the extent and duration of the injury, including continuation of medical treatment in the future;

   d)   Lost education, the reduction or impairment of future earning capacity as a result thereof.

            ACCEPTED___          REJECTED___


**PUNITIVE DAMAGES CHARGE**

   24.  Wreckless or callous disregard of, or indifference to the rights of others is sufficient to sustain an award of punitive damages, and therefore punitive damages are available to Plaintiffs in Title IX actions.  See **Smith v. Wade**, supra; **Henkle v. Gregory**, 150 F.Supp. 2d 1067, 1078, 155 Ed.Law.Rep. 1126 (Defendant District Nevada 2001).

            ACCEPTED____         REJECTED____

25. It is fundamental that one may seek redress for every substantial wrong, and that a wrongdoer is responsible for the natural and probable consequences of his misconduct. **Ayala v. Philadelphia Board of Public Education**, 453 Pa. 584, 305 *84 A.2d 877 (1973); **Niederman v. Brodsky**, 436 Pa. 401, 261 A.2d 84 (1970). See also, **Carroll v.** **114 County of York**, 496 Pa. 363, 437 A.2d 394 (Kauffman, J. dissenting, 1981).

    ACCEPTED____        REJECTED____


26. A defendant is responsible for the consequences of its tort. **Spangler v. Helm's New York-Pittsburgh Motor Exp.**, 396 Pa. 482, 153 A.2d 490 (1959). Original tortfeasors therefore are primarily liable for all that befalls the one they injure in the hands of those whose treatment is required. Thompson v. Fox, 326 Pa. 209, 192 A. 107 (1937). **Boggavarapu v. Ponist** 518 Pa. 162, 542 A.2d 516, 517 (1968)

    ACCEPTED____        REJECTED___


27. As such, plaintiffs bear no burden to prove apportionment. Apportionment of damages is akin to an affirmative defense. Apportionment arises when two or more causes have combined to bring harm to a plaintiff. See **Restatement (Second) of Torts § 433A (1965)**. A defendant availing itself of apportionment seeks to limit its liability by showing that although its conduct was a substantial factor in harming plaintiff, that conduct only caused part of plaintiff's harm. See **Id**. The defendant seeks to limit its liability to that portion of plaintiff's harm that the defendant actually caused. The single indivisible injury rule imposes joint and several liability when two or more persons acting independently cause harm to a third person through consecutive acts of negligence closely related in point of time. See **Canada v. McCarthy**, 567 N.W.2d 496, 507 (Minn.1997)(citing **Mathews v. Mills**, 288 Minn. 16, 20-21, 178 N.W.2d 841, 844 (1970). If the harm is indivisible, each actor is liable for the entire harm. If the harm is divisible, the actor asserting division may be able to limit its liability to damages for the harm it caused plaintiff. See **Id**. Moreover, apportionment may only be asserted when damages are division. See **Mitchell v. Volkswagenwerk, A.G.**,

9

669 F.2d 1199, 1206 (8th Cir. 1982); **Jenson v Eveleth Taconite Company**, 130 F.3d 1287, 1293 (8th Cir. 1998)

   ACCEPTED____   REJECTED____

28. You may also decide whether the Plaintiff is entitled to the award of any punitive damages.  In a case like this one, you may consider whether acts or omissions of a Defendant, if you find them to have been proved, were so serious that the Defendant should pay a penalty so that in the future others will be deterred from engaging in the same conduct.  Whether you decide to award any punitive damages should be based on whether you find that a Defendant engaged in any one of the following things:
 1) Willful or malicious violations of the Plaintiff's constitutional rights;
 2) An intentional act by a Defendant in gross disregard of the Plaintiff's rights;
 3) Reckless disregard by a Defendant of whether or not he was violating the Plaintiff's rights.  If you find any of these three things to have been proven, then you should award punitive damages.  **Smith v. Wade**, 461 U.S. 30 (1983).

   ACCEPTED _____ REJECTED _____


**DEFAMATION**

29. A publication is defamatory if it is intended to harass the reputation of another so as to lower him or her in the estimation of the community or if it tends to deter third persons from associating or dealing with him or her. **Id.** at 485, 531 A.2d at 522; **Corabi v. Curtis Publishing Co.**, 441 Pa. 432, 273 A.2d 899 (1971)

   ACCEPTED____   REJECTED____


30. The court has found that the statements attributed Ms. Cappabianca concerning Rachel Polancy's sexual activity is capable of a defamatory meaning.

