IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Richard P., by and for **R.P.**, and Denise L., by and for **K.L.**,<br><br>    Plaintiffs<br><br>v.<br><br>**SCHOOL DISTRICT OF THE CITY OF ERIE, PENNSYLVANIA** and **LINDA L. CAPPABIANCA**, Individually and in her Capacity as Assistant Principal of Strong Vincent High School,<br><br>    Defendants | Civil Action No. 03-390 Erie<br><br><br><br>**JURY TRIAL DEMANDED** |

## DEFENDANTS' POINTS FOR CHARGE

Defendants The School District of the City of Erie, Pennsylvania and Linda L. Cappabianca respectfully submit the following Defendants' Points for Charge.

1.    Defendant Erie School District is liable for plaintiffs' claims of sexual harassment if plaintiffs prove by a preponderance of the evidence that:

    First:    Plaintiffs were subjected to harassment because of plaintiffs' sex by the intentional conduct of other students consisting of conduct of a sexual nature in defendant's programs or activities, such as unwelcome sexual propositions and sexually derogatory language;

    Second:    This alleged conduct was so severe and pervasive, and offensive to a reasonable person of the same sex, that it effectively deprived plaintiffs of equal access to the educational opportunities or benefits provided by defendant Erie School District;

    Third:    Defendant Erie School District had actual knowledge of the alleged sexual harassment;

  Fourth: Defendant Erie School District acted with deliberate indifference to the known acts of harassment.

  Fifth: The deliberate indifference of defendant Erie School District caused plaintiffs to undergo additional harassment or made them more vulnerable to additional harassment.

> **3B Kevin F. O'Malley et al, Federal Jury Practice and Instructions §177.21 (5th Ed. 2001); Davis v. Monroe County Board of Education, 526 U.S. 629, 119 S.Ct. 1661, 1671-6 (1999).**

2. "Deliberate indifference" means that defendant Erie School District's response to alleged harassment or lack of a response was clearly unreasonable in light of all the known circumstances.

> **3B Kevin F. O'Malley et al, Federal Jury Practice and Instructions §177.35 (5th Ed. 2001)**

3. Erie School District is not liable for sexual harassment that was not caused by its own deliberate indifference to acts of sexual harassment.  Therefore, for example, Erie School District is not liable for the sexual assaults that consisted of coerced oral sex on Charles Bibbs and Anthony Kincaid, since there is no evidence that Erie School District was deliberately indifferent to sexual harassment and, as a result, plaintiffs were coerced into providing oral sex.

> **Davis, 119 S.Ct. at 1672.**

4. Erie School District did not have actual knowledge of sexual harassment and it did not act with deliberate indifference to known acts of sexual harassment unless an official of Erie School District with authority to institute corrective measures on behalf of Erie School

District had actual knowledge of and was deliberately indifferent to the sexual harassment.

        **Gebser v. Lago Vista Independent School District**, 524 U.S. 274, 118 S.Ct. 1989, 1999 (1998).

5.      Plaintiff Rachel Polancy has the burden of proving the elements of a defamation claim against defendant Linda Cappabianca.

      A communication is defamatory if it tends to so harm the reputation of a person as to lower him or her in the estimation of the community or to deter third persons from associating or dealing with him or her.

      If you find that defendant Cappabianca made a communication to Robin Johnson and Toni Northop that was defamatory and not substantially true, you must determine whether it caused actual injury to plaintiff Rachel Polancy. Actual injury can include impairment of reputation in the community, personal humiliation, mental anguish, and suffering.

      A false and defamatory communication is a cause of actual injury if it is a substantial factor in bringing the injury about. A false and defamatory communication is not a cause of actual injury if it has no connection or only an insignificant connection with the injury.

        **Pa.SSJI (Civ. 2003) 13.08**

       Respectfully submitted


       /s/ James T. Marnen_____
       James T. Marnen
       PA I.D. No. 15858
       KNOX McLAUGHLIN GORNALL &
       SENNETT, P.C.
       120 West 10th Street
       Erie, PA  16501
       General Tel:   814-459-2800
       Direct Dial Tel:  814-459-9886, ext. 203
       Fax:    814-453-4530
       E-mail:jmarnen@kmgslaw.com

       Attorney for Defendants,
       The School District of the City of Erie,
       Pennsylvania and Linda L. Cappabianca

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Richard P., by and for **RACHEL P.**, and Denise L., by and for **KRISTINA L.**, | ) ) ) | |
| Plaintiffs | ) ) | |
| v. | ) ) | |
| **SCHOOL DISTRICT OF THE CITY OF ERIE, PENNSYLVANIA** and **LINDA L. CAPPABIANCA**, Individually and in her Capacity as Assistant Principal of Strong Vincent High School, | ) ) ) ) ) ) | Civil Action No. 03-390 Erie |
| Defendants | ) ) ) ) | |
| | ) | **JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 20th day of January, 2006, a copy of the within document was served on all counsel of record and unrepresented parties in accordance with the applicable rules of court.

                                                      /s/ James T. Marnen
                                                      James T. Marnen

#653597