IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

RICHARD P. by and for          )      No. 03-390 Erie
RACHEL P. and DENISE L. by     )
and for KRISTINA L.,           )
                               )
          Plaintiffs,          )      Electronically Filed
                               )
          v.                   )      **Jury Trial Demanded**
                               )
SCHOOL DISTRICT OF THE CITY    )
OF ERIE, et al                 )
                               )
          Defendants.          )


**PLAINTIFF'S PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS**

Plaintiffs understand that the Court, by virtue of the partial summary judgment order entered in this case, determined that the School District cannot be liable for damages caused by the original sexual assault.

However, the original sexual assault is part of the sexual harassment suffered by Plaintiffs and is a circumstance, or occurrence, which the jury should be permitted to consider in connection with the question of whether the sexual harassment of Plaintiffs was severe, pervasive, and objectively offensive.

Therefore, Plaintiffs propose the following two additional jury instructions.


1. The first of the supplemental charges requested by Plaintiffs should appear in the section of the Court's charge concerning the question of "severe, pervasive, and objectively

offensive" element.    The Plaintiffs request that the following language appear in that section of the charge:

> For purposes of deciding this fact, you may consider the rape of the Plaintiffs which occurred at the laundromat across the street from the school in December 2001.  As I will discuss below, you may not consider that rape in connection with awarding damages to the Plaintiffs.

2.  The second proposed instruction should be given at a later point in the instructions.    It is appropriate that the issue decided by the Court in the partial summary judgment proceeding -- that the School District cannot be responsible for damages caused by the initial rape of Kristina and Rachel -- should be addressed in the portion of the charge concerning damages.    The following language should be included in the charge:

> The Court has determined that the School District could not have had actual knowledge of the events leading up to the rape so as to be responsible to prevent or stop it. Therefore, you may not award damages for injuries that flow solely from, or were caused solely by, that rape. You may only award damages for injuries that you find the Plaintiffs suffered stemming from conduct which occurred after the rape.   You may award such damages for any injuries sustained by the Plaintiffs if you find that the Defendant was deliberately indifferent to the December 2001 rape of Plaintiffs, or other subsequent harassment or assaults of the Plaintiffs.

It is important that these distinctions be made in the jury charge, if the jury is to understand the distinction between the liability issues and the damage issues.

Respectfully submitted,


 /s/ Edward A. Olds
Edward A. Olds, Esquire
Pa. I.D. No. 23601
Carolyn Spicer Russ
Pa. I.D. No. 36232
Richard S. Matesic
Pa. I.D. No. 72211

1007 Mount Royal Boulevard
Pittsburgh, PA 15223
(412) 492-8975
*Counsel for Plaintiff*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 27, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

James T. Marnen, Esquire
KNOX McLAUGHLIN GORNALL &
SENNETT, P.C.
120 West Tenth Street
Erie, PA 16501-1461

<u>S/ Edward A. Olds</u>
Edward A. Olds, Esquire