RICHARD P., by and for Rachel P., and Denise L.,
by and for Kristina L.
v.
SCHOOL DISTRICT OF THE CITY OF ERIE, *et al.*,

CIVIL ACTION NO. 03-390 ERIE

## FINAL INSTRUCTIONS TO THE JURY

I.

(INTRODUCTION)

Ladies and gentlemen, it is now my duty to tell you about the law that is to be applied to this case in which you will be the finders of fact. You have heard all of the arguments and all of the evidence, and it is my function to charge you on the law which you are required to consider and which will govern your deliberations.

For convenience, in the course of these instructions, Rachel P. and Kristina L. may be referred to as the plaintiffs, which is just the legal name for the people filing the law suit. The School District of the City of Erie and Linda L. Cappabianca may be referred to as the defendants, which is the legal name for the party against which a suit is filed.

In deciding these issues of fact, it is your duty, ladies and gentlemen, to follow these instructions. In doing so, you must take into consideration all of the instructions I give you, and not pick out any particular instruction and disregard another one. Your duty is to determine the facts from the evidence that has been produced in open court. You are to apply the facts as you find them to the law that I am giving you, and neither sympathy nor

prejudice should influence you in any way. Our system of law does not permit jurors to be governed by sympathy, prejudice or public opinion.

II.

(COURT IS NEUTRAL)

At the outset, you should understand that I am absolutely neutral in presenting these instructions to you. I will not give you my opinion about any issue of fact to be determined by you. Nothing in the way in which I give my instructions to you is intended as an expression of my opinion about any fact at issue in the case.

III.

(SUBSTANTIVE PRINCIPLES)

Ladies and Gentlemen, I will now instruct you on the substantive principles of law that govern the Plaintiffs' claims in this case.

Title IX, a law adopted by the United States Congress, provides that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." In certain situations, student-on-student sexual harassment, if sufficiently severe, can amount to a violation of Title IX by a school district. The Court has already concluded, as a matter of law, that Plaintiffs Rachel P. and Kristina L. were subjected to harassment because of their sex by the intentional conduct of other students. The Court has also concluded as a matter of law that this harassment was severe or pervasive, and offensive to a reasonable person of the Plaintiffs' sex. Therefore, in order for Plaintiffs to establish their Title IX claim against the Defendant Erie School District,

Plaintiffs have the burden of proving each of the following elements of their claim by a preponderance of the evidence.

First, Plaintiffs must prove by a preponderance of the evidence that the Defendant Erie School District had actual knowledge of the sexual harassment. The Erie School District is deemed to have had "actual knowledge" of the discrimination if you find that Ms. Cappabianca or Ms. Woods had knowledge of facts sufficiently indicating substantial danger to the Plaintiffs such that the institution can reasonably be said to be aware of the danger.

Second, Plaintiffs must prove by a preponderance of the evidence that the Defendant Erie School District acted with deliberate indifference to the known acts of harassment. A school district acts with "deliberate indifference" if the school district's response to alleged harassment, or lack of response to alleged harassment, is clearly unreasonable in light of all of the known circumstances. If a school district has actual knowledge that its efforts to correct known harassment are ineffective, the but school district persists in those efforts to no avail, the district has failed to act reasonably in light of the known circumstances.

Third, Plaintiffs must prove by a preponderance of the evidence that the alleged deliberate indifference of the Defendant Erie School District caused Plaintiffs to suffer harassment or made them more vulnerable to harassment and that the deliberate indifference of the Defendant Erie School District caused injury.

In addition to the Title IX claim asserted by both Plaintiffs against the Erie School District, Plaintiff Rachel P. has asserted a claim of defamation against Defendant Linda Cappabianca. A defendant who publishes a statement such as that allegedly attributed

to Defendant Cappabianca in this case is liable for the proven, actual harm that the statement causes.

To prevail upon her defamation claim, Plaintiff Rachel P. must first establish by a preponderance of the evidence that the alleged statement was actually made. Then, if you find that Defendant Cappabianca made the alleged communication to Robin Johnson and Toni Northrop, you must determine whether the statement caused actual injury to Plaintiff Rachel P. A false and defamatory communication is a cause of actual injury if it is a substantial factor in bringing the injury about. A false and defamatory communication is not a cause of actual injury if it has no connection or only an insignificant connection with the injury. Actually injury can include impairment of reputation and standing in the community, personal humiliation, and mental anguish and suffering.

