NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-4570

———————

RICHARD P. by and for Rachel P., and DENISE L., by and for Kristina L.,
<u>Appellants</u>
vs.

SCHOOL DISTRICT OF THE CITY OF ERIE, PENNSYLVANIA;
JANET WOODS, individually and in her capacity as Principal of
Strong Vincent High School; LINDA L. CAPPABIANCA, individually
and in her capacity as Assistant Principal of Strong Vincent High School*,

*(Amended pursuant to Clerk's Order of 1/19/07)

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 03-390 )
District Judge:   Honorable Sean J. McLaughlin

———————

Submitted Under Third Circuit L.A.R. 34.1(a)
November 1, 2007
Before:   RENDELL, WEIS and NYGAARD, <u>Circuit</u> <u>Judges</u>.
Filed: November 19, 2007

———————

<u>OPINION</u>

———————

WEIS, Circuit Judge.

Plaintiffs brought suit under 42 U.S.C. § 1983 and Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, et. seq., against the School District of the City of Erie, Pennsylvania, and the principal and assistant principal of Strong Vincent High School, Janet Woods and Linda L. Cappabianco respectively. The two female student plaintiffs alleged that defendants failed to stop them from being continually harassed by other students. The District Court granted the defendants' motion for judgment on the pleadings with respect to the § 1983 claims against the individual defendants.

The remaining claims under Title IX were tried to a jury. After a six-day trial, the Court submitted special interrogatories to the jury, inquiring whether the school district "had actual knowledge of the harassment of plaintiff[s] . . . by other students after the December 19, 2001 rapes." The jury answered "No." As a result, the District Court entered judgment for defendants on the plaintiffs' Title IX claims. A motion for a new trial was denied and plaintiffs appealed.

Plaintiffs contend that the District Court's charges to the jury on "actual knowledge" and the effect of untruthfulness were erroneous. We have reviewed the instructions and conclude that they did not contain reversible error. The district judge's refusal to adopt the text of the plaintiffs' points for charge and his decision to use the Court's version was not error. See Posttape Assocs. v. Eastman Kodak Co., 537 F.2d 751, 757 (3d Cir. 1976). The jury instructions "taken as a whole, properly apprise[d] the jury of the issues and the applicable law." Limbach Co. v. Sheet Metal Workers Int'l

Ass'n, 949 F.2d 1241, 1259 n.15 (3d Cir. 1991).

Plaintiffs assert that defense counsel made statements during his closing argument that prejudiced plaintiffs to the extent that a new trial is required. We do not agree. Although some of the remarks were quite spirited, they did not cross the line into impermissible territory. See Forrest v. Beloit Corp., 424 F.3d 344, 351 (3d Cir. 2005) (a new trial will be granted for improper statements of counsel only where it is "'reasonably probable' that the verdict was influenced" by the prejudice the statements caused.)

We also conclude that the District Court did not err when it granted the defendants' motion for judgment on the pleadings with respect to the plaintiffs' § 1983 claims for violation of their Fourteenth Amendment rights. The District Court correctly concluded that, as a matter of law, the plaintiffs' § 1983 claims were subsumed by their Title IX claims. See Pfeiffer v. Marion Ctr. Area Sch. Dist., 917 F.2d 779, 789 (3d Cir. 1990). Further, the plaintiffs' § 1983 claims are undermined by the jury's finding of fact that there was no basis for the Title IX claims.

Accordingly, the judgment of the District Court will be affirmed.