   ACCEPTED____   REJECTED____

31.  Under Pennsylvania law, in a cause of action claiming defamation, the Plaintiff must establish "(1) the defamatory character of the communication; (2) its publication by the defendant; (3) its application to the plaintiff; (4) an understanding by the reader or listener of its defamatory meaning; (5) an understanding by the reader of listener of an intent by the defendant that the statement refers to the plaintiff; (6) special harm resulting to the plaintiff from its publication; and (7) abuse of a conditionally privileged position." **Pennoyer v. Marriott Hotel Services, Inc.**, 324 F.Supp.2d 614, 618 (E.D.Pa.2004) (citing **Celemente v. Espinosa**, 749 F.Supp. 672, 677 (E.D.Pa.1990)(citing 42 Pa.C.S. § 8343(a)(1988))).

        ACCEPTED____       REJECTED____


32.  A plaintiff may succeed in a claim for defamation absent proof of special harm where the spoken words constitute slander per se. **Espinosa**, 749 F.Supp. at 677. **Clemente v. Espinosa**, 749 F.Supp. 672, 677 (E.D.Pa.1990) (citing 42 Pa. Cons.Stat. § 8343(a) (1988)). There are four categories of words that constitute slander per se: words that impute (1) criminal offense, (2) loathsome disease, (3) business misconduct, or (4) serious sexual misconduct. Id. (citing Restatement (Second) of Torts § 570 (1977)).

        ACCEPTED____       REJECTED____


33.  Claims based on oral defamation are referred to as slander. Slander actions are divided into two classifications, slander per quod and slander per se. **Agriss v. Roadway Express, Inc.**, 334 Pa.Super. 295, 483 A.2d 456, 469--70 (Pa.Super.1984). There are four categories of slander per se: "words that impute (1) criminal offense, (2) loathsome disease, (3) business misconduct, or (4) serious sexual misconduct." **Pennoyer**, 324 F.Supp.2d at 618 (citations omitted). All other claims based on defamatory words are classified as slander per quod. **Id.**

        ACCEPTED____       REJECTED____

    34.  A defendant who publishes a statement which can be considered slander per se is liable for the proven, actual harm that the publication causes. **Walker v. Grand Cent. Sanitation**, 430 Pa.Super. 236, 634 A.2d 237, 244 (1993). To show actual damages in a defamation claim, the plaintiff must show competent proof. **Sprague v. Am. Bar Ass'n**, 276 F.Supp.2d 365, 368 (E.D.Pa.2003)  Actual damages are divided into two types: general and special. **Id.** "General" damages typically flow from defamation, such as "impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering." **Id.**

        ACCEPTED____		REJECTED____

    35.  In determining if a plaintiff has demonstrated any loss to reputation, it must be measured by the perception of others, rather than that of the plaintiff himself because "reputation is the estimation in which one's character is held by his neighbors or associates." **Sprague**, 276 F.Supp.2d at 370.

        ACCEPTED____		REJECTED____

    36.  Evidence that a Plaintiff is " distraught, upset, and distressed," **Marcone v. Penthouse International Magazine**, 754 F.2d 1072, 1080 (3rd Cir.1985), or that she suffered "anger, humiliation, embarrassment, and fear." **Sprague**, 276 F.Supp.2d at 371, is sufficient to show "actual damages."

        ACCEPTED____		REJECTED____

**These Charges are from The Pennsylvania Bar Institute, Model Jury Instructions, last revision 1991, Section 1308.**

    37.  A person otherwise liable for publishing a communication which is defamatory of another is responsible for all harm which is suffered by the person defamed as a result of that publication.

        ACCEPTED____		REJECTED____

    38.  A communication is any act by which a person brings an idea to another's attention.  A communication may be made by speaking or by writing words or by any other act or combination of acts which result in bringing an idea to another's attention.

            ACCEPTED____          REJECTED____


    39.  A communication is defamatory of a person if it tends to so harm the reputation of that person to lower him in the estimation of the community or to deter third persons from associating or dealing with him.  Words are not defamatory merely because they are annoying or embarrassing to the person to whom the communication referred.

            ACCEPTED____          REJECTED____


    40.  A communication is defamatory if taken as a whole its implication is defamatory.  A communication is published when it is communicated to someone other than the person to whom it refers.

            ACCEPTED____          REJECTED____


    41.  If you find that the communication, even if it was defamatory of the plaintiff, was substantially true you will return a verdict in favor of the defendant and against the plaintiff.

            ACCEPTED____          REJECTED____


    42.  If you find that the communication was not substantially true and that it might reasonably have been understood by those, other than the plaintiff, to whom it was communicated, as defamatory of the plaintiff you may return a verdict in favor of the plaintiff and against the defendant.

            ACCEPTED____          REJECTED____

  43. If you find the communication, or any portion thereof, was defamatory and not substantially true, you must determine whether it caused actual injury to the plaintiff.  Actual injury can include impairment of reputation in the community, personal humiliation, mental anguish and suffering.