If you conclude by a preponderance of the evidence that the statement was made and that it caused actual injury, you may award general damages such as is reasonable. In addition, if you find in favor of Plaintiff Rachel P. and against Defendant Cappabianca, you must also determine, for the purpose of damages of which I will later speak, whether Defendant Cappabianca acted intentionally or recklessly.

A person intentionally makes a defamatory communication when she knows that it is false.

A person recklessly makes a defamatory communication when she does so with disregard for whether it is true or false, i.e., when she does so despite serious doubts about the truth of the communication or when she possesses a high degree of awareness of its probable falsity but makes it anyway. Serious doubt and/or the possession of a high degree of awareness of probable falsity may be inferred from relevant circumstantial evidence of

the state of mind of the person who transmitted the defamation. Testimony by that person denying serious doubt and/or a high awareness of its probable falsity does not automatically defeat proof of recklessness, but rather is to be weighed with all the other evidence of that person's state of mind.

I will now also give you a few guidelines on how to deliberate upon the evidence you have heard.

IV.

(EVIDENCE)

As I told you at the beginning of this case, the evidence which you are to consider consists of the testimony of the witnesses and the exhibits offered and received into evidence. The proceedings during the trial have been governed by rules of law, and we have had a number of conferences to determine what evidence should be allowed to be submitted to you.

From time to time, it has been my duty to rule on evidence to be submitted, and you should not concern yourselves with the reasons for those rulings. You are not to consider any testimony or any exhibit to which I have sustained an objection, or any exhibit which may have been ordered stricken from the record, or which has not been introduced into evidence.

The attorneys and parties have argued very ably and thoroughly, and they have been well prepared; but their remarks, that is, what they said to you, is not evidence. They have argued to help you understand the facts and their respective theories of the case, but their arguments, again, are not evidence. You must consider as evidence only the testimony and exhibits. If you find that any argument, statement or remark of counsel has

no basis in the evidence, then you should disregard that argument, statement or remark. Similarly, if you find that anything I tell you about the facts is not based on the evidence, you should disregard that, too, because you are the finders of fact. It is up to me only to tell you what the law is.

V.

(BURDEN OF PROOF)

The next matter about which I will now instruct you is the applicable burden of proof. The burden of proof is a concept which you must understand in order to give the case proper consideration because a verdict cannot be based on speculation, guess or conjecture.

In civil cases such as this one, the plaintiff has the burden of proving those contentions that entitle him to relief by a preponderance of the evidence. Thus, the Plaintiffs carry the burden of proving, by a preponderance of the evidence, each of the elements that I have previously set forth for you.

The fair weight or preponderance of the evidence means evidence which has more convincing force when it is weighed against the evidence opposed to it so that the greater probability of truth lies therein. If we visualize evidence as something weighed on an ordinary balance scale, and if the evidence admitted in support of a claim made by the party having the burden of proof is more weighty in probative value than the evidence offered in opposition so that it tips the scales on the side of that party, then that party has proved the claim by the fair weight or preponderance of the evidence.

If, on the other hand, the evidence admitted in opposition to the claim of the party having the burden of proof outweighs or equally balances the evidence produced in

support of the claim, it can be said that there has been a failure to carry the burden of proof imposed by law.

It is important to note here that we speak of the quality of evidence, not necessarily its quantity. Also, all of the evidence admitted in support of, and in opposition to, a claim must be considered, and not just the evidence offered by the party having the burden of proof. In short, the test is not which side brings the greater number of witnesses or presents the greater quantity of evidence, but which witness or witnesses and which evidence you consider most worthy of belief. Even the testimony of one witness may outweigh that of many, if you have reason to believe his or her testimony in preference to their testimony.

VII.

(DIRECT & CIRCUMSTANTIAL EVIDENCE, INFERENCES)

In deciding the facts of this case, members of the jury, you should consider all of the evidence presented by the parties. Consideration of all of the evidence, however, does not mean that you must accept all of the evidence as true or accurate. In this connection, the evidence in the case consists of the sworn testimony of the witnesses, regardless of who may have called them; all exhibits received into evidence, regardless of who may have produced them; and all facts which have been admitted or stipulated by the parties.

There are two types of evidence which you may properly consider in deciding the issues of fact in this case. One type of evidence is called "direct evidence." Direct evidence is where a witness testifies to what he or she saw, heard or observed. In other words, when a witness testifies about what is known to him or her

of his or her own knowledge by virtue of a witness's senses - what he or she sees, feels, touches or hears - that is called direct evidence.