    ACCEPTED____    REJECTED____


  44. A false and defamatory communication is a cause of actual injury if it is a substantial factor in brining the injury about.  A false and defamatory communication is not a cause of actual injury if it has no communication or only an insignificant connection with the injury.

    ACCEPTED____    REJECTED____


  45. If you do so find in favor of the plaintiff and against the defendant you must also determine, for the purpose of damages of which I will later speak, whether the defendant acted intentionally, recklessly or negligently.

    ACCEPTED____    REJECTED____


  46. A person intentionally (publishes or makes) a defamatory communication when he knows that it is false.

    ACCEPTED____    REJECTED____


  47. A person recklessly publishes a defamatory communication when he does so with disregard for whether it is true or false, i.e., when he does so despite serious doubts about the truth of the communication or when he possesses a high degree of awareness of its probable falsity but publishes it anyway.  Serious doubt and/or the possession of a high degree of awareness of probable falsity may be inferred from relevant circumstantial evidence of the state of mind of the person who published the defamation.  Testimony by that person denying serious doubt and/or a high awareness of its probable falsity does not automatically defeat proof of recklessness, but rather is to be

weighed with all the other evidence of that person's state of mind.

        ACCEPTED____          REJECTED____


48.  A person negligently (publishes or makes) a defamatory communication when a reasonable person under the circumstances would not (publish or make) the communication; that is, where the person exhibits an absence of ordinary care and diligence in ascertaining the true facts.

        ACCEPTED____          REJECTED____


**DEFAMATION -- DAMAGES**

**These Charges are from The Pennsylvania Bar Institute, Model Jury Instructions, last revision 1991, Section 13.10 (Civ)**

49.  The plaintiff is entitled to be fairly and adequately compensated for all harm he suffered as a result of the false and defamatory communication published by the defendant.

        ACCEPTED____          REJECTED____


50.  The injuries for which you may compensate the plaintiff by an award of damages against the defendant include:
    1. the actual harm to be plaintiff's reputation which you find resulted from the defendant's conduct;
    2. the emotional distress, mental anguish, and humiliation which you find the plaintiff suffered as a result of the defendant's conduct (as well as the bodily harm to the plaintiff which you find was caused by such suffering);
    3. any other special injuries which you find plaintiff suffered as a result of the defendant's act.

        ACCEPTED____          REJECTED____

    51.  If you find that the defendant acted either intentionally or recklessly in publishing the false and defamatory communication you may presume that the plaintiff suffered both injury to his reputation and the emotional distress, mental anguish and humiliation such as would result from such a communication.  This means you need not have proof that the plaintiff suffered emotional distress, mental anguish and humiliation in order to award him damages for such harm because such harm is presumed by the law when a defendant publishes a false and defamatory communication with the knowledge that it is false or in reckless disregard of whether it is true or false.

        ACCEPTED____          REJECTED____

    52.  In determining the amount of an award for such presumed injury to the plaintiff's reputation and suffering of emotional distress, mental anguish, and humiliation by the plaintiff, you may consider the character and previous general standing and reputation of the plaintiff in his community.  You may also consider the character of the defamatory communication which the defendant published, its area of dissemination, and the extent and duration of the publication.  (If the defendant made a public retraction or apology to the person or persons to whom the publication was made, such fact together with the timeliness and adequacy of the retraction or apology is important in determining the probably harm to the plaintiff's reputation.)  (You may also take into account the defendant's unsuccessful assertion of the substantial truth of the defamatory communications as a matter likely to affect the plaintiff's reputation.)  You may also consider what the probably effect defendant's conduct had on the plaintiff's trade, business, or profession and the harm which may have been sustained by the plaintiff as a result thereof.)

        ACCEPTED____          REJECTED____

    53.  The motive and purpose of the defendant, his belief or knowledge of the falsity of the publication and the conduct of the plaintiff are not to be considered by you in determining the amount of the damages to which the plaintiff is entitled for the above stated items.  Such factors are only important to the question of whether you will award punitive damages against the defendant and if you choose to make such an award the amount thereof.
        ACCEPTED____          REJECTED____

```
                              Respectfully submitted,

                              s/ Edward A. Olds
                              Edward A. Olds, Esquire
                              Pa. I.D. No. 23601
                              Carolyn Spicer Russ
                              Pa. I.D. No. 36232
                              Richard S. Matesic
                              Pa. I.D. No. 72211

                              1007 Mount Royal Boulevard
                              Pittsburgh, PA 15223
                              (412) 492-8975
                              (412) 492-8978 (facsimile)
```

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 20, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James T. Marnen, Esquire
KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
120 West Tenth Street
Erie, PA 16501-1461

                                  S/ Edward A. Olds
                                  Edward A. Olds, Esquire