The other type of evidence is called "circumstantial evidence." Circumstantial evidence is evidence which tends to prove a disputed fact by proof of other facts, and I will give you an example of what the term "circumstantial evidence" means. Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella that was dripping wet. Somebody else then walked in with a raincoat that also was dripping wet. You cannot look outside of the courtroom to see whether it is raining, so you have no direct evidence of that fact. But, based on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining.

That is all there is to circumstantial evidence. You infer on the basis of reason, experience and common sense from an established fact, the existence or the non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence. As a general rule, the law makes no distinction between direct and circumstantial evidence. The law simply requires that, before making a finding of fact, the jury must be satisfied that fact has been proved by a preponderance of the evidence from all of the evidence in the case.

While you may consider only the evidence in the case in arriving at your findings of fact, you are permitted to draw such reasonable inferences from the testimony and exhibits of counsel, as you feel are justified in the light of common experience. An inference is not a suspicion or guess. A suspicion is a belief based on circumstances which do not amount to proof. A guess is speculation or conjecture. An inference, on the other hand, is a reasoned logical decision to conclude that a disputed fact exists on the basis of another fact that you know exists. In other words, you may reach conclusions which reason and common sense lead you to reach from the facts which have been established by a preponderance of the evidence in the case.

There are times when different inferences may be drawn from the facts, whether proved by direct or circumstantial evidence. Plaintiff will ask you to draw one set of inferences, while the Defendants will ask you to draw another. It is for you, and you alone, to decide what inferences you will draw.

If you find that the Defendants have destroyed documents or withheld evidence which they ought to have produced for this litigation, then, in certain instances, you may draw the inference that, if produced, that evidence would have been unfavorable to that Defendant. For this inference to apply, the evidence in question must have been within the Defendant's control, and it must appear that there has been an actual suppression or withholding of the evidence. No unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for.

## VIII.

## (DETERMINING CREDIBILITY)

Now, in deciding this case, members of the jury, you are required to pass on the credibility of witnesses. Credibility simply means believability. Your function is to decide what is believable, who is believable and how much weight to give it. In doing this, you use your common sense, your varied backgrounds and experiences, the usual indicators of truth that you use in your daily lives.

A witness's testimony depends on the witness's observation and perception of what he or she testifies to. It also depends on the witness's memory and what he or she experienced at the time, and the witness's ability to create that experience in court.

You may consider the degree of the witness's intelligence, the demeanor and appearance of the witness, the witness's frankness, his or her candor, the evasiveness or responsiveness, as well as the reasonableness or unreasonableness of the witness's testimony in light of all of the circumstances. **You may also consider any interest** or bias that might lead a witness to exaggerate, understate or otherwise color his or her testimony, such as a witness's interest in the outcome of the case or a bias or prejudice that a witness might have in favor of or against a party. This is not to suggest that the interest or bias of a witness would lead the witness to tell you a falsehood or color his or her testimony one way or the other, but bear these factors in mind in passing on the credibility or believability of every witness.

I charge you that if you find a witness has lied to you in any material portion of his or her testimony you may disregard that witness's testimony in its entirety. I say that you may disregard that testimony, not that you must. If you choose to disregard the testimony

of any witness because you believe that the witness has been untruthful with you, it must have been untruthfulness in a material portion of that witness's testimony. You must be careful, though, that the untrue part of the testimony was not a result of a mistake or inadvertence, but was, rather, willful and stated with a design or intent to deceive.

Regardless of whether a witness's testimony is untruthful by design or inadvertence, however, you may reject all or any portion of the testimony, as in the case of any witness, if the testimony is not believable by you. On the other hand, you may be convinced that, despite the falsity of a part of the witness's testimony, he or she, in other parts, testified truthfully.

Now, you may find inconsistencies in the evidence, even actual contradictions in the testimony of witnesses, although it does not necessarily mean that any witness has been willfully false. Poor memory is not uncommon. Sometimes a witness forgets. Sometimes he or she remembers incorrectly. It is also true that two persons witnessing the same incident may see it or hear it differently. If different parts of the testimony of any witness or witnesses appear to you to be inconsistent, you should try to reconcile the conflicting statements, whether of the same or different witnesses, and you should do so if it can be done fairly and satisfactorily. If, however, you find that there is a genuine and irreconcilable conflict in the testimony, it is your function and your duty to determine which, if any, of the contradictory statements you will believe.

IX.

(EXPERT WITNESSES)

You will recall that Dr. Schachner gave testimony as an expert. A witness who has special knowledge, skill, experience or training in a particular science, profession or

occupation may give his or her opinion as an expert on any matter in which that witness' skill, experience or training in the particular science, profession or occupation has been shown. In determining the weight to be given to an expert's opinion, you should consider his or her qualifications and reliability and the reasons given for the opinion. You are not bound by an expert's opinion merely because he or she is an expert. You may accept it or reject it as in the case of any other witness. Give it the weight, if any, you think it is entitled to.

In general, the opinion of an expert only has value when you accept the facts on which it is based. This is true whether the facts are assumed hypothetically by the expert, come from his or her personal knowledge, or come from some other proper source, or from any combination of sources.

X.

(DAMAGES - TITLE IX)

I will now instruct you on the law as it relates to damages. The fact that I am instructing you as to the proper measure of damages should not be considered as intimating any view of mine as to which party is entitled to your verdict in this case. Instructions as to the measure of damages are given for your guidance, in the event you should find in favor of the Plaintiffs from a preponderance of the evidence in this case in accordance with the other instructions. Plaintiffs are not required to prove their damages by mathematical certainty, but they do have the burden of proving their entitlement to damages by a preponderance of the evidence.

You may award damages on Plaintiffs' Title IX claim only if you find in favor of the Plaintiffs as to that claim. You will not consider damages unless you find that the Erie

School District is liable to the Plaintiffs. If you find for the Plaintiffs on their sexual harassment claim, you may award them compensatory damages. Compensatory damages include compensation for any emotional pain, suffering, inconvenience, mental anguish, and loss of the enjoyment of life that Plaintiffs suffered as a result of the deliberate indifference of the Defendant Erie School District to the harassment suffered by the Plaintiffs. Of course, for items such as these, there is not, and cannot be, a fixed measurement. It is measured by the character, nature and extent of the injuries as shown by the evidence. It is not compensation from a sentimental or benevolent standpoint, but an amount that would be the most reasonable amount of compensation under the circumstances shown by the evidence. You should consider all of the facts and circumstances in evidence, and give to each Plaintiff the amount that you believe will equitably, fairly and justly compensate them for these damages.

As I have previously stated, the Court has determined that the Erie School District could not have had actual knowledge of the events leading up to the December 19, 2001 rape that occurred at the laundromat. Therefore, you may not award damages for injuries that flow solely from, or were caused solely by, that rape. Rather, you may only award damages for injuries that you find the Plaintiffs suffered stemming from conduct which occurred after the rape. However, in determining the amount of damages, if any, which you may find the Plaintiffs entitled to as a result of the harassment experienced after December 19, 2001, you may consider whether any such damages were exacerbated by virtue of the Plaintiffs' psychological condition as a result of the December 19, 2001 rapes.

XI.

(DAMAGES - DEFAMATION)

Similarly, you may award damages to Plaintiff Rachel P. on her defamation claim only if you find in her favor on that claim. If you find that Rachel P. was defamed, then she is entitled to be fairly and adequately compensated for all harm she suffered as a result of the false and defamatory communication published by Defendant Cappabianca. The injuries for which you may compensate the Plaintiff by an award of damages include: 1) the actual harm to Rachel P.'s reputation which you find resulted from Defendant Cappabianca's conduct; 2) the emotional distress, mental anguish, and humiliation which you find that Rachel P. suffered as a result of Defendant Cappabianca's conduct; and 3) any other special injuries which you find that Rachel P. suffered as a result of Defendant Cappabianca's conduct.

In determining the amount of an award for such presumed injury to Rachel P.'s reputation, you may consider her character and previous general standing and reputation in her community. You may also consider the character of the defamatory communication which Defendant Cappabianca allegedly made, its area of dissemination, and the extent and duration of the publication.

Finally, in addition to the damages mentioned above, the law permits the jury in certain circumstances to award the injured person punitive damages in order to punish a defendant for some extraordinary misconduct and to serve as an example or warning to others not to engage in such conduct. Here, if you find that Defendant Cappabianca demonstrated "actual malice" in making the defamatory statement about Rachel P., you may award punitive damages against Defendant Cappabianca. In order to prove "actual malice," Rachel P. must demonstrate that Defendant Cappabianca published the

defamatory communication with the knowledge that it was false or in reckless disregard of whether it was true or false.

If you find that Defendant Cappabianca acted with actual malice in publishing the defamatory communication, it is your job to fix the amount of punitive damages to be awarded to Rachel P. and against Defendant Cappabianca. In doing so, you may consider any or all of the following factors: the character of the defendant's act; the nature and extent of the harm to the plaintiff caused by the defendant; and the wealth of the defendant insofar as it is relevant in fixing an amount that will punish her and deter her and other individuals from similar conduct in the future.

The amount of punitive damages awarded, if any, must not be the result of passion or prejudice against the defendant. The sole purpose of punitive damages is to punish the defendant's allegedly outrageous conduct and to deter the defendant and others from similar acts.

XII.

(COURT IS NEUTRAL; JURY AS FINDER OF FACTS)

As I mentioned at the beginning of the case, the court is entirely neutral about the outcome of the case. I do not want you to think that anything I have said, any instruction I have given you, any ruling I may have made on the evidence, or any statement I have made either to counsel or to you, implies that I have any position in this case at all, other than to give you fairly the law that you are required to apply, and to rule fairly and impartially on the evidence that has been submitted to you. I have absolutely no interest in how this case resolves itself, only in the procedure by which it is done.

As I told you before, it is for you, and you alone, to determine the facts of the case and the credibility of each witness. If your recollection of the testimony varies with any statements that are inadvertently made by me or counsel for any party in reviewing the testimony, you have to be guided by your own memory and your recollection of the testimony. You determine the facts from all of the testimony that you have heard, and the other evidence which has been received during the trial. Neither I nor anyone else may infringe on your responsibility as the sole judges of the facts. On the other hand, and of equal importance, you must accept the rules of law as I give them to you and apply those rules to the facts of the case.

XIII.

(JURY'S CONDUCT DURING DELIBERATIONS)

Ladies and gentlemen, I am going to instruct you on your deliberations, what you are to do when you retire to the jury room. First, the attitude and conduct of the jury at the outset of the deliberations are matters of considerable importance. When you retire to the jury room for your deliberations, they should proceed in an orderly way. The first order of business in the jury room will be to select one of you to act as foreperson. You are free to select any one of you to act in that capacity. The foreperson will preside over your deliberations and will speak for you here in court, should that become necessary. One more thing about the foreperson. The fact that somebody is a foreperson does not mean that his or her vote is entitled to any greater weight than the vote of any other juror.

Now, in the course of your deliberations, if you should find yourself in doubt concerning any part of my instructions to you about the law, you may request further instructions. In that event, you should transmit a note, signed by the foreperson, to me

through my courtroom deputy. Nobody should try to communicate with the court by means other than a signed writing. I will not communicate with any juror on any subject relating to the merits of the case except in writing or orally here in court with all counsel present.

You should not, at any time, reveal, even to the court, how you stand numerically until you have reached a verdict. Your responsibility to reach a fair conclusion from the evidence and the applicable law is an important one. Your verdict should be reached only after careful and thorough deliberations during which you should consult with each other and discuss the evidence and the reasonable inferences to be drawn from the evidence freely and fairly in a sincere effort to arrive at a just verdict.

It is your duty to consider the evidence with a view toward reaching agreement on a verdict if you can do so without violating your individual judgment and conscience. You must decide the case for yourself, examining the issue in evidence with candor and frankness, and with proper deference to and with regard to the opinion of each other. Mature consideration requires that you be willing to re-examine your own views and to change your opinions if you are convinced that your opinions lack merit or validity. On the other hand, while you may maintain this flexibility, no juror is required to surrender his or her honest conviction as to the weight or effect of the evidence because another juror's opinion differs from his or hers, or for the mere purpose of returning a verdict.

The verdict must represent the considered judgment of each juror. In order to return a verdict, it is necessary that each juror agree thereto. Your verdict must be unanimous.

Keep in mind that the dispute between the parties in this case is for them a most serious matter. They and the court rely on you to give full and conscientious deliberation and consideration to the issues and evidence before you. You should not allow prejudice

or sympathy to influence your deliberations. You should not be influenced by anything other than the law and the evidence in the case. All of the parties stand equal before this Court, and each is entitled to the same fair and impartial treatment at your hands.

Case 1:03-cv-00390-SJM    Document 120    Filed 01/30/2006    Page 18 of 18